FILED
KENNETH J. MURPHY
CLERK

03 OCT 14 AM 9:18

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI



FILED

OCT 14 2003

KENNETH J. MURPHY, Clerk
CINCINNATI, OHIO

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MILDRED W. FINCH, et al. | ) CASE NO. C-1-02-132 |
| Plaintiffs, | ) JUDGE SANDRA S. BECKWITH |
| v. | ) |
| GEORGE FIORINI, et al., | ) DEFENDANT SANITEC LTD'S CONSOLIDATED (1) MEMORANDUM IN OPPOSITION TO PLAINTIFFS' |
| Defendants. | ) MOTION FOR CERTIFICATION OF REVISED CLASS; AND (2) MOTION FOR SANTIONS AGAINST COUNSEL FOR PLAINTIFFS |

Defendant, Sanitec Ltd., by and through undersigned counsel, respectfully submits the instant Consolidated: (1) Memorandum in Opposition to Plaintiffs' Motion for Certification of Revised Class; and (2) Motion for Sanctions against Counsel for Plaintiffs. As more fully set forth below and in Sanitec, Ltd.'s previously filed Memorandum in Opposition to Plaintiffs' Motion for Redefinition of Class, the Court should deny Plaintiffs' Motion as the proposed revised class contained in Plaintiffs' Motion for Certification of Revised Class is once again inconsistent with the definitions and procedures contemplated by the Memorandum of Understanding anticipated to be executed by the parties to this matter which would resolve a large portion of the claims of the Plaintiff Class. This Court scheduled a status conference for October 30, 2002 to discuss the status of the Memorandum of Understanding and its concomitant settlement.

As the Court is fully aware, the instant matter was originally filed on February 25, 2002. Accordingly, this matter has been pending before the Court for over a year and a half. Despite this significant amount of time, counsel for Plaintiffs has still not been able to properly define the class of Plaintiffs for the matter. This fact was recognized by the Court when it issued its Order on August 19, 2003 decertifying the previously certified class of plaintiffs and denying Plaintiffs' motion to redefine the Plaintiffs' Class.

Plaintiffs' most recent filings further demonstrate class counsel's inability to understand his own case. On August 25, 2003 (only six days after the Court issued the above-referenced Order), Plaintiffs filed their Motion for Certification of Revised Class. However, three weeks later, while their Motion was still pending (and unopposed for lack of service on counsel as set forth below), the Plaintiffs filed an "Amendment to Motion for Certification of Revised Class." Apparently, nineteen months after Plaintiffs filed the instant action, counsel for Plaintiffs is still unable to properly define the class of investors.

As previously discussed with the Court, the parties to this matter as well the parties to over ten other lawsuits pending around the country are still in continuing discussions and negotiations regarding the resolution of the various matters. The MOU anticipated to be executed between the parties contemplates the establishment of a "Guardian Subclass" and a "Fiorini Subclass." The "Guardian Subclass" would include "those persons who are defined as Investors in Guardian Investments, LLC, either directly or through funds solicited by George Fiorini and delivered to Guardian Investments, LLC, or a subsidiary or predecessor-in-interest of Guardian Investments, LLC." The "Fiorini Subclass" shall include "those persons who placed funds with George Fiorini and whose money was not paid over to Guardian Investments, LLC or a subsidiary or predecessor-in-interest of Guardian Investments, LLC." The MOU further

contemplates that, upon execution of a formal settlement agreement, the Parties shall request this Court to certify a class or subclass of investors consistent with the sub-classes identified above.

The proposed definition contained in the Motion for Certification of Revised Class does not appear to be consistent with the definitions and procedures contemplated by the MOU. First, the proposed redefinition is limited to "[r]esidents of Ohio, Kentucky, and Indiana" with no justification as to why such a limitation is proper.

Sanitec, Ltd. respectfully submits that the Court should deny Plaintiffs' Motion for Certification of Revised Class or, at a minimum, defer ruling on Plaintiffs' Motion to allow the various parties additional time to finalize the MOU. After an MOU is executed, the Parties would request further Court involvement in order to obtain approval of a formal settlement agreement and to approve the subclasses contemplated by the MOU.

Sanitec, Ltd. further requests that the Court sanction Plaintiffs' counsel for purposely violating Disciplinary Rule 7-104 which prohibits an attorney from communicating directly with another party who he or she knows to be represented by counsel. Counsel for Plaintiffs is fully aware of the fact that Sanitec, Ltd. is represented by the undersigned and that the Court has never permitted the undersigned to withdraw as counsel for Sanitec, Ltd. Nonetheless, counsel for Plaintiffs sent Plaintiffs' Motion for Certification of Revised Class directly to Sanitec, Ltd. without providing the undersigned counsel a copy of the pleading. Once can only assume that this was done to obtain the strategic advantage of having the Motion remain unopposed before the Court. Such conduct is improper and should be sanctioned within the Court's authority to sanction improper and frivolous conduct.

## CONCLUSON

For all of the foregoing reasons, Sanitec, Ltd. respectfully requests that the Court deny Plaintiffs' Motion for Certification of Revised Class and Sanction Plaintiffs' counsel for improperly failing to serve Sanitec, Ltd.'s counsel with a copy of Plaintiffs' Motion and, instead, communicating with Sanitec, Ltd. directly by serving the Motion on Sanitec, Ltd. directly.

Respectfully submitted,

John R. Climaco (0011456), Trial Attorney
email: jrclim@climacolaw.com
David M. Cuppage (0047104)
email: dmcupp@climacolaw.com
Scott D. Simpkins (0066775)
email: sdsimp@climacolaw.com
Climaco, Lefkowitz, Peca,
Wilcox & Garofoli Co., L.P.A.
Suite 900, The Halle Building
1228 Euclid Avenue
Cleveland, Ohio 44115
Telephone: (216) 621-8484
Facsimile: (216) 771-1632


Joseph M. Hegedus (0055621) /sps/
email: jmhege@climacolaw.com
Matthew B. Baker (0075441)
email: mbbake@climacolaw.com
Climaco, Lefkowitz, Peca,
Wilcox & Garofoli Co., L.P.A.
175 South Third Street, Suite 820
Columbus, Ohio 43215
Telephone: (614) 461-6677
Facsimile: (614) 461-6974

Attorneys for Defendant Sanitec, Ltd.

## CERTIFICATE OF SERVICE

A copy of the foregoing Memorandum in Opposition to Plaintiffs' Motion for Certification of Revised Class has been sent via regular U.S. mail, properly addressed and postage prepaid this 10th day of October, 2003 to the following:

William Bernard Singer
1 Lytle Place
621 E. Mehring Way
Suite 1609
Cincinnati, OH 45202

Stephen R. Ventre
DBA Guardian Investments LLC
3940 Olympic Blvd., Suite 400
Erlanger, KY 41018

David J. Cutshaw
Irwin B. Levin
Cohen & Malad
136 N. Delaware Street
Indianapolis, IN 46206-0627

Thomas L. Blackburn
136 N. Delaware Street
P.O. Box 627
Indianapolis, IN 46206

George Fiorini
The Fiorini Agency
7641 Wesselman Road
Cleves, OH 45001

Patrick John Hanley
214 East Fourth Street
Covington, KY 41011

William J. Moran, Jr.
125 East Court Street
Suite 950
Cincinnati, OH 45202

_____
Scott D. Simpkins