FILED
JAMES BONINI
CLERK

03 DEC -8 PM 1:27

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | | |
|---|---|---|
| MILDRED W FINCH et. al. | : | Case No. C-1-02-132 |
| individually and as representatives | | |
| of a class consisting of residents of | | |
| Ohio, Kentucky, and Indiana | : | ( Judge Beckwith) |
| who at various times purchased | | |
| through Defendant George Fiorini | : | |
| and others promissory notes issued | | |
| by Guardian Investments LLC | : | |
| | | |
| Plaintiffs | : | |
| V. | | |
| | : | MOTION FOR JUDGMENT |
| GEORGE FIORINI, DBA | | ON DEFAULT AGAINST |
| THE FIORINI AGENCY, et. al. | : | DEFENDANT TERRANCE |
| | | LEE QUATKEMEYER |
| Defendants | : | |

Entry of default having been made herein by the Clerk on November 25, 2003, Plaintiffs hereby move for judgment by default in their favor against the Defendant Terrance Lee Quatkemeyer/ aka Terry Quinn, in accordance with the Second Amended Complaint

MEMORANDUM

The Second Amended Complaint (document 55) was filed herein by leave of Court on March 20, 2003. Service was obtained upon the Defendant Terrance Lee Quatkemeyer aka Terry Quinn, by certified mail in accordance with the Ohio Rules of Civil Procedure on March 24, 2003 at the address listed in the caption of the Second Amended Complaint. The Defendant Quatkemeyer/Quinn has never entered an appearance in this action or responded in any way to the Second Amended Complaint.

The principal relief demanded by the Plaintiffs and the Plaintiff Class against the said Defendant is stated in the prayer of the Second Amended Complaint as " the

imposition of a constructive trust upon the stock and assets of Sanitec Ltd.; "the imposition of a constructive trust on any money or property in the hands of the defendants, posesssion of which is derived from funds obtained from the Plaintiff Class by the defendants" Since the defendant Quatkemeyer/Quinn is now in default, Plaintiffs are entitled to have the Court order the imposition of a constructive trust upon any money or property in the hands of the said defendant, whose posession of which is derived from funds obtained from the Plaintiff Class by the Defendants. Plaintiffs are further entitled to have this Court determine, by way of said default judgment, that all facts pleaded in the Second Amended Complaint against the defendant Quatkemeyer are admitted by him and conclusively established as a matter of law in this litigation.

Respectfully submitted,

William B. Singer (0019323)
Trial Attorney for Plaintiff
621 E. Mehring Way, #1609
Cincinnati, Ohio 45202
(513) 721-0778

CERTIFICATE OF SERVICE

I certify that copies of the foregoing Motion was served by ordinary mail upon George Fiorini dba The Fiorini Agency, 7641 Wesselman Road, Cleves, Ohio 45001; Patrick J. Hanley, Esq. attorney for Steven R. Ventre and Guardian Investments LLC, 214 E. 4TH Street Covington, Kentucky 41011; upon Richard J. Oparil Esq. Counsel of record for Sanitec Ltd. Patton Boggs LLP, 2550 M.Street NW, Suite 500, Washington DC, 20037-1350 on the _____ day of December 2003.