UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MILDRED W. FINCH, *et al.*, | ) | CASE NO. 1:02 CV 132 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE SANDRA S. BECKWITH |
| vs. | ) | |
| | ) | MEMORANDUM IN SUPPORT |
| GEORGE FIORINI, DBA FIORINI | ) | OF MOTION OF DEFENDANT |
| AGENCY, *et al.*, | ) | SANITEC, LTD. TO DISMISS |
| | ) | PLAINTIFF'S SECOND |
| Defendants. | ) | AMENDED COMPLAINT |

## BACKGROUND

For purposes of a motion to dismiss, the well-pleaded allegations of a complaint are deemed to be true. Finch filed this action on February 25, 2002. (Docket No. 1). The complaint asserted two claims: (1) securities fraud under section 10(b) of the Securities & Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Rule 106-5 (17 C.F.R. § 240.106-5), and (2) civil liability under the Racketeer Influenced and Corrupt Organization Act ("RICO") (18 U.S.C. § 1962). Finch subsequently filed or sought to file a series of amended complaints.[1] The operative pleading is the Second Amended Complaint, filed March 20, 2003 (Docket No. 55).

Finch has not asserted in the operative pleading any factual allegation that Limited engaged in fraudulent or wrongful conduct. Finch instead alleges that defendants George Fiorini

---

[1] *See* Docket Nos. 3 (First Amd. Compl., Apr. 5, 2002); 10 (Second Amd. Compl., June 3, 2002); 14, 25 (Motion for Leave to File Third Amd. Compl., June 11 & 24, 2002); 47 (Motion for Leave to File Second Amd. Compl., Dec. 26, 2002); 49 (Motion for Leave to File Second Amd. Compl., Feb. 10, 2003); 52 (Second Motion for Leave to File Second Amd. Compl., Mar. 3, 2003). The last motion was granted by the Court on March 20, 2003 (Docket No. 54).

{461430:}

("Fiorini"),[2] Stephen Ventre ("Ventre") and Terrance Lee Quatkemeyer a/k/a Terry Quinn ("Quatkemeyer"), engaged in a scheme to defraud investors in promissory notes of IGW Trust, Standard Trust and Guardian Investments LLC ("Guardian"). Finch alleges that investors' funds were made available to Quatkemeyer to supply a lavish lifestyle and to make personal investments, including the acquisition of Limited. (Second Amd. Compl. ¶ 16). The Second Amended Complaint alleges (¶ 19) mail and wire fraud as the predicate acts for the RICO claim.

Not only does the Second Amended Complaint fail to assert any facts showing wrongdoing on the part of Limited itself, it also fails to plead the securities fraud and RICO allegations with the requisite specificity.[3]

## ARGUMENT

I.   **FINCH'S SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST LIMITED.**

In considering a motion to dismiss, the District Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *See, e.g., Beztak Land Co. v. City of Detroit*, 298 F.3d 559, 565 (6th Cir. 2002); *Herrada v. City of Detroit*, 275 F.3d 553, 556 (6th Cir. 2001). "When deciding a motion to dismiss pursuant to [Rule 12(b)(6)], the Court may look only to the facts alleged in the complaint and its attachments." *Bonavitacola Elec. Contr., Inc. v. Boro Developers, Inc.*, 2003 U.S. Dist. Lexis 2190 at *4 (E.D. Pa. Feb. 12, 2003). Finch's operative complaint does not state any claim against Limited upon which relief may be granted and should be dismissed.

---

[2]   Fiorini filed for Chapter 7 bankruptcy protection on November 30, 2003. (Case No. 03-BK-19177).

[3]   On December 4, 2003, Limited's counsel wrote to Finch's counsel stating that (1) the Second Amended Complaint was fatally defective as to Limited; (2) there was no good faith basis to oppose a motion to dismiss; and (3) Finch should stipulate to a voluntary dismissal as to Limited. (Ex. A). On December 7, 2003, Finch's counsel rejected Limited's request. (Ex. B).

{461430:}                                    2

"Under the liberal pleading standards of the Federal Rules of Civil Procedure, absence of any factual allegation against a named defendant will entitle that defendant to have the complaint dismissed as to him." *Clark v. Sierra*, 837 F. Supp. 1179, 1182 (M.D. Fla. 1993). *See also Polk v. Montgomery County, Md.*, 548 F. Supp. 613, 614 (D. Md. 1982).[4]

Nowhere in the Second Amended Complaint does Finch allege that Limited engaged in securities fraud. Finch instead expressly alleges that Fiorini, Ventre and Guardian -- acting as the agent of Quatkemeyer -- defrauded investors. Finch does not allege that Limited or its officers or agents engaged in fraudulent conduct. Moreover, Finch did not allege that the individual defendants Fiorini, Ventre, and Quinn acted as the agent of Limited. Thus, there is no securities law violation alleged as to Limited.

