UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **MILDRED W. FINCH,** *et al.*, | ) | CASE NO. 1:02 CV 132 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE SANDRA S. BECKWITH |
| vs. | ) | |
| | ) | |
| **GEORGE FIORINI, DBA FIORINI** | ) | OPPOSITION OF DEFENDANT |
| **AGENCY,** *et al.*, | ) | SANITEC, LTD. TO PLAINTIFFS' |
| | ) | RENEWED MOTION FOR |
| Defendants. | ) | CLASS CERTIFICATION |

Defendant, Sanitec, Ltd. ("Limited"), opposes the renewed motion of plaintiff, Mildred W. Finch ("Finch"), to certify this action as a class action. Finch has not met the Fed. R. Civ. P. 23(a)(4) requirement for certification.

## BACKGROUND

Finch filed this action on February 25, 2002. (Docket No. 1). The complaint asserted two claims: (1) securities fraud under section 10(b) of the Securities and Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Rule 106-5 (17 C.F.R. § 240.106-5), and (2) civil liability under the Racketeer Influenced and Corrupt Organization Act ("RICO") (18 U.S.C. § 1962). Finch subsequently filed or sought to file a series of amended complaints.[1] The operative pleading is the Second Amended Complaint, filed March 20, 2003 (Docket No. 55).[2]

Finch has not asserted in the operative pleading any factual allegation that Limited engaged in fraudulent or wrongful conduct. Finch alleges that defendants George Fiorini

---

[1] *See* Docket Nos. 3 (First Amd. Compl., Apr. 5, 2002); 10 (Second Amd. Compl., June 3, 2002); 14, 25 (Motion for Leave to File Third Amd. Compl., June 11 & 24, 2002); 47 (Motion for Leave to File Second Amd. Compl., Dec. 26, 2002); 49 (Motion for Leave to File Second Amd. Compl., Feb. 10, 2003); 52 (Second Motion for Leave to File Second Amd. Compl., Mar. 3, 2003). The last motion was granted by the Court on March 20, 2003 (Docket No. 54).

[2] On December 12, 2003, Limited filed its answer and a motion to dismiss that complaint. (Docket Nos. 87-89).

{462800:}

("Fiorini"),³ Stephen Ventre ("Ventre") and Terrance Lee Quatkemeyer a/k/a Terry Quinn ("Quatkemeyer"), engaged in a scheme to defraud investors in promissory notes of IGW Trust, Standard Trust and Guardian Investments LLC ("Guardian"). Finch alleges that investors' funds were made available to Quatkemeyer to supply a lavish lifestyle and to make personal investments, including the acquisition of Limited. (Second Amd. Compl. ¶ 16). The Second Amended Complaint alleges (¶ 19) mail and wire fraud as the predicate acts for the RICO claim.

Finch first moved to certify this case as a class action on June 28, 2002. (Docket No. 27). On November 7, 2002, the Court granted Finch's motion to certify a class consisting of the following:

> Residents of Ohio, Kentucky, and Indiana who at various times purchased from defendant George Fiorini investments in a so-called "10% income plus plan," receiving therefor promissory notes in entities variously denominated as "IGW Trust," "Standard Trust," "Standard Pacific Power and Energy LLC," and "Guardian Investments LLC"[.]

(Docket No. 41).

On August 19, 2003, the Court decertified the previously certified class and denied Finch's motion for an order redefining the class. (Docket No. 71).

On August 25, 2003, Finch filed a motion to certify a revised class. (Docket Nos. 72-73). Limited opposed the motion. (Docket No. 75). At a November 18, 2003 conference, the Court denied the motion on the ground that Finch failed to demonstrate that the "adequacy of representation requirement is satisfied." (Docket No. 82). The Court went on to find that:

> The Court further observes that Plaintiffs and their counsel have not demonstrated that they will fairly represent the interests of other members of the putative class who have filed their own lawsuits in this and other courts. Plaintiffs, through their counsel, have declined to participate in various of the joint efforts of other

---

³ Fiorini filed for Chapter 7 bankruptcy protection on November 30, 2003. (Case No. 03-BK-19177).

> members of the potential class to resolve their claims arising from some of the conduct that also gives rise to Plaintiffs' claims. For those reasons, the Court continues to be unpersuaded with respect to the requirement of Rule 23(a)(4).

(*Id.*).

At a December 2, 2003 status conference, Finch's counsel, Mr. Singer, again raised the class certification issue. (Ex. 1 at 44-62). On December 8, 2003, Finch filed the renewed motion to certify class. (Docket No. 86).

## **ARGUMENT**

Fed. R. Civ. P. 23(a) sets forth the prerequisites for a class action:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Plaintiffs bear the burden of establishing the requirements for the certification of a class action. *See, e.g.*, *In re American Medical Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996); *In re Oxford Health Plans, Inc.*, 191 F.R.D. 369, 374 (S.D.N.Y. 2000). District Courts must conduct a "rigorous analysis into whether the prerequisites of Rule 23 are met before certifying a class." *See Id.* at 1078-79, citing *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). The District Court's discretion to certify must be exercised within the framework of Rule 23. *Id.* at 1079.

To satisfy the adequacy requirement of Rule 23(a)(4), plaintiffs must demonstrate that the class representative claims are not in conflict with those of the class and that counsel for plaintiffs is qualified and capable in this type of litigation. *See, e.g., Id.* at 1083; *In re Oxford Health Plans, Inc.*, 191 F.R.D. at 376. "This prerequisite is essential to due process, because a

final judgment in a class action is binding on all class members." *Id.* at 1083, citing *Hansberry v. Lee*, 311 U.S. 32 (1940).

