FILED
JAMES BONINI
CLERK

03 DEC 22 PM 1:34

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | | |
|---|---|---|
| MILDRED W FINCH et. al. | : | Case No. C-1-02-132 |
| | : | (Judge Beckwith) |
| Plaintiffs | : | |
| V. | | |
| | : | MEMORANDUM OF PLAINTIFFS |
| GEORGE FIORINI, et al. | | IN OPPOSITION TO MOTION OF |
| | : | DEFENDANT SANITEC LTD. TO |
| | | DISMISS PLAINTIFFS' SECOND |
| Defendants | | AMENDED COMPLAINT |

## MEMORANDUM

Defendant Sanitec Ltd., which as the Court has observed has been in default for answer to the Second Amended Complaint herein since June 2003, has now filed an answer to the Second Amended Complaint, and has accompanied that answer with a motion to dismiss for failure to state a claim upon which relief can be granted against the defendant Sanitec Ltd. The motion to dismiss is based upon the erroneous assertion that Plaintiffs must allege wrongful and fraudulent acts against the defendant Sanitec Ltd. in order to maintain this action. Nothing could be further from the truth, or from the requisites of the remedy of constructive trust, which Plaintiffs solely seek against Sanitec Ltd. in this action.

The Second Amended Complaint alleges, in sum, that control of Sanitec Ltd. and its assets (including the valuable Sanitec technology) was wrongfully obtained by the defendant Quatkemeyer through use of funds fraudulently raised by the defendant Fiorini from the Plaintiffs and transferred by him to Guardian Investments LLC., which made

such funds available to Quatkemeyer. The law of Ohio[1] with regard to the imposition of a constructive trust was defined by the Ohio Supreme Court in the case of <u>Ferguson vs. Owens</u> (1984), 9 O. St. 3rd 223, 459 N.E. 2nd 1293, as follows:

> A constructive trust is defined in 76 American jurisprudence 2nd (1975) 446, trusts, § 221, as:
>
>> A trust by operation of law which arises contrary to intention and *in invitum* against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment or questionable means or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy. It is raised by equity to satisfy the demands of justice.
>
> In <u>Beatty vs. Guggenheim Exploration Company</u> (1919), 225 NY, 380, 122 N. E. 378, we find the following pertinent comentary by Justice Cardozo, at pages 386 and 389:
>
>> A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.
>
> * * *
>
> A constructive trust is, in the main, an appropriate remedy against unjust enrichment. This type of trust is usually invoked when property has been acquired by fraud.

In this case, Sanitec Ltd. is the property which Plaintiffs allege has been acquired by fraud perpetrated by the other Defendants.

---

[1] Since there is no Federal common law, Federal Courts apply the common law of the state in which they are sitting, even where justisdiction is not based upon diversity of citizenship. <u>Erie Railroad Company vs. Tompkins</u> (1938) 304 US 64, 78, <u>O'Melveny and Myers vs. FDIC</u> (1994) 512 US 79.

2

Sanitec Ltd., although it is a corporation and putative person, is in essence an item of property. Its shares of stock are indeed property, as are its assets (the intellectual property) and therefore it has value as property. This is fundamental law and needs no citation of authority. It is the property, to wit, the shares of stock and the assets, of Sanitec Ltd. of which Plaintiffs seek the declaration of a constructive trust in their favor. As such property, it is plain that Sanitec Ltd. need not be alleged to have participated in the fraudulent activity by which control of it was acquired by the defendant Quatkemeyer. The Court must, of course, have jurisdiction over Sanitec Ltd. in order to effect the remedy of constructive trust over its stock and assets. That is why Sanitec Ltd. is a defendant in this cause, and why it should remain so.

Defendant also argues in its motion that Plaintiffs have failed to observe the requirements of rule 9, Fed R. Civ P, that fraud must be alleged with factual specificity. The Second Amended Complaint was drafted with Rule 9 clearly in mind, and contains ample recitations of provable facts to support its claims of securities fraud and Civil RICO. The Court needs only to re-read the second amended complaint to see that this is indeed true.

The instant motion should be overruled, and this case should proceed through to trial.

Respectfully submitted,

William B. Singer (0019323)
Trial Attorney for Plaintiff
621 E. Mehring Way, #1609
Cincinnati, Ohio 45202
(513) 721-0778

3

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing memorandum was served by ordinary mail upon George Fiorini dba The Fiorini Agency, 7641 Wesselman Road, Cleves, Ohio 45001; Patrick J. Hanley, Esq. attorney for Steven R. Ventre and Guardian Investments LLC, 214 E. 4TH Street Covington, Kentucky 41011; upon Richard J. Oparil Esq. Counsel of record for Sanitec Ltd. Patton Boggs LLP, 2250 M.Street NW, Suite 500, Washington DC, 20037-1350 on the __2 2__ day of December 2003.