FILED
JAMES BONINI
CLERK
03 DEC 30 PM 1:23
WEST DIV CINCINNATI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | | |
|---|---|---|
| MILDRED W FINCH et. al. | : | Case No. C-1-02-CV-132 |
| | : | (Judge Beckwith) |
| Plaintiffs | : | |
| V. | | |
| | : | REPLY MEMORANDUM OF PLAINTIFFS IN SUPPORT OF RENEWED MOTION FOR CLASS CERTIFICATION |
| GEORGE FIORINI, et al. | : | |
| | : | |
| Defendants | | |

This suit was brought as a class action because it is a classic example of the kind of wide spread injury which is best litigated in the class action format. Yet, for some reason, obtaining class certification has become a problem. Plaintiffs' counsel in this cause was astute enough to recognize that the way toward maximum recovery for the Fiorini investors was through the imposition of a constructive trust on Sanitec Ltd., the Delaware corporation purchased by the convicted criminal Terrance Quatkemeyer through use of funds obtained from the investor class through George Fiorini and Steven Ventre doing business as Guardian Investments. In order to protect that remedy, Plaintiffs' counsel pursued intervention in litigation involving the rightful ownership of Sanitec Ltd., first in the Delaware Chancery Court, and then in the Northern District of Ohio. Once again, Plaintiffs' counsel was smart enough not to be taken in by an illusory settlement offer proposed by counsel representing California parties allied with the convict Quatkemeyer. The fact that a settlement involving Sanitec has even been offered confirms that pursuing a constructive trust remedy against Sanitec as property wrongfully obtained through use of the investors' money, was an astute move on the part of

Plaintiffs' counsel. No other case filed by attorneys in the Cincinnati area has pursued that remedy. Yet, this Court has refused to certify this as a class action, citing doubts about the qualifications of Plaintiffs' counsel herein to handle such a case as a sole practitioner. The Courts statements to that effect have encouraged the latest group of attorneys claiming to represent Sanitec Ltd. to attack the qualifications of Plaintiffs' counsel in opposing Plaintiffs' renewed motion for class certification. (To the extent this memo requires discussion about those qualifications, that portion of it will be written in the first person.)

These latest attorneys[1] claiming Sanitec representation seem to find the remedy of a constructive trust over property a foreign notion unfamiliar to them. Thus, they have filed a motion to dismiss the Second Amended Complaint as to Sanitec Ltd., and have repeated their arguments here in their memorandum opposing class certification, apparently adjunct to the notion that I am not qualified to act as class counsel. However, their apprent ignorance of the law regarding the remedy of constructive trust raises a big question regarding their qualifications as attorneys, notwithstanding their affiliation with large, big name law firms.

What is most obvious is that these attorneys do not know me, else they would not have attempted to intimidate me with a letter threatening Rule 11 sanctions if I did not dismiss this action against Sanitec Ltd. immediately. They do not know my reputation as a litigator in the Cincinnati bar (although assuredly this Court does). Their argument that Sanitec Ltd., to be a defendant in this cause, must be alleged to have participated in the fraud which is the basis of this lawsuit, is simply wrong, as has been amply demonstrated

---

[1] Messers Makee, Cupar, and Oparil have been retained by James Harkess, the operator of Sanitec West, who has no interest in Sanitec Ltd. (see notice of appearance of Sanitec Ltd. and objection to November 14, 2003 "Notice of Appearance", in the Northern District litigation, attached hereto as appendix A.) Indeed,

2

in the memorandum in opposition to their motion to dismiss filed herein on December 22, 2003. Sanitec Ltd. is a proper party defendant in this cause, because it is the property (or its stock and assets are the property) which was acquired by the defendant Quatkemeyer (who is now in default) through the use of money obtained from the Plaintiff Class by fraudulent means. As such, Sanitec Ltd. must be a party to this cause so that, if Plaintiffs are sucessful, a constructive trust may be imposed upon it to provide relief to the Plaintiffs.

Although I am now a sole pracitioner, the Court knows that for 28 years I practiced litigation with law firms until I exercised my right to engage in solo practice, and thus escaped from the politics and inequities of law firm practice. My experience during those 28 years included litigation of all forms and all subject matters. The only class action I participated in during that time involved defending the Sycamore School District in the Bronson desegration case. I would certainly not attempt to cite that representation as experience in class litigation from the Plaintiffs' side. However, I possess the intellectual depth and practice experience necessary to pursue litigation on behalf of the Plaintiff Class, and this Court knows that.

The Sixth Circuit:

> has articulated two criteria for determining adequacy of representation: (1) The representative must have common interests with un-named members of the class and (2) It must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel…Rule 23(a)4 tests "the experience and ability of counsel for the plaintiffs and whether there is any antagonism between the interests of the plaintiffs and other members of the class they seek to represent." In re American Medical Systems, Inc. 75 3rd, 1069 (1996).

---

the trust agreement attached as an exhibit to their opposition to the Renewed Motion for Class Certification appears to be the foundation for the right of Messrs Smith and Weinsten to assert control over Sanitec Ltd.

