UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **MILDRED W. FINCH,** *et al.,* | ) | **CASE NO. 1:02 CV 132** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **JUDGE SANDRA S. BECKWITH** |
| **vs.** | ) | |
| | ) | **REPLY MEMORANDUM IN** |
| **GEORGE FIORINI, DBA FIORINI** | ) | **SUPPORT OF MOTION OF** |
| **AGENCY,** *et al.,* | ) | **DEFENDANT  SANITEC, LTD. TO** |
| | ) | **DISMISS PLAINTIFF'S SECOND** |
| **Defendants.** | ) | **AMENDED COMPLAINT** |

In her opposition, plaintiff, Mildred W. Finch ("Finch"), presents no valid reason to deny

the motion to dismiss the operative complaint filed by defendant, Sanitec, Ltd. ("Limited").

<u>ARGUMENT</u>

**I.    FINCH'S SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM
AGAINST LIMITED.**

Finch's opposition concedes that nowhere in the Second Amended Complaint does Finch

allege that Limited or any person acting on its behalf engaged in either securities fraud or a

RICO violation.  Finch instead argues that Limited is a named defendant in the complaint for the

remedial purpose of imposing a constructive trust on its stock and "its assets (the intellectual

property)[.]"  (Opp. at 2-3).  That argument does not help Finch's position, however.

Under Ohio law, a constructive trust may be imposed on the person who holds title to property in order to prevent the owner from profiting through wrongdoing or to prevent unjust enrichment. *See, e.g.*, *University Hospitals of Cleveland, Inc. v. Lynch*, 96 Ohio St. 3d 118, 772 N.E.2d 105 (2002). Finch is not entitled to a constructive trust as a matter of law.

Limited itself is not a proper defendant where the remedy sought is the imposition of a constructive trust on the stock or ownership interest in Limited. It is beyond dispute that a corporation is owned by its shareholders. *See, e.g.*, *Weinberger v. Lozenzo*, 1990 WL 156529 at *2 (Del. Ch. Oct. 12, 1990). The Second Amended Complaint nowhere alleges that Limited holds any or all of its stock. In other words, Finch does not allege that Limited owns itself. To prevail on her attempt to impose a constructive trust on the stock of Limited, Finch must seek that relief against the shareholders of that entity. Therefore, the Second Amended Complaint is fatally defective.

Further, Finch argues a constructive trust should be imposed on Limited's intellectual property assets. The intellectual property is U.S. Patent No. 5,270,000 ("the '000 patent"). Limited does not have title to that patent. On February 22, 2002, Limited assigned the patent to Sanitec Group, LLC ("Group"), and on April 12, 2002, that assignment was recorded in the U.S. Patent and Trademark Office ("PTO").[1] (Ex. 1 hereto). Such a recordation is proof of legal ownership. The patent statute provides, in relevant part, that:

> Subject to the provisions of this title, patents shall have the attributes of personal property.

---

[1]     Limited requests that the Court take judicial notice of the '000 patent assignment. "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). *See, e.g., Hoganas AB v. Dresser Indus., Inc.*, 9 F.3d 948, 954 n.27 (Fed. Cir. 1993) (Federal Circuit took judicial notice of a patent that was not part of the appellate record).

Applications for patent, patents, or any interest therein, shall be assignable in law by an instrument in writing. The applicant, patentee, or his assigns or legal representatives may in like manner grant and convey an exclusive right under his application for patent, or patents, to the whole or any specified part of the United States.

A certificate of acknowledgment under the hand and official seal of a person authorized to administer oaths within the United States . . . shall be prima facie evidence of the execution of an assignment, grant or conveyance of a patent or application for patent.

35 U.S.C. § 261. "A patent is 'a bundle of rights which may be divided and assigned, or retained in whole or in part.'" *Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*, 944 F.2d 870, 875 (Fed. Cir. 1991). An assignment transfers title in the patent, which confers constitutional standing on the assignee to sue another for patent infringement in its own name. *See, e.g.*, 35 U.S.C. § 261; *Waterman v. Mackenzie*, 138 U.S. 252, 256 (1891); *Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1030 (Fed. Cir. 1995). Thus, as a matter of law, Group, not Limited, holds title to the '000 patent.

