UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | | |
|---|---|---|
| MILDRED W FINCH et. al. | : | Case No. C-1-02-132 |
| | : | ( Judge Beckwith) |
| Plaintiffs | : | |
| V. | | |
| | : | MEMORANDUM IN RESPONSE |
| GEORGE FIORINI, et al. | | TO REPLY MEMORANDUM |
| | : | IN SUPPORT OF MOTION OF |
| | | DEFENDANT SANITEC LTD TO |
| Defendants | | DISMISS PLAINTIFFS' SECOND |
| | | AMENDED COMPLAINT |

This motion to dismiss was filed by attorneys who do not represent Sanitec Ltd., and therefore should disregarded in its entirety by this Court. ( A copy of notice of appearance of Sanitec Ltd. in the US District Court for the Northern District of Ohio Case No. 02CV15802 is attached hereto and by reference made a part hereof as Appendix A.) These attorneys will hereinafter be referred to as the "Harkess attorneys", as they are referred to in Appendix A.

The Harkess Attorneys' motion to dismiss is, in the first instance, based upon the incorrect premise that the owner of the Sanitec technology (Sanitec Ltd., to all appearances) could not be a defendant in this cause unless it was alleged to have participated in the fraud perpetrated by the other defendants. When Plaintiffs responded to this argument, the Harkess attorneys replied not addressing the fallacy of their original position, but asserting that the patented technology formerly owned by Sanitec Ltd. had been assigned to the New Jersey limited liability company Sanitec Group LLC. That information and the argument based upon it do not require that Sanitec Ltd. be dismissed,

because it remains true that Sanitec Ltd. does not have to be alleged to have participated in the fraud of the other defendants to the Second Amended Complaint in order to be a proper party to this action. A constructive trust may indeed be imposed upon Sanitec Ltd., the remedy sought here by Plaintiffs, although such a remedy may be ineffective if Sanitec Ltd. no longer possesses the Sanitec technology.

However, if the Court agrees with the Harkess attorneys and dismisses Sanitec Ltd. as a defendant herein, Plaintiffs submit that they should be given leave to amend the Second Amended Complaint to name Sanitec Group LLC as a further party defendant in this cause.

More to the point of the present status of these proceedings, it has been a feature of every settlement proposal which has been advanced for the resolution of this case and that in the Northern District of Ohio, that Sanitec Group LLC would assign the Sanitec intellectual property and the patent covering it to a party who would proceed to exploit the technology and assign some portion of its revenues therefrom to a trust for the benefit of the Plaintiff Class of investors. It will not advance the cause of settlement if Sanitec Ltd. is dismissed as a defendant in this cause, since this threshold feature of settlement will resolve the dispute as between Sanitec Ltd. and Sanitec Group LLC as to who rightfully owns the Sanitec technology. Moreover, dismissal of Sanitec Ltd. for this proceeding may further delay resolution of this case by a settlement as to which time is becoming increasingly of the essence.

Respectfully submitted,


William B. Singer (0019323)
Trial Attorney for Plaintiff
621 E. Mehring Way, #1609
Cincinnati, Ohio 45202

2

(513) 721-0778

## CERTIFICATE OF SERVICE

      I certify that copies of the foregoing memorandum was served by ordinary mail ; Patrick J. Hanley, Esq. attorney for Steven R. Ventre and Guardian Investments LLC, 214 E. 4TH Street Covington, Kentucky 41011 and Dan L. Makee and David B. Cupar, McDonald Hopkins Company LPA, 2100 Bank One Center, 600 Superior Avenue East, Cleveland Ohio 44114-2653 and upon Richard J. Oparil Esq. Counsel of record for Sanitec Ltd. Patton Boggs LLP, 2250 M.Street NW, Suite 500, Washington DC, 20037-1350, counsel of record for defendant Sanitec Ltd., on the _____ day of January, 2004.

_____

APPENDIX A.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SANITEC WEST, et al. | ) | CASE NO. 1:02 CV 01582 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | PLAINTIFF SANITEC, LTD.'S |
| | ) | NOTICE OF APPEARANCE; AND |
| JOSEPH DELLOIACOVO, et al. | ) | OBJECTION TO NOVEMBER 14, |
| | ) | 2003 "NOTICE OF APPEARANCE" |
| Defendants. | ) | |

Plaintiff Sanitec, Ltd. hereby gives notice to the Court and counsel that it is being represented in this action by:

> Steven J. Miller (0014293)
> Kimberly Y. Smith (0066849)
> GOODMAN WEISS MILLER LLP
> 100 Erieview Plaza, 27th Floor
> Cleveland, Ohio 44114-1824
> (216) 696-3366 (office)
> (216) 363-5835 (facsimile)
> miller@goodmanweissmiller.com
> smith@goodmanweissmiller.com

who request that they receive copies of all notices and orders, and service of all court filings and papers.

Furthermore, Sanitec, Ltd. objects to and challenges the "notice of appearance" filed on November 14, 2003, by attorneys Dan Makee, David Cupar, and Richard Oparil (the "Harkess Attorneys"), by which they purport to represent plaintiffs Sanitec, Ltd. and A.B.B. Sanitec West, Inc., as it is apparent that they lack any authority to do so.

