Page 1 of 5

SCAN ONLY

**United States District Court**
**Central District of California**

ENTERED
3-4-2002
MAR 4 2002
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA OFFICE
BY _____ DEPUTY

Docket No. CR: SACR 00-18 DOC

UNITED STATES OF AMERICA vs.

Social Security No.: ____-3865 / ____-9836 / ____-9866 / ____-3685

Defendant: TERRANCE LEE QUATKEMEYER
akas: Terry Lee Quatkemeyer; Terrance Quinn
Residence & Address: 1377 Casiano Road, Los Angeles, CA 90049
Mailing Address: Same

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 02 | 11 | 2002 |

**COUNSEL**: [X] WITH COUNSEL — Rodney Perlman, Retained (Name of Counsel)

**PLEA**: [X] GUILTY, and the court being satisfied that there is a factual basis for the plea.    [ ] NOLO CONTENDRE    [ ] NOT GUILTY

**FINDING**: There being a finding/verdict of [ ] GUILTY, defendant has been convicted as charged of the offense(s) of:

18 USC 1014 and 2: False Statements and Aiding and Abetting (Counts 7, 10, and 14 of the Indictment), Class B Felonies.

**JUDGMENT AND PROB./COMMITMENT ORDER**: The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appears to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

It is ordered that the defendant shall pay to the United States a special assessment of $200.00.

It is further ordered that the defendant shall pay restitution in the total amount of $180,000.00 pursuant to 18 USC 3663

The amount of restitution ordered shall be paid as follows:

| Victim | Amount |
|---|---|
| Eddie Ikard et. al. | $ 89,289.27 |
| Michael Smolens | $ 3,652.43 |
| Leo Thrasher | $ 11,439.32 |
| James Lewis | $ 16,612.54 |
| Steven Zabrodski | $ 13,723.43 |
| Harry and Elanine Lindsey | $ 4,333.69 |
| Wayne E. Godfrey | $ 1,444.50 |

S-PB000377

**CONFIDENTIAL**
GI03120

ENTER ON ICMS
MAR 4 2002

EXHIBIT C    JX144

United States District Court
Central District of California

UNITED STATES OF AMERICA  
vs  
Defendant  TERRANCE LEE QUATKEMEYER

Docket No. SA CR 00-18 DOC

DATE: February 11, 2002

## JUDGMENT AND PROBATION/COMMITMENT ORDER

continued from page 1

| | | |
|---|---|---|
| Jordan Paul | $ 10,834.25 | |
| Rudy Van Erkelens | $ 2,889.09 | |
| Wescom Credit Union<br>14511 Franklin<br>Tustin, CA | $ 25,781.48 | |
| **TOTAL:** | **$ 180,000.00** | |

A partial payment of $12,00.000 shall be due immediately. The balance shall be due during the period of imprisonment, directed by the Court or the United States Attorney, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, monthly payments of $3,000.00 shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision.

Pursuant to Section 5E1.2(e) of the Guidelines, all fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Terry Quatkemeyer, is hereby committed on Count 7, 10, and 14 of the Indictment, Docket No. SACR 00-0018, and the Single-Count Information, Docket No. SACR 01-0030, to the custody of the Bureau of Prisons to be imprisoned for a term of thirty (30) months.

This term consists of thirty (30) months on each count, to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years. This term consists of five years on each of Counts 7, 10, and 14 of the Indictment, and three years on the Single-Count Information all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with General Order No. 01-05.

2. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Orde 318.

3. During the period of community supervision the defendant shall pay the special assessment and restitutio in accordance with this judgment's orders pertaining to such payment.

4. The defendant shall participate in a psycho-logical/psychiatric counseling or treatment program, as approve and directed by the Probation Officer.

CONFIDENTIAL
GI03121

S-PB000378

Page 3 of 5

**S.A. vs TERRANCE LEE QUATKEMEYER**   Docket No.: **SA CR 00-18 DOC**

5. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, without the prior written approval of the Probation Officer; further, the defendant shall not use, for any purpose or in any manner, any name other than his true legal name.

6. The defendant shall submit person and property to search or seizure at any time of the day or night by any law enforcement officer, with or without a warrant and with or without reasonable or probable cause.

7. The defendant shall not possess, have under his control or have access to any firearm, explosive device or other dangerous weapon, as defined by federal, state or local law.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse. However, the defendant shall abstain from using illicit drugs or alcohol and abusing prescription medications during the period of supervision.

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons on or before 12:00 noon on April 1, 2002. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at:

United States Court House
411 West Fourth Street
Santa Ana, California 92701-4516

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

☐ This is a direct commitment to the Bureau of Prisons, and the Court has NO OBJECTION should the Bureau of Prisons designate defendant to a Community Corrections Center.

