Page 4 of 5

U.S.A. vs TERRANCE LEE QUATKE...YER                Docket No.: SA CR 00-18 DOC

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall comply with the additional conditions on the attached page(s) pursuant to General Orders 3,16 and 01-05.

### Statutory Provisions Pertaining to Payment and Collection of Financial Sanctions

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
   Private victims (individual and corporate),
   Providers of compensation to private victims,
   The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

### Special Conditions for Probation and Supervised Release

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

CONFIDENTIAL
GI03129

S-PB000386

Page 5 of 5

U.S.A. vs TERRANCE LEE QUATKE    YER                Doc! No.: SA CR 00-18 DOC

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependants and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;
15. the defendant shall not possess a firearm or other dangerous weapon;
16. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours.

These conditions are in addition to any other conditions imposed by this Judgment.

### RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____, the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

UNITED STATES MARSHAL

DATED: _____   BY: _____

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT

DATED: _____   BY: _____
Kristee Hopkins, Deputy Clerk

CONFIDENTIAL
GI03130

AO-245-A (01/90)    JUDGMENT AND PROBATION/COMMITMENT ORDER    S-PB000387

PRESENT:

| Susan R. Sedei | Debbie Gale | Joel Leising |
|---|---|---|
| Deputy Clerk | Court Reporter | Asst. DOJ Attorney |

INTERPRETER: _____

======================================================

| U.S.A. vs (Dfts listed below) | Attorneys for Defendants |
|---|---|
| 1) TERRY LEE QUATKEMEYER | 1) Rodney Perlman |
| _X_ pres ___ custody _X_ bond | _X_ pres ___ apptd _X_ retnd |

PROCEEDINGS:     CHANGE OF PLEA

_X_  Defendant moves to change plea to the Indictment

_X_  Defendant sworn

_X_  Defendant enters new and different plea of GUILTY to Count(s) _7, 10 and 14 of the Indictment_

_X_  The Court questions the defendant regarding plea of GUILTY and FINDS that a factual basis has been laid and Further FINDS the plea is knowledgeable and voluntarily made. The Court ORDERS the plea accepted and entered.

_X_  The Court refers the defendant to the Probation Office for investigation and report and the matter is continued to _October 25, 2001, at 8:00 a.m._ for sentencing.

_X_  The Court Further ORDERS _trial presently set for April 3, 2001, at 8:30 a.m. with a 10 day estimate is vacated._

_X_  Other _Conditions of bond to remain in full force and effect._

cc: AUSA
    USPO
    PSA

ENTER ON ICMS
APR -5 2001

S-PB000388

CONFIDENTIAL
GI03131

MINUTES FORM 6
CRIM - GEN

Initials of Deputy Clerk ____

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA, | CASE NUMBER |
|---|---|
| PLAINTIFF, | CR- SA 00-18 |
| v. Terry Lee Quattlemeyer | NOTICE DIRECTING DEFENDANT TO APPEAR FOR ARRAIGNMENT ON INDICTMENT/INFORMATION |
| DEFENDANT. | |

YOU ARE HEREBY NOTIFIED AND DIRECTED to appear before United States Magistrate Judge **Swartz**, Courtroom 1439, 14th Floor, Roybal Federal Building, 255 East Temple Street, Los Angeles, California, at 8:30 a.m. on MONDAY, **2/28/00**, at 8:30 a.m., at which time you shall be arraigned on the indictment / information. Upon arraignment, your case will be assigned to a Judge of this Court, before whom you must be prepared to appear the afternoon of the same day and enter a plea.

If you have retained your own attorney, he or she must be present with you on the above date. If you do not have an attorney, an attorney will be appointed to represent you at that time, provided you are without sufficient funds to retain a private attorney.

IF YOU FAIL TO APPEAR AT THE DATE, TIME AND PLACE INDICATED, YOUR PRESENT BOND WILL BE FORFEITED AND THE COURT WILL ISSUE A WARRANT FOR YOUR ARREST.

NOTE: If you are charged with offenses alleged to have been committed in <u>Orange, Riverside,</u> or <u>San Bernardino</u>, your case may be assigned for further proceedings in the Santa Ana Federal or Riverside Federal Courthouse <u>instead of Los Angeles as indicated above</u>. If so, notice will be mailed to you and your attorney, therefore, keep in close contact with your attorney so you will not waste time and effort by going to the wrong location.

