# SANITEC

The World Leader in Advanced Medical Waste Treatment Technologies

October 31, 2003

John R. Climaco, Esq.
Climaco Lefkowitz Peca Wilson & Garofoli
1228 Euclid Avenue Suite 900
Cleveland OH 44115

BY MAIL AND FAX
FAX: 216-771-1632

Dear Mr. Climaco,

Reference our exchange of correspondence in July of this year concerning your representation of Sanitec, Ltd. and your reliance upon Mr. Babos as your source of information as to the authority for Sanitec, Ltd.

As of now you do not represent Sanitec, Ltd. and cannot speak for the company. In fact, as you must recognize, there is a huge conflict of interest for you between the interests of Sanitec, Ltd. and Sanitec West/Harkess in the MOU you have proposed to the defendants and interveners.

The facts simply put are these:
1. Terry Quinn started and owned all of Windsor Holdings.
2. Windsor Holdings is the majority owner of Sanitec Worldwide, Ltd., which owns all of Sanitec, Ltd.
3. Mr. Quinn terminated David Kaye as Managing Member of Windsor in May 2002 and created Windsor Trust in June 2002. As Settlor of this Trust, he conveyed Windsor Holdings to the Trust.
4. At no time did Mr. Quinn ever convey ownership of Windsor Holdings to anyone else but to Windsor Trust. He has confirmed this fact to Chris Campbell of the Geragos law firm just this past week and has confirmed this to Mr. Babos as well.
5. Windsor Trust voted the Windsor Holdings shares of Sanitec Worldwide for a new Board, which elected new officers. Worldwide voted its shares of Sanitec, Ltd. for a new Board, which elected new officers. Neither Jim Harkess nor David Kaye is on these Boards. In fact, Mr. Harkess was never an officer or director of Sanitec, Ltd.

S-PB000059

2

6. In sum, I am the Chairman and President of Sanitec, Ltd. and I do not accept your representation so long as you present the existing MOU.

As you were advised by Jeffrey Weinsten, we are trying to work out an amicable resolution with David Kaye and Jim Harkess who are claiming to act on behalf of Sanitec West, but that has not been completed. In fact, Dr. Reidinger's attorney now advises me that she, not Harkess or Kaye, has the authority over West. You have received such notification. We will try to work out an agreement between all of these people.

In sum, you do not represent Sanitec, Ltd. If necessary, we will take this matter up with Judge Nugent. However, we continue to believe that stirring the waters does not help the plaintiffs in this case against the defendants nor assist the interveners. Rather than be litigious amongst ourselves, may I suggest that you take these facts of Sanitec, Ltd. and Sanitec West ownership and control into account, confront Mr. Harkess and Mr. Kaye and press for an amicable solution. This will either be resolved amongst us with support from the good offices of Climaco and Geragos, or result in another protracted litigation. Finally, knowing what you do, we think it is unconscionable for you to press for an execution of your MOU, claiming you represent Sanitec, Ltd. especially in light of the conflicted position you have regarding your MOU.

I am not sending this letter to the court or any defendants, as I do not wish to complicate the official case. However, I am sending this to Chris Campbell, whose assistance might be helpful in shining the light of truth and reality to Messrs. Harkess and Kaye.

As an aside, Mr. Quinn recognizes that in any settlement of the Cleveland and Cincinnati cases, he would have to relinquish any ownership, directly or indirectly, of any Sanitec or Newco.

We truly believe this matter can be resolved quickly once Mr. Harkess is properly enlightened and motivated. Of course, Dr. Reidinger must approve as well. Upon agreement, I am certain both Sanitecs would want you to represent us with a modified MOU.

Please respond to us at the North Salem, NY address.

S-PB000060

**3**

Very truly yours,

*James H. Smith*
James H. Smith
Chairman and President
Sanitec, Ltd.

S-PB000061