## Issued by the
# UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SANITEC WEST**, *et al.*,  Plaintiffs,  v.  **JOSEPH DELLOIACOVO**, *et al.*,  Defendants. | **SUBPOENA IN A CIVIL CASE**  Case Number: 1:02 CV 1582  District Court  Northern District Of Ohio  Eastern Division |

TO:  Peter J. Babos
Law Offices of Peter J. Babos
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292
(310) 577-0014

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Munger, Tolles & Olson LLP  355 South Grand Avenue, 35th Floor  Los Angeles, California 90071-1560 | January 30, 2004, 9:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See attachment 1 hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Munger, Tolles & Olson LLP  355 South Grand Avenue, 35th Floor  Los Angeles, California 90071-1560 | January 30, 2004, 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  [signature] ATTORNEY FOR PLAINTIFF | DATE  January 13, 2004 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard J. Oparil, PATTON BOGGS LLP, 2550 M Street, NW, Washington, DC 20037 202.457.6000

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing under burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issues shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless command to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copying the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issues. If objection has been made, the part serving the subpoena may, upon notice of the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a part or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issues shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transactions business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the part in whose behalf the subpoena is issues shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assurances that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspondence with the categories in demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ATTACHMENT 1 to
Subpoena Duces Tecum Peter J. Babos

Pursuant to Fed.R.Civ. 45, the following definitions and instructions to apply to the production of documents pursuant to this Subpoena.

## GENERAL INSTRUCTIONS

1. The provisions contained in the Local Court Rules of the United States District Court for the Northern District Of Ohio are incorporated by reference as if fully set forth herein.

2. Each Request is to be fully and separately answered. Should an objection to a Request be interposed, it should indicate the part of the Request to which it is directed.

3. With respect to each Request, if the witness is able to provide some, but not all, of the information requested, he must provide such information as it is able, and identify specifically the items as to which it does not have sufficient information to respond fully.

4. If the witness refuses to answer any Request in whole or in part, state the grounds for such refusal including any claim of privilege(s) or any other claim of immunity from disclosure in sufficient detail to permit the Court to adjudicate the validity of the refusal. In addition, identify each document and oral communication for which such a privilege(s) is claimed, and state specifically the privilege(s) being relied upon. In particular, provide

   a. the date of the document;

   b. the name of any author of the document;

1

    c.    the name of any addressee of the document;

    d.    the name of any recipient of the document;

    e.    a brief description of the nature and subject matter of the document; and

    f.    the complete factual and legal basis for the claim of privilege or immunity.

5.    These instructions shall be deemed continuing so as to require supplemental answers if the witness obtains further information between the time the answers are served and the time of final judgment.

6.    Unless otherwise noted, these requests are not limited in time.

## DEFINITIONS

1.    "Babos" means Peter J. Babos and all of his present and former employees, partners, and agents.

2.    "Windsor" means Windsor Holdings, LLC and all of its present and former officers, directors, employees, partners, subsidiaries or affiliates, representatives, attorneys, investigators, consultants, and agents, as well as any predecessor-in-interest.

3.    "Worldwide" means Sanitec Worldwide, Ltd. and all of its present and former officers, directors, employees, partners, subsidiaries or affiliates, representatives, attorneys, investigators, consultants, and agents, as well as any predecessor-in-interest.

4.    "Limited" means Sanitec, Ltd. and all of its present and former officers, directors, employees, partners, subsidiaries or affiliates, representatives, attorneys, investigators, consultants, and agents, as well as any predecessor-in-interest, including without limitation, Sanitec, Inc.

5.    As used herein, all plural terms shall include the singular and all singular terms shall include the plural, masculine and feminine terms shall be construed each to

include the other, and the terms "and" as well as "or" shall be construed disjunctively or conjunctively, as necessary in order to bring within the scope of the Requests all responses which might otherwise be construed to be outside their scope.

6. The terms "refers," "referring," "relates" or "relating" include, but are not limited to, the following meanings: bearing upon, concerning, addressing, respecting, regarding, discussing, mentioning, describing, reflecting, responding to, identifying, constituting, pertaining to, having to do with, or being in any way relevant to the given subject.

