# PATTON BOGGS LLP
## ATTORNEYS AT LAW

2550 M Street NW
Washington DC 20037
(202) 457-6000

Facsimile (202) 457-6315

February 10, 2004

Richard J. Oparil
(202) 457-6496
roparil@pattonboggs.com

*By Fax*

Steven J. Miller, Esq.
Goodman Weiss Miller LLP
100 Erieview Plaza, 27th Floor
Cleveland, Ohio 44114-1882

Re:   *A.B.B. Sanitec West, Inc., et al. v. Delloiacovo, et al.*
      United States District Court, Northern District of Ohio
      Case No. 01-02-1598-DCN

Dear Steve:

Attached to your February 2, 2004 brief regarding the ownership of Windsor was an affidavit of Mitchell Miller, Mr. Quinn's counsel. The affidavit clearly disclosed communications to and from Messrs. Miller and Quinn, as well as Mr. Quinn's other counsel, Peter Babos.

The disclosures in that affidavit constitute a waiver of the attorney-client privilege under California law. Section 912(a) of the California Evidence Code provides, in relevant part, that:

> [T]he right of any person to claim a privilege provided by Section 954 (lawyer-client privilege) . . . is waived with respect to a communication protected by the privilege if any holder of the privilege, without coercion, has disclosed a significant part of the communication or has consented to disclosure made by anyone. Consent to disclosure is manifested by any statement or other conduct of the holder of the privilege indicating consent to the disclosure, including failure to claim the privilege in any proceeding in which the holder has the legal standing and opportunity to claim the privilege.

Moreover, the waiver extends to the subject matter of the disclosed communications, *i.e.*, Windsor. *See, e.g., Aclara Biosciences, Inc. v. Caliper Techs. Corp.*, 2000 U.S. Dist. Lexis

**PATTON BOGGS** LLP
ATTORNEYS AT LAW

February 10, 2004
Page 2

10585 (N.D. Cal. June 16, 2000) ("It is well established that voluntary disclosure of the content of an attorney-client communication waives attorney-client privilege as to all other communications on the same subject matter.").

Please immediately provide me with all documents between or among Messrs. Quinn, Miller and Babos reflecting or relating to communications involving Windsor.

Please call me if you have any questions.

Very truly yours,

Richard J. Oparil

#3752935

## Confirmation Report - Memory Send

Time     : Feb-10-04  10:18am
Tel line : 2024576315
Name     : PATTON BOGGS LLP

| | | |
|---|---|---|
| Job number | : | 735 |
| Date | : | Feb-10 10:17am |
| To | : | 912163635835--0218670101 |
| Document pages | : | 03 |
| Start time | : | Feb-10 10:17am |
| End time | : | Feb-10 10:18am |
| Pages sent | : | 03 |
| Status | : | OK |

Job number  : 735          \*\*\* SEND SUCCESSFUL \*\*\*

# PATTON BOGGS LLP
### ATTORNEYS AT LAW

2550 M Street NW
Washington DC 20037
(202) 457-6000

Facsimile (202) 457-6315

| To: | Steven J. Miller, Esq. |
|---|---|
| Company: | Goodman Weiss Miller |
| Fax Number: | (216) 363-5835 |
| Phone Number: | (216) 696-3366 |
| Total Pages Including Cover: | 3 |
| From: | Richard J. Oparil |
| Sender's Direct Line: | (202) 457-6496 |
| Date: | February 10, 2004 |
| Client Number: | 021867.0101 |

Comments:

ANCHORAGE
DALLAS
DENVER
NORTHERN VIRGINIA
WASHINGTON, D.C.

Confidentiality Note: The documents accompanying this facsimile contain information from the law firm of Patton Boggs LLP which is confidential and/or privileged. The information is intended only for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this facsimile is strictly prohibited, and that the documents should be returned to this Firm immediately. If you have received this facsimile in error, please notify us by telephone immediately so that we can arrange for the return of the original documents to us at no cost to you.

If you did not receive all of the pages or find that they are illegible, please call (202) 457-6496.