17555 Ventura Blvd., Suite 200
Encino, CA 91316
(818)-922-0596 Office
(818)-922-0597 Fax
E-mail – info@strategicfinadv.com

**Strategic Financial Advisors**

# Fax

cc: JJW WD

To: ~~[struck]~~ Joe DelloIacovo    From: David Kaye

Fax: (973) 277-9048    Pages: 2 Inc. Cover Sheet

Phone:    Date: 10/15/01

Re: Attached    CC:

☐ Urgent  ☐ For Review  ☐ Please Comment  ☐ Please Reply  ☐ Please Recycle

• Comments:

Joe –
See attached. ~~and~~ Please get the guys to sign-off and date this note – Then, fax it back to me. I will send it on to Terry

David

**DEFENDANT'S EXHIBIT**
KAYE    K7
01-10-03    CSR HLL

GI00028

David: Please email this message to Joe Delloiacovo, Jeff Weinsten and Wayne Danson

To: David Kaye
Joe Delloiacovo
Jeff Weinsten
Wayne Danson

Gentlemen:

Negotiations with John Baird and Rudy Gonzalez have proceeded well. There is a "no-shop" condition in the agreement prohibiting Sanitec and its representatives from discussing the Offer with anyone other than Baird and Gonzalez. You cannot discuss this deal with anyone at all. The most you can say is that the Baird deal is still being negotiated, without giving any details. There is a huge penalty for violating the no-shop condition and that person will be held personally responsible for paying the penalty.

Terry Quinn

READ AND AGREED:

_David Kaye_ 10/15/01
David Kaye

_Joe Delloiacovo_

_Jeff Weinsten_

_Wayne Danson_

GI00029

17555 Ventura Blvd., Suite 200
Encino, CA 91316
(818)-922-0596 Office
(818)-922-0597 Fax
E-mail – Info@strategicfinadv.com

**Strategic Financial Advisors**

# Fax

cc: JJW
     WD

To: ~~illegible~~    From: David Kaye
Fax: (973) 277-9048    Pages: 2 Inc. Cover Sheet
Phone:    Date: 10/15/01
Re: Attached    CC:

☐ Urgent  ☐ For Review  ☐ Please Comment  ☐ Please Reply  ☐ Please Recycle

• Comments:

Joe –
See attached. Please get the guys to sign-off and date this note – Then, fax it back to me. I will send it on to Terry

David

David: Please email this message to Joe Delloiacovo, Jeff Weinsten and Wayne Danson

To: David Kaye
 Joe Delloiacovo
 Jeff Weinsten
 Wayne Danson

Gentlemen:

Negotiations with John Baird and Rudy Gonzalez have proceeded well. There is a "no-shop" condition in the agreement prohibiting Sanitec and its representatives from discussing the Offer with anyone other than Baird and Gonzalez. You cannot discuss this deal with anyone at all. The most you can say is that the Baird deal is still being negotiated, ~~with~~ *without* giving any details. There is a huge penalty for violating the no-shop condition ~~and~~ that person will be held personally responsible for paying the penalty.

Terry Quinn

READ AND AGREED:

_____  10/15/01
David Kaye

_____
Joe Delloiacovo

_____
Jeff Weinsten

_____
Wayne Danson

GI00029

*MEMORANDUM*



23 Fairfield Place
West Caldwell, NJ 07006 USA
Website: www.sanitec.net

Tel: 973-227-8855
Fax: 973-227-9048
Email: jweinsten@sanitec.net

**To:** Joe Delloiacovo   Wayne Danson
**Fr:** JEFFREY J. WEINSTEN
**Re:** Baird-Gonzalez Agreement
**Date:** October 16, 2001

1. Attached find the Term Sheet and the draft Asset Purchase Agreement from Baird Gonzalez Partners ("BGP").
2. David Kaye sent this to me to be distributed only to you.
3. The Term Sheet is signed and official.
4. We three need to read the Asset Purchase Agreement and collect the exhibits and schedules, etc.
5. On the Asset Purchase Agreement, we need to read it carefully to make certain the Agreement is accurate and makes sense for everybody. Because this was the collective work written by attorneys as a model and not specifically for this transaction, there will be many things not relevant or even harmful to one or both sides. After you have read the entire document please prepare a short memo or indicate on the margin what is of a concern and I will prepare a Memo to be sent to David Kaye after we each approve the language.
6. For the exhibits and schedules, I will prepare a list of schedules and exhibits and what they should contain and we can discuss who will be responsible for collecting the documents or information. Again, we should collect those here in NJ; thereafter they must be sent directly to Kaye. Kaye is responsible for coordinating all documents and presenting our concerns about the draft to Terry's LA corporate attorney. The final package for BGP will come from LA, not here.
7. Note: There is a date of October 31 to sign the Agreement unless extended by both parties. BGP will provide working capital to



DEFENDANT'S EXHIBIT KAYE K8 21-10-03 CSR-HLL   GI00030

Sanitec only after the Agreement is executed. We should want to accelerate the process.

