Attorney Docket No. 021867.0101                                    PATENT

## ASSIGNMENT

In consideration of the payment by ASSIGNEE to ASSIGNOR of the sum of One Dollar ($1.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged,

ASSIGNOR:

SANITEC GROUP, LLC
a Delaware Limited Liability Company

having a place of business at
23 Fairfield Place,
West Caldwell, New Jersey 07006

(1)    hereby sells, assigns, transfers, and conveys to

ASSIGNEE:

SANITEC INDUSTRIES, INC.,
a California Corporation

11570 Sunshine Terrace
Studio City, CA 91604

and the successors, assigns, and legal representatives of Assignee

(a)    the entire right, title and interest for the United States of America and its territorial possessions and in all foreign countries, including all rights to claim priority, in and to **U.S. Patent Serial No. 5,270,000** ('000 Patent) issued to Helmut Goldner, Reinhold Kamann, and Heinz Leinski on December 14, 1993 and entitled

APPARATUS AND PROCESS FOR TREATING MEDICAL HAZARDOUS WASTES

and the entire right, title, and interest in and to any inventions and discoveries described in said '000 Patent, any and all other patents and applications for patent on said inventions and/or discoveries, including all renewal applications, reissue applications, re-examination applications, and continuation applications (including, for example, but not limited to Divisional, Continuation, Continuation-In-Part (CIP), Continued Prosecution (CPA), and Request for Continued Examination (RCE) applications), and any patents issuing therefrom, based in whole or in part upon said inventions or discoveries, and/or claiming priority to and/or benefit of said '000 Patent, and every priority right that is or may be predicated upon or arise from said inventions, said discoveries, said applications, and/or said '000 Patent; and

the entire right, title, and interest in and to any substitute, international, foreign, and convention applications and patents drawn to any inventions and/or discoveries

described in and/or claiming priority to and/or benefit of said '000 Patent and every priority right that is or may be predicated upon or arise from said foreign applications and patents, to the extent that Assignor has any right, title, or interest in any such foreign applications and/or patents;

(b)     the entire right, title and interest for the United States of America and its territorial possessions and in all foreign countries, including all rights to claim priority, in and to **U.S. Patent Serial No. 5,529,687** ('687 Patent) issued to Joachim Mertsch on June 25, 1996 and entitled

FILLING SLUICE FOR APPLIANCES FOR THE TREATMENT OF INFECTIOUS WASTE,

and the entire right, title, and interest in and to any inventions and discoveries described in said '687 Patent, any and all other patents and applications for patent on said inventions and/or discoveries, including all renewal applications, reissue applications, re-examination applications, and continuation applications (including, for example, but not limited to Divisional, Continuation, Continuation-In-Part (CIP), Continued Prosecution (CPA), and Request for Continued Examination (RCE) applications), and any patents issuing therefrom, based in whole or in part upon said inventions or discoveries, and/or claiming priority to and/or benefit of said '687 Patent, and every priority right that is or may be predicated upon or arise from said inventions, said discoveries, said applications, and/or said '687 Patent, to the extent that Assignor has any right, title, or interest in said '687 Patent; and

the entire right, title, and interest in and to any substitute, international, foreign, and convention applications and patents drawn to any inventions and/or discoveries described in and/or claiming priority to and/or benefit of said '687 Patent and every priority right that is or may be predicated upon or arise from said foreign applications and patents, to the extent that Assignor has any right, title, or interest in any such foreign applications and/or patents;

(c)     the entire right, title and interest for the United States of America and its territorial possessions and in all foreign countries, including all rights to claim priority, in and to **U.S. Patent Application Serial No. 08/276,871** ('871 Application) filed in the name of Joachim Mertsch on July 18, 1994 and entitled

FILLING SLUICE FOR APPLIANCES FOR THE TREATMENT OF INFECTIOUS WASTE,

and the entire right, title, and interest in and to any inventions and discoveries described in said '871 Application, any and all other patents and applications for patent on said inventions and/or discoveries, including all renewal applications, reissue applications, re-examination applications, and continuation applications (including, for example, but not limited to Divisional, Continuation, Continuation-In-Part (CIP), Continued Prosecution (CPA), and Request for Continued Examination (RCE) applications), and any patents issuing therefrom, based in whole or in part upon

said inventions or discoveries and/or claiming priority to and/or benefit of said '871 Application, and every priority right that is or may be predicated upon or arise from said inventions, said discoveries, said applications, and/or said '871 Application; and

the entire right, title, and interest in and to any substitute, international, foreign, and convention applications and patents drawn to any inventions and/or discoveries described in and/or claiming priority to and/or benefit of said '871 Application and every priority right that is or may be predicated upon or arise from said foreign applications and patents, to the extent that Assignor has any right, title, or interest in any such foreign applications and/or patents;

