IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mildred W. Finch, et al.,            )
                                     )
            Plaintiffs,    )  Case No. 1:02-CV-132
                                     )
    vs.                              )
                                     )
George Fiorini, et al.,              )
                                     )
            Defendants.   )

<u>O r d e r</u>

On December 12, 2003, attorneys Dan L. Makee and Richard J. Oparil filed a motion to dismiss Plaintiffs' second amended complaint on behalf of Defendant Sanitec, Ltd. In the responsive memoranda, a disagreement about the representation of Sanitec, Ltd., became apparent. The Court was unable to resolve that disagreement on the basis of the documents then in the record and, on January 16, 2004, ordered Messrs. Makee and Oparil to show cause why the motion they filed on behalf of Defendant Sanitec, Ltd., should not be stricken on the ground that they did not represent that party. The Court ordered that any party or attorney who wished to reply to Messrs. Makee and Oparil do so on or before February 20, 2004.

The Court has reviewed the response of Messrs. Makee and Oparil to the January 16 Show Cause Order and has also reviewed the responsive filing of attorneys Steven J. Miller and Kimberly Y. Smith. Mr. Miller and Ms. Smith believe that they

represent Sanitec, Ltd., and identify the point of confusion as being the ownership of Windsor Holdings, LLC, which owns 51% of Sanitec Worldwide, Ltd.  Sanitec Worldwide, Ltd., apparently owns Sanitec, Ltd.

Having reviewed the competing filings, the Court is convinced that the issue of who properly represents Sanitec, Ltd., in this action cannot be resolved by this Court.  Windsor Holdings, LLC, is not a party to this litigation.  Issues related to its ownership are not fully presented here, and this Court is not persuaded that it may properly exercise jurisdiction over the subject matter of those issues.  In short, the Court is persuaded that it must hold any decision on the motion filed by Messrs. Makee and Oparil in abeyance pending resolution of issues related to the ownership of Windsor Holdings, LLC, by a court with jurisdiction to consider those issues.  Accordingly, the Court hereby **STAYS** all proceedings with respect to Defendant Sanitec, Ltd., until such time as issues related to the representation of that party are resolved, either independently of, or by virtue of, resolution of issues related to the ownership of Windsor Holdings, LLC.

Plaintiffs have not asserted substantive claims against Sanitec, Ltd.  Rather, according to their memorandum in opposition to the motion to dismiss filed by Messrs. Makee and Oparil, they have named Sanitec, Ltd., as a Defendant in this

action only because they seek the imposition of a constructive trust with respect to the assets of Sanitec, Ltd., as a remedy. The Court perceives no impediment to proceeding on Plaintiffs' substantive claims in this matter in spite of the stay imposed by this Order with respect to Sanitec, Ltd.  Accordingly, this matter will proceed in accordance with the Scheduling Order issued on December 3, 2003.

    **IT IS SO ORDERED.**

                                                                            _____/s/_____
                                                                            Sandra S. Beckwith
                                                                            United States District Judge