UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **MILDRED W. FINCH,** *et al.*, | ) | CASE NO. 1:02 CV 132 |
| Plaintiffs, | ) | |
| vs. | ) | JUDGE SANDRA S. BECKWITH |
| **GEORGE FIORINI, DBA FIORINI AGENCY,** *et al.*, | ) | SANITEC INDUSTRIES, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE |
| Defendants. | ) | FOR LIMITED PURPOSE |

Non-party, Sanitec Industries, Inc. ("SII"), seeks leave to intervene pursuant to Fed. R. Civ. P. 24 in order to respond to this Court's show cause order to oppose the motion of plaintiffs, Mildred W. Finch, *et al.* (collectively "Finch"), for leave to file a third amended complaint (Docket No. 105).

## BACKGROUND

Finch filed this action on February 25, 2002. (Docket No. 1). The complaint asserted two claims: (1) securities fraud under section 10(b) of the Securities and Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Rule 105-5 (17 C.F.R. § 240.105-5); and (2) civil liability under the Racketeer Influenced and Corrupt Organization Act ("RICO") (18 U.S.C. § 1962). Finch subsequently filed or sought to file a series of amended complaints.[1] The operative pleading is the Second Amended Complaint, filed March 20, 2003 (Docket No. 55).

---

[1] *See* Docket Nos. 3 (First Amd. Compl., Apr. 5, 2002); 10 (Second Amd. Compl., June 3, 2002); 14, 25 (Motion for Leave to File Third Amd. Compl., June 11 & 24, 2002); 47 (Motion for Leave to File Second Amd. Compl., Dec. 26, 2002); 49 (Motion for Leave to File Second Amd. Compl., Feb. 10, 2003); 52 (Second Motion for Leave to File Second Amd. Compl., Mar. 3, 2003). The last motion was granted by the Court on March 20, 2003 (Docket No. 54).

{547551:}

Finch alleges that defendants George Fiorini ("Fiorini"),[2] Stephen Ventre ("Ventre") and Terrance Lee Quatkemeyer a/k/a Terry Quinn ("Quatkemeyer"), engaged in a scheme to defraud investors in promissory notes of IGW Trust, Standard Trust and Guardian Investments LLC ("Guardian"). Finch alleges that investors' funds were made available to Quatkemeyer to supply a lavish lifestyle and to make personal investments, including the acquisition of Limited. (Second Amd. Compl. ¶ 16). The Second Amended Complaint alleges (¶ 19) that mail and wire fraud are the predicate acts for a RICO claim. While Sanitec, Ltd. ("Limited") is named as a defendant in the Second Amended Complaint, there is no factual allegation that it engaged in fraudulent or wrongful conduct. Limited denied the allegations and moved to dismiss. (Docket Nos. 87-89). On April 5, 2004, because of a dispute as to ownership and control, the case was stayed as to Limited. (Docket No. 104).

Finch first moved to certify this case as a class action on June 28, 2002. (Docket No. 27). On November 7, 2002, the Court granted Finch's motion. However, on August 19, 2003, the Court decertified the previously certified class and denied Finch's motion for an order redefining the class. (Docket No. 71). Finch thereafter filed a series of motions to certify a class, which the Court denied. (Docket Nos. 72-73, 75, 82, 86, 96).

On December 3, 2003, the Court issued a Scheduling Order. (Docket No. 84). The fact discovery deadline was April 2, 2004. Finch did not identify expert witnesses and disclose reports by the May 3, 2004 due date. Nor did Finch timely file any dispositive motions by July 19, 2004. The final pretrial conference is set for November 19, 2004, with trial set for December 6, 2004.

---

[2] Fiorini filed for Chapter 7 bankruptcy protection on November 30, 2003. (S.D. Ohio Case No. 03-BK-19177). On August 16, 2004, Fiorini pled guilty to criminal charges. *United States v. Fiorini* (S.D. Ohio Case No. 03-CR-68, Docket Nos. 87, 89).

