<u>**ESCROW AGREEMENT**</u>

This Agreement is entered into the ____ day of _____, 2004, by and between SANITEC INDUSTRIES, INC. ("Industries") and the GUARDIAN SETTLEMENT CORPORATION ("GSC") and the LAW OFFICE OF DOUGLAS HAMAN, ESQ., LLC ("Settlement Agent").

I.     Purpose of this Agreement

    a.   The purpose of this Escrow Agreement is to appoint a Settlement Agent, specify escrow instructions, and to carry out the provisions of the Settlement Agreement attached hereto as Exhibit "A." All terms and conditions of the Settlement Agreement attached hereto as Exhibit "A" are incorporated into this Escrow Agreement.

II.    Appointment of Settlement Agent

    a.   Industries and GSC agree to the appointment of The Law Office of Douglas Haman, Esq., LLC as the Settlement Agent under this Escrow Agreement. The mailing address of Settlement Agent is c/o Douglas Haman, 11332 Montgomery Road, Cincinnati, Ohio 45249. All documents and sums to be deposited pursuant to the Settlement Agreement and this Escrow Agreement must be delivered to the Settlement Agent at the mailing address.

III.   Funds to be Deposited With the Settlement Agent

    a.   Industries shall deliver to the Settlement Agent payments to be made pursuant to paragraph 6(a) of the Settlement Agreement, plus any necessary escrow costs and fees as described below.

    b.   To comply with its obligation under paragraph 6(a) of the Settlement Agreement, Industries will make monthly payments of $3,125 by overnight courier sent on the first business day of the month.  The amount of the monthly payment shall be $3,125 for September through December 2004, and shall be $4,166.67 beginning January 1, 2005.

    c.   To comply with its obligations under paragraph 9 of the Settlement Agreement, Industries shall also make monthly payments of $6,000 to fund the escrow account.

    d.   The funds shall be delivered via a check made payable to "Douglas Haman, Esq. IOLTA Account."  In the alternative, upon request from Industries, the funds may be wired to the Settlement Agent, who shall provide Industries with the appropriate wiring instructions.

e.  In the event that either a monthly payment or the escrow payment as set forth in paragraphs III(b) and (c) herein is not timely made, the Settlement Agent may provide Industries with written notice and five days to cure.

f.  In the event that a timely cure is not made, the entire guaranteed payment amount set forth in paragraph 6(a) of the Settlement Agreement shall be deemed due and owing.  Industries shall execute a contingent consent judgment, to be held in escrow by the Settlement Agent.  In the event that Industries defaults on its guaranteed payment obligation, the Settlement Agent may file that consent judgment and seek to attach Industries' assets.

g.  Within ten (10) days of the receipt and clearance of the funds described above, the Settlement Agent shall open an interest bearing account or accounts with a FDIC Insured financial institution and deposit the sums delivered pursuant to this Agreement in said account or accounts.   Notwithstanding the above, the Settlement Agent may maintain a portion of the funds in its IOLTA account from which to pay any expenses allowed under this Escrow Agreement.

h.  Neither the Settlement Agent nor Industries shall be held liable or responsible for any loss due to the failure of any financial institution in which the funds are deposited provided that the conditions contained within paragraph III (g) above are met.

IV.  Distribution of Funds Held in Escrow

a.  Should Industries fail to make any payment under paragraph 6(a) of the Settlement Agreement within 10 days in which it is due, the Administrator of GSC shall inform the Settlement Agent in writing of the following facts:

  i.  The date upon which payment was due;
  ii.  That Industries has failed to make said payment in whole or in part;
  iii.  The amount of the payment owed by Industries to GSC; and
  iv.  A request that the Settlement Agent make payment to GSC from the funds held by the Settlement Agent pursuant to this Escrow Agreement.

b.  Upon receipt of a written request for disbursement pursuant to paragraph IV(a), the Settlement Agent shall distribute the requested amount to the Administrator of GSC within 10 days of the receipt of said request.