Also missing from Finch's Second Amended Complaint is any allegation that Limited engaged in a RICO violation.[5] Once again, Finch alleges that Fiorini, Ventre and Guardian acted as agents for Quatkemeyer. Having asserted no basis to impose RICO liability on Limited, that claim also should be dismissed.

II.    **FINCH'S SECOND AMENDED COMPLAINT VIOLATES RULE 9(b).**

Rule 9(b) provides that:

---

[4] The *Polk* case, a section 1983 action, is instructive. Other than the caption, the only mention of defendant Young by name was in one paragraph of the complaint in which he is identified as an county employee. The District Court found that the ":absence of any allegations that Sheriff Young was personally involved in Ms. Polk's arrest and imprisonment is fatal to the complaint as it relates to defendant Young." 548 F. Supp. at 614. The District Court further ruled that "[t]he broad conclusory allegations that defendants were all part of a conspiracy or that each participated in the wrongful conduct, unsupported by specific factual averments relating to defendant Young's alleged involvement is insufficient to state a cause of action against defendant Young." *Id.* The complaint was dismissed as to defendant Young.

[5] The only subsection of the RICO statute cited by Finch in the complaint is section 1962(b), which provides that "[it] shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Both securities fraud and RICO allegations must be pled with specificity. *See, e.g., Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 491 (6th Cir. 1990); *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001); *North Bridge Assocs., Inc. v. Boldt*, 274 F.3d 38, 43 (1st Cir. 2001); *Bonavitacola Elec. Contr., Inc.*, 2003 U.S. Dist. Lexis 2190 at *18. To meet the Rule 9(b) standard, a complaint must set forth the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff -- *i.e.*, plaintiff must plead the "who, what, when, where and how" of the alleged fraud. *See, e.g., Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir.), *cert. denied*, 528 U.S. 874 (1999); *Calderon v. Southwestern Bell Mobile & Video, Inc.*, 2003 U.S. Dist. Lexis 18257 at *13-14 (N.D. Ill. Oct. 8, 2003); *Gulf Coast Dev. Group, LLC v. Lebror*, 2003 U.S. Dist. Lexis 21740 at *21 (S.D.N.Y. Dec. 3, 2003); *Bonavitacola Elec. Contr., Inc.*, 2003 U.S. Dist. Lexis 2190 at *18.

Finch's Second Amended Complaint does not even come close to meeting the requisite pleading standard. Finch does not allege **any** factual circumstances surrounding a purchase of the promissory note or notes that are the subject matter of the complaint. Nor does Finch even try to allege with specificity Limited's supposed role in the alleged fraud and racketeering activity. Having failed to plead the two claims with specificity, the Second Amended Complaint should be dismissed.

### III.    FINCH'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE.

Over the course of the nearly two years that this case has been pending, Finch has filed or attempted to file multiple pleadings. Finch has had numerous opportunities to try to remedy any

omissions or defects in her complaint. She has not done so. Consequently, not only should the current version of the complaint be dismissed as to Limited, but Finch not be permitted yet another bite at the apple. *See, e.g., United States v. Community Health Sys., Inc.*, 342 F.3d 634 (6th Cir. 2003) (dismissal appropriate where there is repeated failure to cure deficiencies by amendments previously allowed); *Boldt*, 274 F.3d at 44 (no opportunity to re-plead where complaint does not present "specific allegations" of additional mail or wire fraud episodes whose details could be expected to be exclusively within the defendants' knowledge and it is not simply details that plaintiffs lack, but the substance of a RICO claim). The dismissal here should be with prejudice.

## CONCLUSION

For all the foregoing reasons, Limited's motion to dismiss the Second Amended Complaint with prejudice should be granted.

Respectfully submitted,

/s/Dan L. Makee
DAN L. MAKEE (0029602)
Trial Attorney
McDonald Hopkins Co., LPA
2100 Bank One Center
600 Superior Avenue, East
Cleveland, Ohio 44114-2653
Telephone: (216) 348-5400
Facsimile: (216) 348-5474
E-Mail:    dmakee@mcdonaldhopkins.com

Of Counsel:  /s/Richard J. Oparil
RICHARD J. OPARIL (D.C. Bar No. 409723)
Admitted Pro Hac Vice (11/19/03)
Patton Boggs LLP
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315
E-Mail: roparil@pattonboggs.com

Attorneys for Defendant Sanitec, Ltd.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **Memorandum in Support of Motion of Defendant Sanitec, Ltd. to Dismiss Plaintiff's Second Amended Complaint** was filed electronically with this Court on this 12th day of December, 2003 and that all parties will be served via the Court's electronic filing system.

/s/Dan L. Makee
DAN L. MAKEE (0029602)
McDonald Hopkins Co., LPA

An Attorney for Defendant Sanitec, Ltd.

{461430:}