Finch has not met the Rule 24(a) prerequisite. Finch's numerous class-related motions have not presented the Court with any evidentiary basis to decide whether her claims are or could be in conflict with those of other class members. Plaintiffs must "create a factual record" to show that the class representative has common interests with the unnamed class members. *In re American Medical Sys., Inc.*, 75 F.3d at 1083. Plaintiffs cannot "simply allege the elements of Rule 23(a) in conclusory terms without submitting any persuasive evidence to show that these factors are met." *Id.*

Further, with all due respect, Mr. Singer has not shown that he is qualified and capable of adequately representing the class in this complex securities fraud and RICO litigation. Finch's renewed motion refers the Court back to an affidavit Mr. Singer filed on August 25, 2003 with the plaintiffs' motion for certification of revised class. (Docket No. 72). In that affidavit, Mr. Singer confirms that:

- Mr. Singer is a sole practitioner with his wife acting as legal assistant and secretary (¶ 3).

- He allowed the "side litigation" in this matter to be a "time consuming distraction" from litigating this case (¶ 4).[4]

- Mr. Singer filed more than one amended complaint without seeking leave of court in the erroneous belief he was permitted to do so (¶ 4). *See* Fed. R. Civ. P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served").

---

[4] Even though it is nearly 2004, Mr. Singer has yet to depose a single witness in this action.

{462800:}                                    4

- He also admitted that he committed "careless oversights" (¶ 4).

Mr. Singer's own affidavit thus provides the Court with a firm basis to find that the Rule 23(a)(4) requirement has not been met.

However, the Court should also consider what is **not** included in either the renewed motion or Mr. Singer's affidavit. Nowhere does Mr. Singer represent the nature or extent of his experience in other federal class actions, or federal securities fraud and RICO cases, if any.[5] However, the numerous complaints drafted by Mr. Singer utterly failed to plead the securities fraud and RICO claims with particularity as required by the Federal Rules. (*See* Limited's Mot. to Dismiss Plaintiff's Second Amd. Compl., Docket Nos. 88-89). There is also no assurance that either Mr. Singer or the named plaintiffs have the financial means to carry forward with this action. (Ex. 1 at 35, 53-54).

Plaintiffs' renewed motion also discusses (at 6-7) Mr. Singer's attempts to reach a settlement with Jeffrey Weinsten and James Smith. While the motion proclaims that Weinsten and Smith are "better qualified" to exploit the Sanitec technology, the motion provides no details as to how that would be done. Mr. Singer has not explained how Weinsten and Smith would have any right to practice the patented technology or sell disinfectant machines that are subject to U.S. Patent No. 5,270,000, which is currently assigned to Sanitec Group LLC. Nor does it discuss the fact that one of those two "better qualified" persons, Weinsten, is a convicted criminal.[6] (Ex. 1 at 53, 56). Mr. Singer's willingness to trust such individuals further shows his inadequacy as class counsel.

---

[5] In securities fraud cases, "qualifications of class counsel are generally more important in determining adequacy than those of the class representatives[.]" *In re Avon Sec. Litig.*, 1998 WL 834366 at *9 (S.D.N.Y. Nov. 30, 1998) (Ex. 2).

[6] Finch's renewed motion also does not discuss the fact that Smith and Weinsten are acting in concert with Quatkemeyer (*see, e.g.*, Ex. 3), a defendant in this case against whom Finch seeks a default judgment (Docket Nos. 76, 82, 83, 85).

In sum, Mr. Singer has not shown he will be an adequate counsel for any plaintiff class. While Limited may very well support the certification of an appropriate class action, the instant motion does not present that circumstance.

## CONCLUSION

For all the foregoing reasons, Finch's renewed motion for class certification should be denied.

Dated: December 17, 2003                Respectfully submitted,

                                       /s/     Dan L. Makee
DAN L. MAKEE (0029602)
DAVID B. CUPAR (0071622)
McDonald Hopkins Co., LPA
2100 Bank One Center
600 Superior Avenue, East
Cleveland, Ohio 44114-2653
Telephone:  (216) 348-5400
Facsimile:  (216) 348-5474
E-Mail:      dmakee@mcdonaldhopkins.com
                  dcupar@mcdonaldhopkins.com
Attorneys for Defendant Sanitec, Ltd.

*Of Counsel:*

RICHARD J. OPARIL (D.C. Bar No. 409723)
Patton Boggs LLP
2550 M Street, NW
Washington, DC  20037
Telephone:  (202) 457-6000
Facsimile:  (202) 457-6315
E-Mail:      roparil@pattonboggs.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Opposition **Of Defendant Sanitec, Ltd. To Plaintiffs' Renewed Motion For Class Certification** was filed electronically with this Court on this 17th day of December, 2003 and that all parties will be served via the Court's electronic filing system.

        /s/    Dan L. Makee
DAN L. MAKEE (0029602)
DAVID B. CUPAR (0071622)
McDonald Hopkins Co., LPA
2100 Bank One Center
600 Superior Avenue, East
Cleveland, Ohio 44114-2653
Telephone: (216) 348-5400
Facsimile: (216) 348-5474
E-Mail:   dmakee@mcdonaldhopkins.com
             dcupar@mcdonaldhopkins.com

#3741870

{462800:}