3

There is clearly no antagonism between the interests of the represented plaintiffs in this cause and the un-named members of the plaintiff class, all of whom are victims of the fraud practiced by Fiorini, Ventre and Quatkemeyer. The Sixth Circuit has also said:

> The Court reviews the adequacy of class representation to determine whether class counsel are qualified, experienced and generally able to conduct the litigation, and to consider whether the class members have interests that are not antagonistic to one another. Stout et. al. vs J. D. Byrider aka Docherty Motors Inc., et. al. (Sixth Circuit, 2000) unreported case No. 99-3854, copy attached to Plaintiffs' Renewed Motion for Class Certification, at page 6.

Apart from the fact that I am well qualified as an attorney and a litigator, as evidenced by my Duke law degree, my 33 years of practice in the Cincinnati bar, and my av rating in Martindale Hubbel; I have without question vigorously prosecuted the interests of the Plaintiff Class in this case as well as in litigation concerning the ownership of Sanitec Ltd. in the Delaware Chancery Court and in the Northern District of Ohio. Intervention in those two cases was not merely a distraction, but was essential to protect the interest of the Plaintiff Class in having a constructive trust imposed upon Sanitec Ltd. for their benefit. When Standard Life of Indiana moved to have this case referred to the Multi-District Litigation Panel, I prepared the necessary response in a couple of days and incurred the expense of purchasing air fare to Portland Oregon for a scheduled, but not held, oral argument. I also incurred the expense of air fare to Philadelphia so that I and one of the named Plaintiffs could attend the trial of the Delaware Chancery case. Indeed, the fact that I have responded timely and with cogent authority to each of the recent assaults by attorneys Makee, Cupar, and Oparil ("the Harkess attorneys") demonstrates that I am not deficient as class counsel herein as regards either legal ability or adequacy of secretarial help (in fact, it appears from their citing the Windsor Trust document as evidence of my being taken in by "convicted

4

criminals," that the Harkess attorneys do not even know who Terry Quatkemeyer is, much less his machinations with respect to the ownership of Sanitec Ltd.

The Court is well aware of the history of the various settlement proposals which have been brought to your attention. The Court is also well aware that the best and most effective way to settle this action will necessarily involve the certification of a class of investor plaintiffs if a settlement is to benefit as large a group of investors as possible. For that reason alone, this case must be certified as a class action. A class of Guardian and Standard Trust investors is also the most likely to include those whose money was used to purchase Sanitec. The Court should, therefore, not further delay the certification of this cause as a class action, and should sustain the instant renewed motion for class certification.

Respectfully submitted,

William B. Singer (0019323)
Trial Attorney for Plaintiff
621 E. Mehring Way, #1609
Cincinnati, Ohio 45202
(513) 721-0778

CERTIFICATE OF SERVICE

I certify that copies of the foregoing memorandum was served by ordinary mail ; Patrick J. Hanley, Esq. attorney for Steven R. Ventre and Guardian Investments LLC, 214 E. 4TH Street Covington, Kentucky 41011 and Dan L. Makee and David B. Cupar, McDonald Hopkins Company LPA, 2100 Bank One Center, 600 Superior Avenue East, Cleveland Ohio 44114-2653 and upon Richard J. Oparil Esq. Counsel of record for Sanitec Ltd. Patton Boggs LLP, 2250 M.Street NW, Suite 500, Washington DC, 20037-1350, counsel of record for defendant Sanitec Ltd., on the ___30th___ day of December 2003.

APPENDIX A.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SANITEC WEST, et al. ) | CASE NO. 1:02 CV 01582 |
| ) | |
| Plaintiffs, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | PLAINTIFF SANITEC, LTD.'S |
| ) | NOTICE OF APPEARANCE; AND |
| JOSEPH DELLOIACOVO, et al. ) | OBJECTION TO NOVEMBER 14, |
| ) | 2003 "NOTICE OF APPEARANCE" |
| Defendants. ) | |

Plaintiff Sanitec, Ltd. hereby gives notice to the Court and counsel that it is being represented in this action by:

> Steven J. Miller (0014293)
> Kimberly Y. Smith (0066849)
> GOODMAN WEISS MILLER LLP
> 100 Erieview Plaza, 27th Floor
> Cleveland, Ohio 44114-1824
> (216) 696-3366 (office)
> (216) 363-5835 (facsimile)
> miller@goodmanweissmiller.com
> smith@goodmanweissmiller.com

who request that they receive copies of all notices and orders, and service of all court filings and papers.

Furthermore, Sanitec, Ltd. objects to and challenges the "notice of appearance" filed on November 14, 2003, by attorneys Dan Makee, David Cupar, and Richard Oparil (the "Harkess Attorneys"), by which they purport to represent plaintiffs Sanitec, Ltd. and A.B.B. Sanitec West, Inc., as it is apparent that they lack any authority to do so.