Group also holds the trademark on "Sanitec", based on an assignment dated February 22, 2002 and recorded with the PTO on April 12, 2002.[2]  (Ex. 2 hereto). Federal trademark law provides that:

A registered mark or a mark for which an application to register has been filed shall be assignable with the good will of the business in which the mark is used, or with that part of the good will of the business connected with the use of and symbolized by the mark. . . . Assignments shall be by instruments in writing duly executed. Acknowledgment shall be prima facie evidence of the execution of an assignment, and when the prescribed information reporting the assignment is recorded in the Patent and Trademark Office, the record shall be prima facie evidence of execution. . . . The Patent and Trademark Office shall maintain a record of

---

[2]  This assignment should also be judicially noticed. *See* note 1 *supra*.

> information on assignments, in such form as may be prescribed by
> the Director.

15 U.S.C. §1060(a).  Accordingly, like the '000 patent, the "Sanitec" trademark is held by Group, not Limited.

Finch cannot impose a constructive trust on stock and assets that Limited does not own. Therefore, the Second Amended Complaint does not state a claim against Limited upon which relief can be granted and it should be dismissed with prejudice.

## II.    FINCH'S SECOND AMENDED COMPLAINT VIOLATES RULE 9(b).

Finch opposes Limited's argument that the Second Amended Complaint does not allege with particularity the facts supporting its fraud-based claims.  While Finch's counsel may have drafted the repeatedly amended complaint with Fed. R. Civ. P. 9 "clearly in mind," it did not succeed in pleading with the requisite level of specificity.  Finch did not, for example, plead the factual circumstances surrounding a purchase of the promissory note or notes that are the subject matter of the complaint.  Nor does Finch even try to allege with specificity Limited's supposed role in the alleged fraud and racketeering activity.  Having failed to plead the two claims with specificity, the Second Amended Complaint should be dismissed.

## III.   FINCH'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE.

Notably, Finch's opposition did not even try to rebut Limited's argument that the dismissal of the Second Amended Complaint should be with prejudice.  As such, it should be deemed conceded.

## CONCLUSION

For all the foregoing reasons, Limited's motion to dismiss the Second Amended Complaint with prejudice should be granted.

Respectfully submitted,

/s/  Dan L. Makee
DAN L. MAKEE (0029602)
Trial Attorney
McDonald Hopkins Co., LPA
2100 Bank One Center
600 Superior Avenue, East
Cleveland, Ohio 44114-2653
Telephone:  (216) 348-5400
Facsimile:  (216) 348-5474
E-Mail:       dmakee@mcdonaldhopkins.com


OF COUNSEL:                    /s/  Richard J. Oparil
RICHARD J. OPARIL (D.C. Bar No. 409723)
Admitted Pro Hac Vice (11/19/03)
Patton Boggs LLP
2550 M Street, N.W.
Washington, DC 20037-1350
Telephone:  (202) 457-6000
Facsimile:  (202) 457-6315
E-Mail:       roparil@pattonboggs.com

Attorneys for Defendant Sanitec, Ltd.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Reply Memorandum in Support of Motion of Defendant Sanitec, Ltd. to Dismiss Plaintiff's Second Amended Complaint was filed electronically with this Court on this 7th day of January, 2004 and that all parties will be served via the Court's electronic filing system except for William B. Singer, Esq., attorney for Plaintiff Finch, who is being served on this same date via Federal Express at One Lytle Place, 621 East Mehring Way, #1609, Cincinnati, Ohio 45202.

    /s/    Dan L. Makee                
DAN L. MAKEE (0029602)
McDonald Hopkins Co., LPA
2100 Bank One Center
600 Superior Avenue, East
Cleveland, Ohio 44114-2653
Telephone:  (216) 348-5400
Facsimile:   (216) 348-5474
E-Mail:       dmakee@mcdonaldhopkins.com