The letters recently received by this Court from attorneys Michael Weinsten and Peter Babos reveal that the individuals who engaged Messrs. Makee, Cupar, and Oparil to represent Sanitec West did not have the authority to do so; and the documents attached as exhibits to this Notice confirm that those individuals did not have the authority to hire legal representation for Sanitec, Ltd., either. In short, those letters and documents show that the Harkess Attorneys do not properly represent either plaintiff in this matter.

There is no dispute that Sanitec, Ltd, is owned 100% by Sanitec Worldwide, Ltd., which, in turn, is owned 51% by Windsor Holdings, LLC, and 49% by Salem Associates, Inc. The area of contention lies in the ownership of Windsor Holdings.

On December 16, 2003, following this Court's receipt of the Weinsten and Babos letters, the Harkess Attorneys filed a response to which they attached documents purporting to vest ownership of Windsor Holdings in Mr. James Harkess. Harkess's entire claim to speak on behalf of Sanitec, Ltd. rests on that claimed ownership. In reality, Harkess does not have – nor has he ever had -- any ownership in, or authority regarding, Windsor Holdings; and he therefore has no authority whatsoever to speak on behalf of Sanitec, Ltd.

On May 13, 2002, the (then) sole owner of Windsor Holdings, Mr. Terry Quinn, sent a letter to the (then) acting managing member, Mr. David Kaye, removing him from any and all positions and authority regarding Windsor Holdings. (A copy of the May 13, 2002 Quinn letter appears as Exhibit A attached to this Notice and Objection.) Thereafter, on June 24, 2002, Quinn transferred 100% of the ownership of Windsor Holdings to Windsor Trust, with all authority therefor vested in the appointed trustees, Mr. James H. Smith and Mr. Jeffrey J.

-2-

Weinsten. (A copy of the June 24, 2002 Trust Agreement appears as Exhibit B attached to this Notice and Objection.)

In January 2003, Harkess gave sworn testimony at his deposition in this case that he did not know who owned Windsor Holdings. (A copy of the pertinent portions of the January 19, 2003 deposition of James Harkess appears as Exhibit C attached to this Notice and Objection.) Also in January 2003, Kaye -- while not acknowledging Quinn's May 13 letter of termination -- gave sworn testimony that he had resigned from his managerial position with Windsor Holdings in the summer of 2002 and that he no longer was aware of who owned the company. (A copy of the pertinent portions of the January 10, 2003 deposition of David Kaye appears as Exhibit D attached to this Notice and Objection.)

Nonetheless, in support of Harkess's current claim of control over Sanitec, Ltd., the Harkess Attorneys have submitted to this Court a copy of a stock certificate purporting to transfer to Harkess "100 membership interests" of Windsor Holdings. That stock certificate is signed by David Kaye as "Manager, President" of Windsor Holdings.

That stock certificate is defective and invalid. The date of the purported transfer by that stock certificate is _November 21, 2002_ -- six months _after_ Kaye was removed from management; several months _after_ Kaye resigned from his managerial position, according to his own sworn testimony; and five months _after_ all ownership and control of Windsor Holdings was lawfully transferred to the Windsor Trust. Moreover, _only two months later_, both Kaye and Harkess testifying under oath that _they did not know who owned_ Windsor Holdings.

-3-

The stock certificate offered by the Harkess Attorneys to this Court as proof of Harkess's ownership of Windsor Holdings – and, thereby, his control of Sanitec, Ltd. -- is invalid. David Kaye, by his own testimony, had no authority to execute such a certificate in November 2002; and, if such a certificate had been validly executed at that time, why was *neither* Kaye nor Harkess aware of that fact at his deposition in January 2003?

Perhaps Peter Babos, corporate counsel for Sanitec, Ltd., has summed it up best. In his December 18, 2003 letter to one of the Harkess Attorneys, Babos explained:

*The assertion that Mr. Harkess owns all of Windsor Holdings is predicated on either a huge mistake, or perhaps certain conduct amounting to fraud.*

(A copy of the December 18, 2003 Babos letter appears as Exhibit E attached to this Notice and Objection.)

Since June 2002, Windsor Holdings has been owned 100% by Windsor Trust, which is controlled solely by its trustees, Smith and Weinsten. David Kaye was divested of all authority in Windsor Holdings as of May 13, 2002; or, by his own admission, at the very latest in the summer of 2002.

At no time was any interest in Windsor Holdings ever conveyed to Harkess. Harkess has no ownership whatsoever in Sanitec, Ltd., has no authority to engage legal representation on behalf of Sanitec, Ltd., and has no authority to enter into any settlement agreement on behalf of Sanitec, Ltd.

-4-

For all these reasons, this Court should strike and disregard the "notice of appearance" of Messrs. Makee, Cupar, and Oparil.

Respectfully submitted,

/s/ Steven J. Miller
STEVEN J. MILLER (0014293)
KIMBERLY Y. SMITH (0066849)
100 Erieview Plaza, 27th Floor
Cleveland, OH 44114-1882
Tel. (216) 696-3366 • Fax (216) 363-5835
miller@goodmanweissmiller.com
smith@goodmanweissmiller.com
**Attorneys for Plaintiff Sanitec, Ltd.**

OF COUNSEL:

GOODMAN WEISS MILLER LLP

-5-