Signed by: U. S. District Judge _David O. Carter_   Date _February 12, 2002_
David O. Carter

It is ordered that the Clerk deliver a certified copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Dated/Filed FEB 13 2002

Sherri R. Carter, Clerk
By _____
Kristee Hopkins, Deputy Clerk

CONFIDENTIAL
GI03122

S-PB000379

Page 4 of 5

U.S.A. vs TERRANCE LEE QUATKEMEYER

Docket No.: SA CR 00-18 DOC

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall comply with the additional conditions on the attached page(s) pursuant to General Orders 348 and 01-05.

### Statutory Provisions Pertaining to Payment and Collection of Financial Sanctions

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
   Private victims (individual and corporate),
   Providers of compensation to private victims,
   The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

### Special Conditions for Probation and Supervised Release

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

CONFIDENTIAL
GI03123

S-PB000380

Page 5 of 5

U.S.A. vs TERRANCE LEE QUATKEN, ER          Docket No.: SA CR 00-18 DOC

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependants and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;
15. the defendant shall not possess a firearm or other dangerous weapon;
16. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours.

These conditions are in addition to any other conditions imposed by this Judgment.

### RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____, the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

UNITED STATES MARSHAL

DATED: _____   BY: _____

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, or in my legal custody.

CLERK, U.S. DISTRICT COURT

DATED: _____   BY: _____
Kristee Hopkins, Deputy Clerk

CONFIDENTIAL
GI03124

S-PB000381

AO-245-A (01/90)    JUDGMENT AND PROBATION/COMMITMENT ORDER

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CRIMINAL MINUTES - SENTENCING AND JUDGMENT

Case No. __SA CR 00-18 DOC__                             Date __February 11, 2002__

Hon. __DAVID O. CARTER__, Judge

| __Kristee Hopkins__ | __Debbie Gale__ | __Joel Leising__ |
|---|---|---|
| Deputy Clerk | Court Reporter | Department of Justice |
| __TERRANCE LEE QUATKEMEYER__ | __Rodney Perlman, Retained__ | __N/A__ |
| Defendant | DFPD/APPTD/RTND/ Counsel | Interpreter |

PROCEEDINGS:    SENTENCING AND JUDGMENT

- [X] Refer to Judgment and Probation/Commitment Order; signed copy attached hereto.
- [ ] See below for sentence.
- [ ] Imprisonment for _____ years/months on each of counts _____
  Count(s) _____ concurrent/consecutive to count(s) _____
- [ ] Fine of $ _____ is imposed on each of count(s) _____ Concurrent/Consecutive.
  - [ ] Execution / Imposition of sentence as to imprisonment only suspended on count(s) _____
- [ ] Confined in jail-type institution for _____ to be served on consecutive days/weekends commencing _____
- [ ] _____ years/months Supervised Release/Probation imposed on count(s) _____ consecutive/concurrent to count(s) _____ under the usual terms & conditions (see back of Judgment/Commitment Order) and the following additional terms and conditions, under the direction of the Probation Office:
  - [ ] Perform _____ hours of community service.
  - [ ] Serve _____ in a CCC/CTC.
  - [ ] Pay $ _____ fine amounts & times determined by P/O.
  - [ ] Make $ _____ restitution in amounts & times determined by P/O.
  - [ ] OTHER CONDITIONS: _____

CONFIDENTIAL
GI03125

- [ ] Pursuant to Section 5E1.2(e), all fines are waived, including costs of imprisonment & supervision. The Court FINDS the defendant does not have the ability to pay.
- [ ] Pay $ _____, per count, special assessment to the United States for a total of $ _____
- [ ] Pursuant to Section 5E1.2(e), all fines are waived, including costs of imprisonment & supervision. The Court FINDS the defendant does not have the ability to pay.
- [ ] Pay $ _____, per count, special assessment to the United States for a total of $ _____
- [ ] Imprisonment for _____ months/years and for a study pursuant to 18 USC _____ with results to be furnished to the Court within _____ days/months whereupon the sentence shall be subject to modification. This matter is set for further hearing on _____
- [X] Government's motion, all remaining count(s)/underlying indictment/information, ordered dismissed.
- [ ] Defendant informed of right to appeal.
- [ ] ORDER sentencing transcript for Sentencing Commission.   [X] Processed statement of reasons.
- [X] Bond exonerated   [X] upon surrender   [ ] upon service of _____
- [X] Execution of sentence is stayed until 12 noon, on or before __April 1, 2002__, at which time the defendant shall surrender to the designated facility of the Bureau of Prisons, or, if no designation made, to the U.S. Marshal.
- [ ] Defendant ordered remanded to/released from custody of U.S. Marshal forthwith.
- [ ] Present bond to continue as bond on appeal.
- [ ] Appeal bond set at $ _____
- [ ] Filed and distributed judgment. Issd JS-3. ENTERED.