CLERK, U. S. DISTRICT COURT

DATED: **2/24/00**      By **Amalia Carrillo**
Magistrate Judge Courtroom Deputy Clerk

cc: Criminal Calendar Clerk - Pink
U.S. Attorney - Blue
Defendant - Yellow

**CONFIDENTIAL**
**GI03132**

S-PB000389

ENTERED ON ICMS

M-62 (6/98)    NOTICE DIRECTING DEFENDANT TO APPEAR FOR ARRAIGNMENT (DIA)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, PLAINTIFF,

v.

Jerry Lee Quathemexer

DEFENDANT

CASE No.: CR. SA 00-18
DATE INDICTMENT FILED: 2/23/00
VIOLATION: 18 USC 1014; 215; 1957; 982; 2
TAPE No. 2-10   DATE 2/24/00

RECORD OF PROCEEDINGS - ARREST ON INDICTMENT

PROCEEDINGS BEFORE UNITED STATES MAGISTRATE JUDGE: Swanty
PRESENT: Amalia Carrillo   Elick Krieger   N/A
Deputy Clerk   Assistant U.S. Attorney   Interpreter / Language

- [x] Defendant informed of charge and right to appointment of counsel, if indigent. Bail review.
- [x] Defendant states his/her true name is [x] as charged  ☐ is _____
- ☐ Defendant advised of consequences of false statement in financial affidavit.
- [x] Attorney: Alan Brower   ☐ Ret'd   ☐ Appt'd.   ☐ DFPD   [x] Panel   ☐ Post Contribution Order
- [x] BOND SET AT $ 10,000 AB   SA Rodney Perlman & Charles Wehner

**TYPE OF BOND**

- ☐ Personal Recognizance (Signature only - no dollar amount)
- ☐ Unsecured Appearance Bond in amount of $_____
- [x] Appearance Bond in amount of $ 10,000
  - ☐ with cash deposit (amount or %) _____
  - [x] with affidavit of surety (no justification) (Form CR-4) by
  - ☐ with justification affidavit of surety (Form CR-3) Mary Kedinger
  - ☐ with deeding of property
- ☐ Collateral Bond in amount of $ _____ (cash or negotiable securities)
- ☐ Corporate Surety Bond in amount of $ _____ (Corporate Surety Bond requires separate form)
- ☐ Release NOW and justify by _____ OR appear before Magistrate Judge _____
- ☐ _____ AM/PM on _____
- [x] Post-Indictment Arraignment set for: 0/28/00 before Magistrate Judge _____ at 8:30 A.M.
- ☐ Court ORDERS medical Abstract issued re: _____
- ☐ OTHER: _____
- [x] BOND POSTED: Date 2/24/0

**CONDITIONS OF RELEASE**

- [x] PSA Supervision   [x] Intensive
- ☐ Surrender passport
- ☐ Bail subject to Nebbia Hearing
- [x] Travel restricted to CDC
- [x] Avoid places of egress
- ☐ Alcohol/Drug testing _____
- [x] Not illegally use or possess drugs or be in the presence of anyone illegally using or possessing drugs.
- ☐ Release only to PSA
- ☐ Residence approved by PSA
- [x] Not possess firearms or be in the presence of anyone using or possessing firearms
- [x] Other Meet w/ PTS once a wk by tele, once a mo in person, maintain employment, maintain current residence, only use true name

Release ORDERED. No. 27194

cc:  PIA Calendar Clerk   (Pink)
     U.S. Attorney        (Blue)
     Defendant            (Yellow)
     PSA                  (Green)

Magistrate Judge Courtroom Deputy Clerk

ENTERED ON CMS

CONFIDENTIAL
GI03133

S-PB000390

United States District Court
Central District of California

SCAN ONLY

ENTERED
3-4-2002
MAR 4 2002
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
OFFICE
DEPUTY

UNITED STATES OF AMERICA vs.   Docket No. CR: SACR 01-30 DOC

Defendant: TERRANCE LEE QUATKEMEYER
akas: Terry Lee Quatkemeyer; Terrance Quinn
& Residence Address: 1377 Casiano Road, Los Angeles, CA 90049
Mailing Address: Same
Social Security No.: 3866  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
                     9888  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

## JUDGMENT AND PROBATION/COMMITMENT ORDER

| MONTH | DAY | YEAR |
|---|---|---|
| 02 | 11 | 2002 |

In the presence of the attorney for the government, the defendant appeared in person on this date.