7. The terms "describe," "state" or "set forth," shall mean to provide fully and unambiguously every fact relevant to the answer called for by a Request of which The witness has knowledge.

8. The term "all" and the term "each" shall be construed individually as encompassing both all and each.

9. The term "date" means the exact month, day and year, to the extent known, or, if not known, the witness' best approximation thereof. If the provided date is an approximation, The witness must so indicate.

10. The term "person" refers to natural persons, groups of natural persons, corporations, partnerships, joint ventures, firms, and any other incorporated or unincorporated entity or association.

11. The term "documents" shall be construed to include all documents and tangible things subject to discovery as provided in Rule 34 of the Federal Rules of Civil Procedure.

12.     The term "communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise), orally, in writing, or in any other form.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

1. All documents concerning, referring to and/or relating to the ownership of Windsor.

2. All documents concerning, referring to and/or relating to the ownership of Worldwide.

3. All documents concerning, referring to and/or relating to the ownership of Limited.

4. All documents reflecting the corporate books and records of Windsor.

5. All documents reflecting the corporate books and records of Worldwide.

6. All documents reflecting the corporate books and records of Limited.

7. All documents concerning, referring to and/or relating to the factual assertions in the December 18, 2003 letter from Babos to Richard Oparil (copy attached as Exhibit A).

8. All documents concerning, referring to and/or relating to the factual assertions in the January 12, 2004 electronic mail message from Babos to Richard Oparil (copy attached as Exhibit B).

9. All documents concerning, referring to and/or relating to James Harkess and/or David Kaye pertaining to Windsor, Worldwide and/or Limited.

10. All documents concerning, referring to and/or relating to communications between Babos and James Harkess pertaining to Windsor, Worldwide and/or Limited.

11. All documents concerning, referring to and/or relating to communications between Babos and David Kaye pertaining to Windsor, Worldwide and/or Limited.

12. All documents concerning, referring to and/or relating to communications between Babos and James H. Smith and/or any attorney acting on his behalf pertaining to Windsor, Worldwide and/or Limited.

13. All documents concerning, referring to and/or relating to communications between Babos and Jeffrey Weinsten and/or any attorney acting on his behalf pertaining to Windsor, Worldwide and/or Limited.

14. All documents concerning, referring to and/or relating to communications between Babos and Terry Lee Quatkemeyer (aka Terrance Quinn) and/or any attorney acting on his behalf pertaining to Windsor, Worldwide and/or Limited.

15. All documents concerning, referring to and/or relating to communications between Babos and Michael Weinsten, Esq. pertaining to Windsor, Worldwide and/or Limited.

16. All documents concerning, referring to and/or relating to the purported trust allegedly created by Terry Lee Quatkemeyer (aka Terrance Quinn).

17. All documents concerning, referring to and/or relating to moneys paid to or obtained by Babos from Limited, Windsor, and/or Worldwide.

LAW OFFICES OF
# PETER J. BABOS

PETER J. BABOS
E-MAIL ADDRESS
babooslaw@earthlink.net

4640 ADMIRALTY WAY
SUITE 600
MARINA DEL REY, CALIFORNIA 90292
TELEPHONE (310) 577-0014
FACSIMILE (310) 577-0032

BEVERLY HILLS OFFICE
115 SOUTH BEVERLY DRIVE
SUITE 301
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 273-0044
FAX (310) 551-1909

December 18, 2003

Mr. Richard J. Oparil, Esq.
Patton Boggs, LLP
8484 Westpark Drive
Suite 900
McLean, VA 22102-5117

VIA FACSIMILE
(703) 744-8001

Re:   ABB Sanitec West, Inc. and Sanitec, Ltd.

Dear Mr. Oparil:

I am writing in response to your letter of yesterday's date. With respect to Sanitec West, please be advised of the following:

1) Since I have now properly corrected a significant mistake in corporate formalities which wrongfully increased the Board of Directors from 3 to 5 members back in May of this year, any and all actions by that Board, including the recent purported resolutions promulgated by Mr. Nord Sorensen, are null and void.