8. Note: The Terms Sheet has a No Shop condition with a strict penalty. So far as I know, we three plus Terry and Kaye are the only ones who know about this deal. Terry is holding us responsible if we violate the No Shop.

9. I will coordinate the work we three have to do on this. If you foresee any difficulty, please advise me so that we can collectively meet the meet the deadline.

GI00031

ADDITIONAL RESPONSES TO
SECTION - CONTRACTS - COMMITMENTS

(g) Employment contract with Joe D.
Consulting contract with Salem Associates (Weinsten)
Consulting contract with Danson Partners (Wayne Danson)
(i) Employment contract with Joe D.
(k) There are violations of purchase, subcontract manufacturing and consulting contracts by late payment beyond terms.
(m) If "its business" means selling equipment, then this is true, we are not restricted, we just have reps. So we would not have to disclose anything more here.
(q) Are we guarantor of anyone else's obligations. I do not think so.
(s) This is true, except for the contracts previously stated in this section.

JD -

IN UPPER LEFT HAS WRITE

SECTION REP: CONTRACTS +
COMMITMENTS

Confidential Information
subject to Stipulation and Order C.A. No. 19851-NC

17555 Ventura Blvd., Suite 200
Encino, CA 91316
(818)-922-0596 Office
(818)-922-0597 Fax
E-mail – info@strategicfinadv.com

**Strategic Financial Advisors**

# Fax

To: Rudy G.        From: David Kaye
Fax: 707-281-0480  Pages: 6 Inc. Cover Sheet
Phone:              Date: 11/7/01
Re: Sanitec Extension

☐ Urgent   ☐ For Review   ☐ Please Comment   ☒ Please Reply   ☐ Please Recycle

• Comments:

Executed extension signed. One change – initial payment due 7 days after Definitive is signed – (14 days eliminated) Please initial change & execute document. Return to me by fax. When can we review our mark-up with you and your atty? Must happen quickly!! David

DEFENDANT'S
EXHIBIT
KAYE K9
9-10-03 CSR:MA

LTD 00661

PRIVILEGED AND CONFIDENTIAL

TERM SHEET
HIGHLY CONFIDENTIAL
October 31, 2001

Parties: Eden Environmental LLC ("Eden") a Delaware limited liability company and , a wholly owned subsidiary of Baird, Gonzalez & Partners LLC ("BGP") a Delaware limited liability company and Windsor Holdings LLC a California limited liability company ("Windsor") and Sanitec Worldwide Ltd.("SanWorld") a company incorporated under the laws of the State of Delaware and a wholly owned subsidiary of Windsor.

The Company: Sanitec Ltd., ("Sanitec") a company incorporated under the laws of the State of Delaware (the "Company") that is a wholly owned subsidiary of SanWorld who is a wholly owned subsidiary of Windsor.

Purpose and Description: Eden is offering ("Offer") to acquire all the assets (to be defined in the Definitive Agreement) of Sanitec Ltd for a purchase price of $9,000,000 ("Purchase Price"), subject to the terms and conditions set forth in the agreement to purchase all the assets of Sanitec ("Definitive Agreement").

Conditions: The terms and conditions of this transaction are subject to the standard terms and conditions including without limitation the following, collectively ("Conditions"):

(1) execution of a Definite Agreement between the parties by November 15, 2001;however. this date may be extended by mutual agreement between the parties. However, unless and until a Definitive Agreement has been executed and approved on terms that are mutually

LTD 00662

Confidential Information
subject to Stipulation and Order C.A. No. 19851-NC

|  |  |
|---|---|
|  | acceptable to both parties, and the other Conditions are satisfied, the parties will not be under any legal obligation of any kind with respect to the acquisition by virtue of this proposal. |
| (2) | execution of BGP's funding agreements with Eden and the receipt of funding thereunder to be defined in the Definitive Agreement; |
| (3) | the granting of all necessary governmental and third party approvals and consents for the transfer of all assets, to be defined in the Definitive Agreement, including without limitation all applicable Sanitec contracts, intellectual property, trademarks and related licenses as per Eden's request; |
| (4) | the execution of any additional documentation that may be necessary; |
| (5) | the absence of material adverse change to be defined in the Definitive Agreement; |
| (6) | the absence of adverse tax consequences to be defined in the Definitive Agreement; |
| (7) | any additional condition agreed upon by the parties in the Definitive Agreement; and; |
| (8). | payment pursuant to the payment schedule (as defined in the Definitive Agreement) and outlined under Payment below. |