(2)    (a)    hereby authorizes Assignee to file patent applications in any and all countries for any or all of said inventions and/or discoveries described in said '000 Patent in Assignor's name or in the name of Assignee or any name that Assignee may deem advisable, under an International Convention or Treaty or otherwise;

        (b)    to the extent that Assignor has any right, title, or interest in said '687 Patent, hereby authorizes Assignee to file patent applications in any and all countries for any or all of said inventions and/or discoveries described in said '687 Patent in Assignor's name or in the name of Assignee or any name that Assignee may deem advisable, under an International Convention or Treaty or otherwise;

        (c)    hereby authorizes Assignee to file patent applications in any and all countries for any or all of said inventions and/or discoveries described in said '871 Application in Assignor's name or in the name of Assignee or any name that Assignee may deem advisable, under an International Convention or Treaty or otherwise;

(3)    (a)    hereby authorizes and requests the Commissioner of Patents and Trademarks of the United States of America to issue or transfer said '000 Patent and all aforementioned applications and patents claiming priority to and/or benefit of or drawn to any inventions and/or discoveries described in said '000 Patent, including all divisional, renewal, reissue, re-examination, and continuation applications and any patents issuing therefrom, to Assignee, as Assignee of the entire right, title, and interest therein or otherwise as Assignee may direct;

        (b)    to the extent that Assignor has any right, title, or interest in said '687 Patent, hereby authorizes and requests the Commissioner of Patents and Trademarks of the United States of America to issue or transfer said '687 Patent and all aforementioned applications and patents claiming priority to and/or benefit of or drawn to any inventions and/or discoveries described in said '687 Patent, including all divisional, renewal, reissue, re-examination, and continuation applications and any patents issuing therefrom, to Assignee, as Assignee of the entire right, title, and interest therein or otherwise as Assignee may direct;

        (c)    hereby authorizes and requests the Commissioner of Patents and Trademarks of the United States of America to issue or transfer said '871 Application and all

aforementioned applications and patents claiming priority to and/or benefit of or drawn to any inventions and/or discoveries described in said '871 Application, including all divisional, renewal, reissue, re-examination, and continuation applications and any patents issuing therefrom, to Assignee, as Assignee of the entire right, title, and interest therein or otherwise as Assignee may direct;

(d)     hereby authorizes and requests the empowered officials of all other governments to issue or transfer all aforementioned substitute, international, foreign, and convention applications and patents drawn to any inventions and/or discoveries described in and/or claiming priority to and/or benefit of said '000 Patent, '687 Patent, and/or '871 Application, to the extent that Assignor has any right, title, or interest in any such foreign applications and patents, to Assignee; and

(4)     (a)     hereby binds Assignor's heirs, legal representatives, and assigns, as well as Assignor to do, upon Assignee's request and at Assignee's expense, but without additional consideration to Assignor or Assignor's heirs, legal representatives, or assigns, all acts reasonably serving to assure that said inventions and/or discoveries, said '000 Patent, and all aforementioned applications and patents claiming priority to and/or benefit of or drawn to any inventions and/or discoveries described in said '000 Patent, including all renewal applications, reissue applications, re-examination applications, and continuation applications (including, for example, but not limited to Divisional, Continuation, Continuation-In-Part (CIP), Continued Prosecution (CPA), and Request for Continued Examination (RCE) applications) and any patents issuing therefrom shall be held and enjoyed by Assignee as fully and entirely as the same could have been held and enjoyed by Assignor, Assignor's heirs, legal representatives, and assigns if this assignment had not been made; and particularly to execute and deliver to Assignee all lawful application documents including petitions, specifications, and oaths, and all assignments, disclaimers, and lawful affidavits in form and substance as may be requested by Assignee; to communicate to Assignee all facts known to Assignor relating to said '000 Patent, said applications and patents, and said inventions and/or discoveries or the history thereof; to furnish Assignee with any and all documents, photographs, models, samples, and other physical exhibits in Assignor's control or in the control of Assignor's heirs, legal representatives, or assigns which may be useful for establishing the facts of conceptions, disclosures, and reduction to practice of said inventions and/or discoveries; and to testify to the same in any interference, arbitration, or litigation;