{547551:}

Finch's proposed third amended complaint seeks to add SII as a new defendant. SII is a California corporation created on February 19, 2003 with offices in Sun Valley, California and Washington, DC. SII has no connection or common ownership with other "Sanitec" entities. In particular, it has no connection to defendant Sanitec Group, Inc. ("Group").

The premise of the proposed amendment is that an agreement with Group and others fraudulently transferred certain intellectual property to SII. (Mot. at 1-2; Proposed Third Amd. Compl. ¶¶ 30-32). While SII did enter into an agreement with, *inter alia*, Group, Guardian, Ventre, and Guardian investors in early 2004, Finch's proposed pleading omits undisputable and highly relevant facts. The assignment attached to the proposed complaint does not constitute the complete agreement between the parties.

Finch's proposed pleading is further defective because it ignores the fact that SII's ownership of intellectual property is not based solely on the Settlement Agreement. SII has a valid final judgment of foreclosure on such assets from the Superior Court of New Jersey, which is not even mentioned in the proposed complaint.

**ARGUMENT**

I.  **SII SHOULD BE ALLOWED TO INTERVENE AS OF RIGHT.**

Fed. R. Civ. P. 24(a)(2) provides for certain persons, in certain circumstances, to intervene as a matter of right in an action in which they are not otherwise a party.[3] "Rule 24 is broadly construed in favor of potential intervenors." *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991). *See also Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir.

---

[3] Rule 24(a)(2) provides that: "Upon timely application anyone shall be permitted to intervene in an action: . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

{547551:}

- 3 -

1997). Courts allow intervention where a party might be practically disadvantaged by the disposition of the action. *Deutsche Fin. Servs. Corp. v. Schwartz Homes, Inc.*, 187 F.R.D. 542, 546 (N.D. Ohio 1999).

The Sixth Circuit has delineated four elements that an intervenor must establish in order to intervene as a matter of right: (1) the motion to intervene is timely; (2) the intervenor has a substantial legal interest in the subject matter of the case; (3) the intervenor's ability to protect its interests may be impaired in the absence of intervention; and (4) the parties already before the Court may not adequately represent the intervenor's interests. *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999). *Miller*, 103 F.3d at 1245; *Purnell*, 925 F.2d at 945. SII meets all four requirements.

### A. The Motion To Intervene Is Timely.

There can be no doubt that SII's motion is timely. Finch's motion for leave was filed on July 27, 2004, and this Court's Order to Show Cause issued on August 30, 2004. (Docket Nos. 105-06). This filing meets the September 10, 2004 deadline.

### B. SII Has A Substantial Legal Interest In The Subject Matter Of The Case.

The Sixth Circuit subscribes to a "rather expansive notion of the interest sufficient to invoke intervention of right." *Miller*, 103 F.3d at 1245. In fact, an intervenor does not have to have the same standing necessary to actually initiate the lawsuit in order to be granted the right to intervene. *Id.*; *Grutter*, 188 F.3d at 398. "To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *Id.* at 1247.

SII has a substantial legal interest in the subject matter of this action. As Finch's motion for leave recites (at 1-2), the sole reason for the proposed amendment is to add SII as a defendant related to its intellectual property assets. Without its patent assets, for example, SII cannot

{547551:}

exclude actual or potential competitors from the market and obtain infringement damages. 35 U.S.C. §§ 271, 281.[4] Accordingly, SII has a substantial interest here.

### C. SII'S Ability To Protect Its Interests May Be Impaired.

"'To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal.'" *Grutter*, 188 F.3d at 399, quoting *Miller*, 103 F.3d at 1247. "Courts view impairment in practical terms rather than legal terms. Courts generally allow intervention if a party might be practically disadvantaged by the disposition of the action." *Deutsche Fin. Servs. Corp.*, 187 F.R.D. at 546 (citation and quotation omitted).