c.  The Settlement Agent shall not be liable to any party for any misrepresentations made by the Administrator or the Directors of GSC in any request for disbursement.

d.  Industries is not entitled to notice prior to any disbursements made pursuant to paragraph IV.  The Settlement Agent shall notify Industries in writing of any disbursement made pursuant to this paragraph after such a disbursement has been

made to GSC, including the date and amount of such disbursement. Any disbursement by the Settlement Agent shall reduce the balance of funds to be paid by Industries pursuant to paragraph 6(a) of the Settlement Agreement.

e.  In the event that the funds held by the Settlement Agent fall below the amounts required by paragraph 9 of the Settlement Agreement because of disbursements made because Industries failed to timely make payments when due under paragraph 6(a) of the Settlement Agreement, the Administrator of GSC shall notify Industries in writing of that fact. Industries is required cure any deficiency in the funds held for the benefit of GSC by sending replacement funds to the Settlement Agent within 15 days of receiving notice from GSC.

f.  The Settlement Agent, by no later than January 31 of each calendar year, shall provide GSC and Industries with an accounting of the funds held in escrow, including disbursements made and interest earned, during the prior calendar year. Upon reasonable request, the Settlement Agent shall provide GSC and Industries with access to books and records pertaining to the escrowed funds.

V.  Ownership of Funds

a.  Once paid to the Settlement Agent, Industries shall have no right, title or other interest in and to the funds held by the Escrow Agent.

b.  GSC shall have the first and best lien in and to any funds held by the Settlement Agent.

c.  Any interest earned on the money held by the Settlement Agent shall be used to (1) pay any income or other taxes incurred due to the earning of interest, then (2) to pay any necessary costs of the Settlement Agent under this Agreement, and then (3) held by the Settlement Agent with the funds paid pursuant to paragraph III of this Agreement.

d.  GSC shall provide its Federal Tax Identification Number to the Settlement Agent for use in opening any financial accounts. The Settlement Agent shall forward to the Administrator of GSC any sums required from the fund to pay any income taxes accrued due to the receipt of interest on any financial account.

e.  At the conclusion of this Agreement, the Administrator shall certify to the Settlement Agent that all sums owed to GSC pursuant to the Settlement Agreement have been paid in full. If the Administrator informs the Settlement Agent that all sums have been paid in full, the Settlement Agent shall pay any residue remaining in the fund over to Industries. If the Administrator informs the Settlement Agent that there are any funds due and owing GSC, including any funds owed pursuant to paragraphs 6(a) and 6(b) of the Settlement Agreement, then the Administrator shall complete a request for disbursement as outlined in paragraph IV(a) of this Agreement. Upon the receipt of such a request, the

Settlement Agent shall deliver the requested funds to the Administrator. The Settlement Agent shall not be liable for any mistake or misrepresentation made by the Administrator in requesting any disbursement under this paragraph.

f.  The funds held by the Settlement Agent, including any residue thereof, shall not be assignable, and any assignment thereof shall be void.

g.  Upon the delivery of the remaining funds made pursuant to paragraph V(e) of this Agreement, the Settlement Agent shall be relieved of any further responsibility under this Agreement.

VI.  Costs of Escrow and Compensation of Escrow Agent

a.  The Settlement Agent shall be entitled to reimbursement for any reasonable expenditures made to effect the purposes of this Agreement, including but not limited to any fees and costs charged by financial institutions for the opening and maintenance of any accounts or other services, postage and delivery charges, and any other costs.

b.  The Settlement Agent shall be entitled to reimbursement for any reasonable professional fees incurred, including but not limited to fees paid to accountants and attorneys the Settlement Agent deems necessary to further the purposes of this Agreement.

c.  The Settlement Agent shall be specifically entitled to reimbursement from the funds held by the Settlement Agent for the payment of any reasonable legal fees incurred arising from any dispute concerning this Agreement or the Settlement Agreement.

d.  The Settlement Agent shall be entitled to payment from the funds held by the Settlement Agent in the sum of $500.00 per year for services rendered. The Settlement Agent shall be entitled to deduct said sum on August 1 of each year that this Agreement is in effect. Said amount is a flat fee for each year, and shall not be reduced.

e.  Nothing contained herein shall obligate Industries to indemnify the Settlement Agent or GSC from any claim, action, or other proceeding brought by an Investor (as that term is defined in paragraph 1.1 of the Settlement Agreement). In no event shall Industries be required to provide additional funds to the Settlement Agent or GSC pertaining to any Investor suit.