The letters recently received by this Court from attorneys Michael Weinsten and Peter Babos reveal that the individuals who engaged Messrs. Makee, Cupar, and Oparil to represent Sanitec West did not have the authority to do so; and the documents attached as exhibits to this Notice confirm that those individuals did not have the authority to hire legal representation for Sanitec, Ltd., either. In short, those letters and documents show that the Harkess Attorneys do not properly represent either plaintiff in this matter.

There is no dispute that Sanitec, Ltd. is owned 100% by Sanitec Worldwide, Ltd., which, in turn, is owned 51% by Windsor Holdings, LLC, and 49% by Salem Associates, Inc. The area of contention lies in the ownership of Windsor Holdings.

On December 16, 2003, following this Court's receipt of the Weinsten and Babos letters, the Harkess Attorneys filed a response to which they attached documents purporting to vest ownership of Windsor Holdings in Mr. James Harkess. Harkess's entire claim to speak on behalf of Sanitec, Ltd. rests on that claimed ownership. In reality, Harkess does not have -- nor has he ever had -- any ownership in, or authority regarding, Windsor Holdings; and he therefore has no authority whatsoever to speak on behalf of Sanitec, Ltd.

On May 13, 2002, the (then) sole owner of Windsor Holdings, Mr. Terry Quinn, sent a letter to the (then) acting managing member, Mr. David Kaye, removing him from any and all positions and authority regarding Windsor Holdings. (A copy of the May 13, 2002 Quinn letter appears as Exhibit A attached to this Notice and Objection.) Thereafter, on June 24, 2002, Quinn transferred 100% of the ownership of Windsor Holdings to Windsor Trust, with all authority therefor vested in the appointed trustees, Mr. James H. Smith and Mr. Jeffrey J.

-2-

Weinsten. (A copy of the June 24, 2002 Trust Agreement appears as Exhibit B attached to this Notice and Objection.)

In January 2003, Harkess gave sworn testimony at his deposition in this case that he did not know who owned Windsor Holdings. (A copy of the pertinent portions of the January 19, 2003 deposition of James Harkess appears as Exhibit C attached to this Notice and Objection.) Also in January 2003, Kaye – while not acknowledging Quinn's May 13 letter of termination – gave sworn testimony that he had resigned from his managerial position with Windsor Holdings in the summer of 2002 and that he no longer was aware of who owned the company. (A copy of the pertinent portions of the January 10, 2003 deposition of David Kaye appears as Exhibit D attached to this Notice and Objection.)

Nonetheless, in support of Harkess's current claim of control over Sanitec, Ltd., the Harkess Attorneys have submitted to this Court a copy of a stock certificate purporting to transfer to Harkess "100 membership interests" of Windsor Holdings. That stock certificate is signed by David Kaye as "Manager, President" of Windsor Holdings.

That stock certificate is defective and invalid. The date of the purported transfer by that stock certificate is _November 21, 2002_ – six months _after_ Kaye was removed from management; several months _after_ Kaye resigned from his managerial position, according to his own sworn testimony; and five months _after_ all ownership and control of Windsor Holdings was lawfully transferred to the Windsor Trust. Moreover, _only two months later_, both Kaye and Harkess testifying under oath that _they did not know who owned_ Windsor Holdings.

-3-

The stock certificate offered by the Harkess Attorneys to this Court as proof of Harkess's ownership of Windsor Holdings – and, thereby, his control of Sanitec, Ltd. – is invalid. David Kaye, by his own testimony, had no authority to execute such a certificate in November 2002; and, if such a certificate had been validly executed at that time, why was *neither* Kaye nor Harkess aware of that fact at his deposition in January 2003?

Perhaps Peter Babos, corporate counsel for Sanitec, Ltd., has summed it up best. In his December 18, 2003 letter to one of the Harkess Attorneys, Babos explained:

> *The assertion that Mr. Harkess owns all of Windsor Holdings is predicated on either a huge mistake, or perhaps certain conduct amounting to fraud.*

(A copy of the December 18, 2003 Babos letter appears as Exhibit E attached to this Notice and Objection.)

Since June 2002, Windsor Holdings has been owned 100% by Windsor Trust, which is controlled solely by its trustees, Smith and Weinsten. David Kaye was divested of all authority in Windsor Holdings as of May 13, 2002; or, by his own admission, at the very latest in the summer of 2002.

At no time was any interest in Windsor Holdings ever conveyed to Harkess. Harkess has no ownership whatsoever in Sanitec, Ltd., has no authority to engage legal representation on behalf of Sanitec, Ltd., and has no authority to enter into any settlement agreement on behalf of Sanitec, Ltd.

-4-

For all these reasons, this Court should strike and disregard the "notice of appearance" of Messrs. Makee, Cupar, and Oparil.

Respectfully submitted,

/s/ Steven J. Miller
STEVEN J. MILLER (0014293)
KIMBERLY Y. SMITH (0066849)
100 Erieview Plaza, 27th Floor
Cleveland, OH 44114-1882
Tel. (216) 696-3366 • Fax (216) 363-5835
miller@goodmanweissmiller.com
smith@goodmanweissmiller.com
**Attorneys for Plaintiff Sanitec, Ltd.**

OF COUNSEL:

GOODMAN WEISS MILLER LLP