ENTER ON ICMS
MAR 4 2002
Deputy Clerk Initials

S-PB000382

CR 90 (6/00)    CRIMINAL MINUTES - SENTENCING AND JUDGMENT

Page 1 of 5

**United States District Court**
**Central District of California**

**UNITED STATES OF AMERICA vs.**         Docket No. CR-         SACR 00-18 DOC

| | |
|---|---|
| Defendant: TERRANCE LEE QUATKEMEYER | Social Security No.: ▓▓▓-▓▓-3868  ▓▓▓-▓▓-9836  ▓▓▓-▓▓-9866  ▓▓▓-▓▓-3688 |
| akas: Terry Lee Quatkemeyer; Terrance Quinn | |
| & Residence Address: 1377 Casiano Road, Los Angeles, CA 90049 | Mailing Address: Same |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.   MONTH 02   DAY 11   YEAR 2002

**COUNSEL** — [X] WITH COUNSEL — Rodney Perlman, Retained (Name of Counsel)

**PLEA** — [X] GUILTY, and the court being satisfied that there is a factual basis for the plea. [ ] NOLO CONTENDRE [ ] NOT GUILTY

**FINDING** — There being a finding/verdict of [ ] GUILTY, defendant has been convicted as charged of the offense(s) of:

18 USC 1014 and 2: False Statements and Aiding and Abetting (Counts 7, 10, and 14 of the Indictment), Class B Felonies.

**JUDGMENT AND PROB./ COMMITMENT ORDER** — The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

It is ordered that the defendant shall pay to the United States a special assessment of $200.00.

It is further ordered that the defendant shall pay restitution in the total amount of $180,000.00 pursuant to 18 USC 3663

The amount of restitution ordered shall be paid as follows:

| Victim | Amount |
|---|---|
| Eddie Ikard et. al. | $ 89,289.27 |
| Michael Smolens | $ 3,652.43 |
| Leo Thrasher | $ 11,439.32 |
| James Lewis | $ 16,612.54 |
| Steven Zabrodski | $ 13,723.43 |
| Harry and Elanine Lindsey | $ 4,333.69 |
| Wayne E. Godfrey | $ 1,444.50 |

CONFIDENTIAL
GI03126

S-PB000383

**United States District Court**
**Central District of California**

UNITED STATES OF AMERICA  
vs

Docket No. SA CR 00-18 DOC

Defendant TERRANCE LEE QUATKEMEYER

DATE: February 11, 2002

## JUDGMENT AND PROBATION/COMMITMENT ORDER

**continued from page 1**

| | | |
|---|---|---|
| Jordan Paul | $ 10,834.25 | |
| Rudy Van Erkelens | $ 2,889.09 | |
| Wescom Credit Union 14511 Franklin Tustin, CA | $ 25,781.48 | |
| **TOTAL:** | **$ 180,000.00** | |

A partial payment of $12,00.000 shall be due immediately. The balance shall be due during the period of imprisonment, directed by the Court or the United States Attorney, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, monthly payments of $3,000.00 shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision.

Pursuant to Section 5E1.2(e) of the Guidelines, all fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Terry Quatkemeyer, is hereby committed on Count 7, 10, and 14 of the Indictment, Docket No. SACR 00-0018, and the Single-Count Information Docket No. SACR 01-0030, to the custody of the Bureau of Prisons to be imprisoned for a term of thirty (30) months.

This term consists of thirty (30) months on each count, to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years. This term consists of five years on each of Counts 7, 10, and 14 of the Indictment, and three years on the Single-Count Information all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with General Order No. 01-05.

2. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318.

3. During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.

4. The defendant shall participate in a psycho-logical/psychiatric counseling or treatment program, as approved and directed by the Probation Officer.

CONFIDENTIAL
GI03127

S-PB000384

Page 3 of 5

U.S.A. vs TERRANCE LEE QUATKEMEYER          Docket No.: SA CR 00-18 DOC

5. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, without the prior written approval of the Probation Officer; further, the defendant shall not use, for any purpose or in any manner, any name other than his true legal name.

6. The defendant shall submit person and property to search or seizure at any time of the day or night by any law enforcement officer, with or without a warrant and with or without reasonable or probable cause.

7. The defendant shall not possess, have under his control or have access to any firearm, explosive device or other dangerous weapon, as defined by federal, state or local law.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse. However, the defendant shall abstain from using illicit drugs or alcohol and abusing prescription medications during the period of supervision.

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons on or before 12:00 noon on April 1, 2002. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at:

United States Court House
411 West Fourth Street
Santa Ana, California 92701-4516

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

☐ This is a direct commitment to the Bureau of Prisons, and the Court has NO OBJECTION should the Bureau of Prisons designate defendant to a Community Corrections Center.

Signed by: U. S. District Judge _David O. Carter_          Date _February 12, 2002_
                                  David O. Carter

It is ordered that the Clerk deliver a certified copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

FEB 13 2002

Dated/Filed _____

CONFIDENTIAL
GI03128

Sherri R. Carter, Clerk
By _____
Kristee Hopkins, Deputy Clerk

S-PB000385