**COUNSEL**: [X] WITH COUNSEL — Rodney Perlman, Retained (Name of Counsel)

**PLEA**: [X] GUILTY, and the court being satisfied that there is a factual basis for the plea.   [ ] NOLO CONTENDRE   [ ] NOT GUILTY

**FINDING**: There being a finding/verdict of [ ] GUILTY, defendant has been convicted as charged of the offense(s) of:

18 USC 371: Conspiracy (Single-Count Information), Class D Felony

**JUDGMENT AND PROB./COMMITMENT ORDER**: The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

It is ordered that the defendant shall pay to the United States a special assessment of $200.00.

It is further ordered that the defendant shall pay restitution in the total amount of $180,000.00 pursuant to 18 USC 3663.

The amount of restitution ordered shall be paid as follows:

| Victim | Amount |
|---|---|
| Eddie Ikard et. al. | $ 89,289.27 |
| Michael Smolens | $ 3,652.43 |
| Leo Thrasher | $ 11,439.32 |
| James Lewis | $ 16,612.54 |
| Steven Zabrodski | $ 13,723.43 |
| Harry and Elanine Lindsey | $ 4,333.69 |
| Wayne E. Godfrey | $ 1,444.50 |

ENTER ON JCMS
MAR 4 2002

CONFIDENTIAL
GI03134

S-PB000391

United States District Court
Central District of California

.TED STATES OF AMERICA  
vs  

Defendant  TERRANCE LEE QUATKEMEYER

Docket No. SA CR 01-30 DOC

DATE: February 11, 2002

## JUDGMENT AND PROBATION/COMMITMENT ORDER

continued from page 1

| | | |
|---|---|---|
| Jordan Paul | $ | 10,834.25 |
| Rudy Van Erkelens | $ | 2,889.09 |
| Wescom Credit Union<br>14511 Franklin<br>Tustin, CA | $ | 25,781.48 |
| **TOTAL:** | **$** | **180,000.00** |

A partial payment of $12,00.000 shall be due immediately. The balance shall be due during the period of imprisonment, as directed by the Court or the United States Attorney, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, monthly payments of ?00.00 shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision.

Pursuant to Section 5E1.2(e) of the Guidelines, all fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Terry Quatkemeyer, is hereby committed on Count 7, 10, and 14 of the Indictment, Docket No. SACR 00-0018, and the Single-Count Information, Docket No. SACR 01-0030, to the custody of the Bureau of Prisons to be imprisoned for a term of thirty (30) months.

This term consists of thirty (30) months on each count, to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years. This term consists of five years on each of Counts 7, 10, and 14 of the Indictment, and three years on the Single-Count Information, all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with General Order No. 01-05.

2. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318.

3. During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.

4. The defendant shall participate in a psycho-logical/psychiatric counseling or treatment program, as approved and directed by the Probation Officer.

CONFIDENTIAL
GI03135

S-PB000392

U.S.A. vs TERRANCE LEE QUATKEMEYER                               Docket No.:  SA CR 01-30 DOC

5.  The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, without the prior written approval of the Probation Officer; further, the defendant shall not use, for any purpose or in any manner, any name other than his true legal name.

6.  The defendant shall submit person and property to search or seizure at any time of the day or night by any law enforcement officer, with or without a warrant and with or without reasonable or probable cause.

7.  The defendant shall not possess, have under his control or have access to any firearm, explosive device or other dangerous weapon, as defined by federal, state or local law.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse. However, the defendant shall abstain from using illicit drugs or alcohol and abusing prescription medications during the period of supervision.

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons on or before 12:00 noon on April 1, 2002. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at:

United States Court House
411 West Fourth Street
Santa Ana, California 92701-4516

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

☐This is a direct commitment to the Bureau of Prisons, and the Court has NO OBJECTION should the Bureau of Prisons designate defendant to a Community Corrections Center.

Signed by: U. S. District Judge _____David O. Carter_____    Date _February 12, 2002_
                                 David O. Carter

It is ordered that the Clerk deliver a certified copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer

FEB 13 2002
ad/Filed _____

                                                    Sherri R. Carter, Clerk
                                                    By _____
                                                    Kristee Hopkins, Deputy Clerk

CONFIDENTIAL
GI03136

S-PB000393

U.S.A. vs TERRANCE LEE QUATKEMEYER                              Docket No.: SA CR 01-30 DOC

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall comply with the additional conditions on the attached page(s) pursuant to General Orders 348 and 01-05.

### Statutory Provisions Pertaining to Payment and Collection of Financial Sanctions

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

### Special Conditions for Probation and Supervised Release

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

CONFIDENTIAL
GI03137

S-PB000394