2) Once again, as the Secretary and corporate attorney for the corporation, and the only other individual who participated in the events that then transpired, I can assure you and all others that there was no true "meeting of the minds" to increase the Board from 3 to 5 members in the fashion and manner that occurred. It was procedurally incorrect. The minutes I adopted did not reflect the actual agreement and mutual intentions between Dr. Riedinger and Mr. Harkess. Moreover, as I have stated previously, it has now become clear to me that Mr. Harkess' true intentions and motives at that time, and subsequent thereto, were and are self serving and in conscious disregard of Dr. Mary Riedinger's rights. Mr. Harkess has substantially breached his fiduciary duties owed to the proper Shareholders and Directors of the company.

3) For the record, other than the natural result arising from events described in Paragraph 1 above, any action suggested by Mr. Sorensen occurring on December 8 is of no force and effect. No proper Board or Shareholder meetings were noticed and called for by Mr. Sorensen. In fact, Nord Sorensen has never been appointed, nominated, or elected as an officer of the corporation. And as you well know, nor are there any resolutions signed by any persons other than Mr. Sorensen (unless perhaps Jim Harkess), none of which I have seen. It is most disconcerting to see an attorney of your purported caliber relying on such unsupported and defective evidence.

Mr. Richard J. Oparil, Esq.
December 18, 2003
Page Two

With respect to Sanitec, Ltd., I advise you of the following:

1) The assertion that Mr. Harkess owns all of Windsor Holdings is predicated on either a huge mistake, or perhaps certain conduct amounting to fraud. I think for the sake of preventing grave humiliation and other severe consequences for the party(s) involved, you need to speak to me directly and, I believe, immediately.

2) My relaying of Sanitec Worldwide information to Mr. Harkess on November 17, 2003 has no bearing on the actual facts relating to the true ownership of Windsor Holdings, LLC.

Notwithstanding all of the above, I wish to remind you that I maintain all corporate books and records of the Sanitec corporations from their very beginning. Once again, I am personally aware of and have participated in most, if not all, of the events that are presently in dispute. I would think you would try and take advantage of these facts and inquire further instead of putting yourself and your law firm in a position that may prove irreversible. Furthermore, it seems apparent now that your firm already has definite conflicts of interest in attempting to represent ABB Sanitec West, Sanitec, Ltd., and Jim Harkess, individually. The position your firm is currently taking is one that adheres to Mr. Harkess' individual goals and objectives – an attorney role that I believe has definite conflicts vis-a-vis Mary Riedinger and the subject corporate entities.

Finally, by this letter I am also authorizing and instructing Michael E. Weinsten and Steven J. Miller, attorneys for Dr. Mary Riedinger and Sanitec, Ltd., to advise Judge Nugent and any other appropriate parties of the matters contained herein.

Very truly yours,

PETER J. BABOS

pjb:ec
cc: Mr. Michael E. Weinsten, Esq. (via fax)
    Mr. Steven J. Miller, Esq. (via fax)
    Ms. Mary Riedinger (via fax)

## Oparil, Richard

**From:** Peter Babos [baboslaw@earthlink.net]
**Sent:** Monday, January 12, 2004 2:21 AM
**To:** Oparil, Richard
**Subject:** Re: Letter regarding telephone conversations.

Well Mr.Oparil, once again your word(s) are most inspiring and thoughtful given the situation!

I am tired but still hopeful. I will try one very last time to try and get you to see the error of Mr. Harkess' ways, and the error of your ways as legal counsel for him thus
far. Perhaps you can take one last look and come to see things for what they truly are.

To quickly reiterate the main conflict and points I have been raising:

1) Jim Harkess has fraudulently ordained himself as 100% shareholder of Windsor Holdings LLC by falsifying corporate records without authority or permission by the original owner. This was done in concert with David Kaye. The intent of who is meant to own, and who the real owner of Windsor Holdings is, is something very different and well known by Jim, David, myself and others. All of this is well documented and can be proven. It is my understanding that you have such supporting evidence in your possession. If you do not, I can clarify.

2) Once again, the increase of the Board of Sanitec West from 3 to 5 members was in error and not the true intent of Mary Riedinger. Moreover, the actions subsequently taken by the "new" 5 man board was improper, without proper notice to Ms. Riedinger, and done without regard to her rights as a shareholder. The additional 20% stock ownership given to Jim Harkess by the Board was in error, in poor business judgment, and without due consideration from Harkess. Again, I believe you have or should have documentation supporting this as well. If not, you will have to clarify with me.