Payment:   The Purchase Price of $9,000,000 for the assets, to be defined in the Definitive Agreement, of Sanitec is subject to the aforementioned Conditions and in accordance with the following payment schedule:

Schedule:
(1) Within 7 ~~business~~ days after execution of a Definitive Agreement ("Execution Date"), Eden will pay Sanitec $1,800,000;
(2) Within 60 days after the Execution Date Eden will pay Sanitec the remaining balance of $7,200,000.;
(3) If within 60 days after the Execution Date Eden has not paid Sanitec the Purchase Price in full, then Eden will make an additional payment of $1,000,000 ("Penalty Payment") to Sanitec;

LTD 00663

*Confidential Information*
subject to Stipulation and Order C.A. No 19851-NC

    (5)    If within 90 days after the Execution Date, Eden has not paid the Purchase Price to Sanitec, then the Penalty Payment will increase by $500,000 for a new total Penalty Payment of $1,500,000;

    (6)    If within 105 days after the Execution Date Eden has not paid the Purchase Price to Sanitec then the Penalty Payment will increase by $500,000 for a new total Penalty Payment of $2,000,000;

    (7)    If within 120 days after the Execution Date Eden has not paid the Purchase Price to Sanitec then the Penalty Payment will increase by $500,000 for a new total Penalty Payment of $2,500,000;

    (8)    If within 135 days after the Execution Date Eden has not paid the Purchase Price to Sanitec then the Penalty Payment will increase by $500,000 for a new total Penalty Payment of $3,000,000;

    (9)    If within 150 days after the Execution Date Eden has not paid the Purchase Price and Penalty Payments, if any, to Sanitec, then any unpaid portion of the Purchase Price, if any, plus any unpaid portion of the Penalty Payments, if any, ("Outstanding Balance") will begin to accrued interest at a rate of 10% per annum;

    (10)    If by June 30, 2002, the Outstanding Balance to Sanitec has not been paid, then Eden will be in default.

    (11)    The Penalty Payments, if any, can not exceed $3,000,000.

**Arbitration:** Final and binding arbitration award issued by a panel of five arbitrators pursuant to the rules of the American Arbitration Association.

**Confidentiality:** The contents of this document, as well as its existence and all discussions between the parties relating to this document, the Offer and the transactions contemplated hereby, are intended solely for the use of Eden, BGP and Windsor and their representatives, and will be kept confidential by the parties.

**No Shop:** The Offer becomes null and avoid if it is discussed, distributed or presented to any parties other than Eden, BGP, Windsor,

LTD 00664

*Confidential Information*
subject to Stipulation and Order C.A. No 19851-NC

|  |  |
|---|---|
|  | Sanitec or their representatives. Any breach of the No Shop by Windsor, Sanitec or its representatives will require Sanitec to pay $1,000,000 to Eden upon demand. Any activity initiated by Richard Carey after October 10, 2001 is excluded from this "No Shop" condition. |
| Expenses: | Each party will be responsible for any expenses incurred under this Offer or under the Definitive Agreement unless otherwise stated in the Definitive Agreement. |
| Assignment: | Neither Windsor nor Sanitec shall be permitted to sell, transfer or assign its interest under this Offer without the written consent of Eden, which consent is at the sole discretion of Eden. |
| Working Capital: | As soon as practicable after the execution of the Definitive Agreement, Eden will meet with the management of Sanitec to mutually ascertain the needs, if any, for working capital for Sanitec. Eden will accordingly fund a working capital loan for Sanitec. This working capital loan will not be deducted from the Purchase Price or from the Penalty Payments. However, if for any reason Eden does not acquire the assets of Sanitec, then Sanitec will repay the working capital loan to Eden upon demand. |
| Governing Law: | This Term Sheet, the Definitive Agreement and all other agreements related to this transaction will be governed by New York law, without regard to its principles of conflicts of law. |

In order to set forth their current intentions and understandings, the execution of this Term Sheet shall create a binding agreement and obligation hereunder. The parties have authorized their duly appointed representatives to sign this Term Sheet as of the date shown below. If this Term Sheet has not been executed by November 2, 2001, this Term Sheet shall terminate and be of no further force and effect except that the sections entitled "Confidentiality", "No Shop", "Expenses" and "Governing Law" shall survive any termination. This agreement, when executed, terminates all previous agreements written or oral between BGP or Eden and Windsor, SanWorld or Sanitec.

LTD 00665

*Confidential Information*
subject to Stipulation and Order C.A. No. 19851-NC

Dated as of October 31, 2001

Eden Environmental LLC

By:_____
Name: Rudolph Gonzalez
Title: Chief Financial Officer

Windsor Holdings LLC.

By: *[signature]*
Name: DAVID KAFF
Title: MANAGING MEMBER

LTD 00666