(b)     to the extent that Assignor has any right, title, or interest in said '687 Patent, hereby binds Assignor's heirs, legal representatives, and assigns, as well as Assignor to do, upon Assignee's request and at Assignee's expense, but without additional consideration to Assignor or Assignor's heirs, legal representatives, or assigns, all acts reasonably serving to assure that said inventions and/or discoveries, said '687 Patent, and all aforementioned applications and patents claiming priority to and/or benefit of or drawn to any inventions and/or discoveries described in said '687 Patent, including all renewal applications, reissue applications, re-examination applications, and continuation applications (including, for example, but not limited to Divisional, Continuation, Continuation-In-Part (CIP), Continued Prosecution (CPA), and Request

for Continued Examination (RCE) applications) and any patents issuing therefrom shall be held and enjoyed by Assignee as fully and entirely as the same could have been held and enjoyed by Assignor, Assignor's heirs, legal representatives, and assigns if this assignment had not been made; and particularly to execute and deliver to Assignee all lawful application documents including petitions, specifications, and oaths, and all assignments, disclaimers, and lawful affidavits in form and substance as may be requested by Assignee; to communicate to Assignee all facts known to Assignor relating to said '687 Patent, said applications and patents, and said inventions and/or discoveries or the history thereof; to furnish Assignee with any and all documents, photographs, models, samples, and other physical exhibits in Assignor's control or in the control of Assignor's heirs, legal representatives, or assigns which may be useful for establishing the facts of conceptions, disclosures, and reduction to practice of said inventions and/or discoveries; and to testify to the same in any interference, arbitration, or litigation; and

(c)    hereby binds Assignor's heirs, legal representatives, and assigns, as well as Assignor to do, upon Assignee's request and at Assignee's expense, but without additional consideration to Assignor or Assignor's heirs, legal representatives, or assigns, all acts reasonably serving to assure that said inventions and/or discoveries, '871 Application, and all aforementioned applications and patents claiming priority to and/or benefit of or drawn to any inventions and/or discoveries described in said '871 Application, including all renewal applications, reissue applications, re-examination applications, and continuation applications (including, for example, but not limited to Divisional, Continuation, Continuation-In-Part (CIP), Continued Prosecution (CPA), and Request for Continued Examination (RCE) applications) and any patents issuing therefrom shall be held and enjoyed by Assignee as fully and entirely as the same could have been held and enjoyed by Assignor, Assignor's heirs, legal representatives, and assigns if this assignment had not been made; and particularly to execute and deliver to Assignee all lawful application documents including petitions, specifications, and oaths, and all assignments, disclaimers, and lawful affidavits in form and substance as may be requested by Assignee; to communicate to Assignee all facts known to Assignor relating to said '871 Application, said applications and patents, and said inventions and/or discoveries or the history thereof; to furnish Assignee with any and all documents, photographs, models, samples, and other physical exhibits in Assignor's control or in the control of Assignor's heirs, legal representatives, or assigns which may be useful for establishing the facts of conceptions, disclosures, and reduction to practice of said inventions and/or discoveries; and to testify to the same in any interference, arbitration, or litigation.

(5)    The undersigned hereby grant the attorneys of the firm of Patton Boggs LLP, Attorneys at Law, 8484 Westpark Drive, 9th Floor, McLean, VA 22102, the power to insert on this Assignment any further identification which may be necessary or desirable in order to comply with the rules of the United States Patent and Trademark Office for recordation of this document.

Attorney Docket No.  021867.0101                                    PATENT

(6)     In the event that any of the paragraph(s) or provision(s) of this Assignment is unenforceable or inapplicable for any reason, such paragraph(s) or provision(s) will be limited or deleted to the minimum extent necessary so that the remaining paragraphs and provisions remain in full force and effect.   Likewise, in the event that any assignment under this Assignment is unenforceable or inapplicable for any reason, such invalid assignment shall be disregarded and shall be void.  Each and every other assignment under this instrument shall be considered valid and shall remain in full force and effect.

(7)     To facilitate execution, this Assignment may be executed in as many counterparts as may be required. It shall not be necessary that the signature on behalf of both parties hereto appear on each counterpart hereof.  All counterparts hereof shall collectively constitute a single agreement.

IN WITNESS WHEREOF, we have hereunto set our hands and seals on the respective dates below.

ASSIGNOR:

By: _____

Its: _____

Date: _____


ASSIGNEE:

By: _____

Its: _____

Date: _____

#3630049

(Assignment page 6 of 6)