SII has an interest in not being dragged into a lawsuit at the same time it is working assiduously to build a business, to the benefit of Guardian's investors. Participation in this action would obviously distract SII management and harm its business reputation in its infant stages. Therefore, without being heard on Finch's motion, SII's ability to protect its own interests would be impaired.

### D. The Existing Parties Will Not Adequately Represent SII'S Interests.

Under this element, SII must show that the current parties may not adequately represent its interests. *Grutter*, 188 F.3d at 400. "[T]his burden 'is minimal because it is sufficient that the movant[] prove that representation may be inadequate.' One is not required to show that the representation will in fact be inadequate." *Miller*, 103 F.3d at 1247 (citation omitted). *See also Grutter*, 188 F.3d at 400 ("The proposed intervenors need show only that there is a *potential* for inadequate representation.") (emphasis in original).

---

[4] SII filed an infringement action against a third-party on August 4, 2004 in another federal court.

None of the other parties in this action can or will represent SII's interests. Limited is the subject of an ownership and control dispute, which is why the Court stayed this action as to it. (Docket No. 104). Moreover, while it benefited from certain terms of the Settlement Agreement, it is not a signatory thereto. Limited is not in a position to represent SII's interests.

Defendants Group, Guardian and Ventre are parties to the Settlement Agreement. However, the proposed amended complaint alleges that they fraudulently transferred Group's assets to SII. Certainly, these defendants cannot adequately represent SII's interests.

\* \* \*

SII fully meets the four-part test for intervention of right as a nominal defendant solely for the purpose of being heard on Finch's motion for leave to amend.

## II.    IN THE ALTERNATIVE, SII SHOULD BE PERMITTED TO INTERVENE.

Rule 24(b)(2) provides in relevant part that:

> Upon timely application anyone may be permitted to intervene in an action: . . . .when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

See also Miller, 103 F.3d at 1248 ("So long as the motion for intervention is timely and there is at least one common question of law or fact, the balancing of undue delay, prejudice to the original parties, and any other relevant factors is reviewed for an abuse of discretion.").

Here, SII is seeking limited intervention to oppose the effort of the plaintiffs to file an amended complaint that would expand the scope of this action and bring SII into it as a new defendant. Particularly given the fact that it is in direct response to the Court's show cause order, SII's intervention would in no way delay this action or prejudice any of the original parties.

Therefore, if this Court does not grant SII's motion to intervene under Rule 24(a)(2), SII should be permitted to intervene and be heard on Finch's motion.

## CONCLUSION

For all of the foregoing reasons, SII respectfully requests that its motion to intervene be granted.

Dated: September 10, 2004

Respectfully submitted,

/s/    Dan L. Makee
DAN L. MAKEE (0029602)
McDonald Hopkins Co., LPA
Suite 2100
600 Superior Avenue, East
Cleveland, Ohio 44114-2653
Telephone:  (216) 348-5400
Facsimile:  (216) 348-5474
E-Mail:    dmakee@mcdonaldhopkins.com

*An Attorney for Proposed Intervenor
Sanitec Industries, Inc.*

*Of Counsel:*

RICHARD J. OPARIL (D.C. Bar No. 409723)
Patton Boggs LLP
2550 M Street, NW
Washington, DC  20037
Telephone:  (202) 457-6000
Facsimile:  (202) 457-6315
E-Mail:    roparil@pattonboggs.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Motion to Intervene was filed electronically with this Court on this 10th day of September, 2004 and that all parties will be served via the Court's electronic filing system, with a copy also being served via regular U.S. Mail on this same date to:

> William B. Singer, Esq.
> 621 East Mehring Way, #1609
> Cincinnati, Ohio 45202
>
> Attorney for Plaintiff

>             /s/    Dan L. Makee
> DAN L. MAKEE (0029602)
> McDonald Hopkins Co., LPA
> Suite 2100
> 600 Superior Avenue, East
> Cleveland, Ohio 44114-2653
> Telephone: (216) 348-5400
> Facsimile: (216) 348-5474
> E-Mail: dmakee@mcdonaldhopkins.com