VII.  Jurisdiction and Venue

a.  This Agreement, and any disputes arising under the terms of this Agreement, shall be governed by the law of the State of Ohio.

b.  Any disputes or claims made under this Agreement shall be brought in either (1) the Court of Common Pleas of Hamilton County, Ohio, or (2) in the United States District Court for the Southern District of Ohio, Western Division at Cincinnati.

c.  The parties waive any objection which they might otherwise have to the jurisdiction and venue of Courts listed above.

d.  The Settlement Agent, at its sole option, may require GSC and Industries to submit to mediation of any dispute should a lawsuit be filed by either or both of them.

VIII.  Notices

a.  Any notices required or permitted under this Agreement shall be sent as follows:

  i.  If to Industries, to Sanitec Industries, Inc., Attn. James Harkess, 9065 Norris Avenue, Sun Valley, CA  91352, with a copy to:

  Russell Firestone, Sanitec Industries, Inc., 1250 24th Street, NW, Suite 350, Washington, DC 20037, and to Richard J. Oparil, Patton Boggs LLP, 2550 M Street, NW, Washington, DC  20037;

  ii.  If to GSC, to Robert C. Krantz, Administrator, P.O. Box 9585, Cincinnati, Ohio 45209;

  iii.  If to the Settlement Agent, to the Law Office of Douglas Haman, Esq., LLC, c/o Douglas Haman, 11332 Montgomery Road, Cincinnati, Ohio 45249.

b.  Any party changing its address shall notify the other parties to this Agreement in writing of the new address.

IX.  Miscellaneous Provisions

a.  This Agreement supersedes all other oral and written agreements between the parties. Modifications of this agreement shall be made only in writing.

b.  This Agreement shall be binding on and inure to the benefit of the parties and their respective heirs, executors, administrators, legal representatives, successors, and assigns when permitted by this Agreement.

c.  In case any one or more of the provisions contained in this contract are held to be invalid, illegal, or unenforceable in any respect, the invalidity, illegality, or unenforceability shall not affect any other provision and this contract shall be construed as if the invalid, illegal, or unenforceable provision had never been contained in it.

    d.   Industries and GSC waive any conflict they have with the Law Office of Douglas Haman, Esq., LLC being the Settlement Agent under this Agreement.

    e.   In the event of the resignation of the Settlement Agent, GSC shall have the right to appoint a new Settlement Agent. Industries shall have 10 days to object to the appointment. If no objections are received, the appointment shall take effect. If Industries does object, the parties hereto shall confer in a good faith attempt to resolve the dispute.

    f.   To the extent that the provisions of this Escrow Agreement conflict with the provisions of the Settlement Agreement, this Escrow Agreement shall control.

    g.   This Escrow Agreement may be signed in original or telecopied counterparts, each of which shall be considered an original, but all of which together shall be considered one agreement. The Escrow Agreement shall be effective when such counterparts have been exchanged, by facsimile or otherwise.

Signatures follow below:

SANITEC INDUSTRIES, INC.
("Industries")

_____

by: _____

its: _____


GUARDIAN SETTLEMENT CORPORATION
("GSC")


_____

by:   Robert C. Kranz
its:   Administrator


LAW OFFICE OF DOUGLAS HAMAN, ESQ. LLC
("Settlement Agent")


_____

by:  Douglas Haman
its:  Managing Member

#3799623