3) Harkess has failed to communicate his intentions regarding Sanitec Industries, e.g. who will be the shareholders, officers, directors, etc. What business purpose the company is to have, etc., etc. His failure to communicate these intentions and hold them secret is a further breach of his fiduciary duties owing to Sanitec West. It also constitutes a usurpation of corporate opportunity to Sanitec West.

4) Harkess has failed for several months to provide the directors, officers and shareholders of Sanitec West with any financial information regarding the company, although written request has been made on numerous occasions. How much longer is the corporation to be left in the dark?

5) Demand is hereby further made that an update be given to myself and Mike Weinsten to pass on to Ms. Riedinger as to how and when the quarterly

1

interest payment due the investors this month will be paid.

The above points constitute the primary conflicts and issues at hand. There are several others of course and many other detailed factors to be considered before any final outcome can be achieved.

You state by allegations are baseless. Well I am here to clarify for you that they are not. The evidence is with me and part of the evidence is ME. Others who are very familiar with the true facts and can and will support all my allegations (including having perhaps separate allegations of their own) include other reputable attorneys such as Mitch Miller, Mark Geragos, Mark Hathaway and Mark Richardson.

You say my threats are vague. To be more specific, continuing the existing litigation, beginning new litigation, filing of applicable regulatory and criminal complaints, are all imminent. The details and specifics of which I must refrain from disclosing if I am at all to be considered a competent attorney.

You say that Mr. Harkess is unwilling to meet. Then, in stating again the position outlined above, can you at least tell us what Mr. Harkess wants? What would he like to see happen to resolve and settle this ordeal? Can you explain that to us so maybe we can come to terms and agree on something suitable for everyone without further conflict? What is Mr. Harkess afraid of? Can't he communicate through you his objectives and desires on how to end the fighting?

Once again, I have been providing you with facts, evidentiary support, percipient witnesses, intentions to settle, and continuing efforts to have dialogue with you and Mr. Harkess to try and settle this war. You and he have given absolutely nothing. If you would truly like to resolve things, it is a two way street. Your response thus far and apparent arrogance will do no one any good. When I use the word arrogance, it is primarily meant for Harkess, because I know him myself. I have dealt with him personally for over 2 years now -- much longer than you can possibly have come to know him by now, or know the true facts as I am trying my best to inform you of.

My intentions are good. Attorney to attorney I ask that you communicate with me and develop a dialogue. I am concerned also with you apparent conflicts of interest and association with the Firestone family. There is much at stake and many players involved. I respect that and hope and expect you do too. But time is clearly running out. I ask one final time that you, and you alone, make the effort to communicate with me. I will not speak to Jennifer King or anyone else at your firm at this point. It must now be just you and I.

I ask that you please seriously reflect on the above and choose to contact me by close of business, Tuesday, January 13, 2004. Matters will not wait beyond that!

Respectfully,

2

PJB

_____
Peter J. Babos, Esq.
4640 Admiralty Way
Suite 800
Marina Del Rey, CA 90292
Tel (310) 577-0014
Fax (310) 577-0032
Cell (310) 259-6228
Email Address:
baboslaw@earthlink.net

3

## PROOF OF SERVICE

| SERVED | DATE 1-15-04  2:00 P.m. | PLACE 4640 Admiralty Wy, #800 Marina del Rey, CA 90292 |
|---|---|---|
| SERVED ON (PRINT NAME) Peter Babos | | MANNER OF SERVICE Personal Service |
| SERVED BY (PRINT NAME) Louise Dover | | TITLE Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  1-15-04
            DATE

SIGNATURE OF SERVER  Louise M. Dover

ADDRESS OF SERVER
Torris Legal Service
3740 Bluff Place
San Pedro, CA 90731
310-547-9855

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing under burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issues shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless command to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to Inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copying the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issues. If objection has been made, the part serving the subpoena may, upon notice of the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a part or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issues shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transactions business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.

(B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the part in whose behalf the subpoena is issues shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assurances that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspondence with the categories in demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.