UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | | |
|---|---|---|
| MILDRED W FINCH et. al. Individually and as representatives of a class consisting of all persons who at various times purchased through the Defendant George Fiorini and others promissory notes issued by Standard Trust or Guardian Investments LLC | : : : : : | Case No. C-1-02-132<br><br>( Judge Beckwith) |
| Plaintiffs | : | |
| VS<br><br>GEORGE FIORINI, DBA THE FIORINI AGENCY, et. al.<br><br>Defendants | : : : | REPLY OF PLAINTIFFS TO DEFENDANTS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE OF 8/30/2004 (DOCUMENT NO. 106) |

Defendants Ventre and Guardian have filed a brief response to the show cause order, through their counsel, Patrick Hanley. Sanitec Industries, as an intervenor for a limited purpose herein, has filed a lengthly response. Both responses oppose Plaintiffs' Motion for Leave to File a Third Amended Complaint herein, on essentially similar grounds, although the response of Sanitec Industries ("SII") is considerably more detailed than that of Ventre and Guardian. The reasons stated for opposing leave to file the Third Amended Complaint may be summarized as follows:

(1) The motion for leave is belated, Plaintiffs having conducted no discovery and this case being set for pre-trial in November and trial in December 2004;

(2) There is a settlement agreement among certain Fiorini and Guardian investors and SII, pursuant to which the fraudulent transfer alleged in the proposed Third Amended Complaint was made;

(3) No grounds for jurisdiction over SII by this Court are alleged in the proposed Third Amended Complaint;

(4) A foreclosure judgment in a New Jersey state court proceeding gave SII title to the Sanitec patented technology irrespective of the alleged fraudulent transfer.

These arguments will be discussed in turn herein.

I. **The Motion for Leave is not belated**

Plaintiffs attempted to pursue discovery in this cause by taking the deposition of the Defendant Steven Ventre. However, Ventre's counsel, Mr. Hanley, flatly refused to produce Mr. Ventre for deposition and stated that if Mr. Ventre were noticed for deposition, he would refuse to answer any questions on the ground of self-incrimination. Plaintiffs have also sought the cooperation of the United States Attorney's office in providing George Fiorini for questioning or deposition in connection with any order of restitution which might be imposed by the Court in the criminal proceeding in which Mr. Fiorini entered pleas to three counts on August 16, 2004 at the Dayton, Ohio, location of this Court.

Plaintiffs have thus been diligent in attempting to obtain testimony through investigation and discovery to support their claim herein that their funds invested with Fiorini and / or Guardian were used to purchase control of Sanitec Ltd. and that they are therefore entitled to a constructive trust over that corporation and its assets. Having learned in July 2004 of the February 2004 assignment of the Sanitec patents to SII,

2

Plaintiff's counsel became aware that those in control of SII, and their counsel, were attempting to execute an "end run" around this cause and Plaintiffs' cause of action for a constructive trust over Sanitec Ltd. It was readily apparent that the only recourse available to Plaintiffs was to file a third amended complaint adding SII as a defendant along with Sanitec Group LLC as assignee and assignor respectively, alleging fraudulent conveyances of the Sanitec patents. Because the conveyances were discovered by Plaintiff's counsel somewhat late in these proceedings, leave of court is of course required to file the third amended complaint. If the Third Amended Complaint necessitates prolonging these proceedings, no one will be predjudiced by such a delay. In any event, when a pre-trial schedule was discussed with the Court, the Court clearly gave the impression that none of the dates selected were engraved in stone or not subject to being postponed for good cause.

II. **The so called settlement agreement promoted by SII's counsel is illusory, and seeks to avoid review by this or any other Court for fairness or supervision.**

SII's proposed settlement agreement is indentical in structure and format to that proposed to Plaintiffs' counsel in the offices of John R. Climaco Esq. in Cleveland in January 2003. At that time, it was proposed that an entity called ABB Sanitec West, operated by one James R. Harkess, would provide periodic payments to a trust for the investors, just as the SII settlement provides that SII will provide periodic payments to an investor's trust. At that time, Plaintiffs' counsel asked to see financial statements of ABB Sanitec West Inc. to determine the viability of the proposed settlement. Plaintiffs' counsel's request was flatly refused by Mr. Harkess and Mr. Climaco., as well as an attorney on Mr. Climaco's staff, David Cuppage. The refusal to provide financial information was the first indication to Plaintiffs' counsel that the proposed settlement was

3

not to be trusted. It was also apparent that, since Mr. Harkess's company and Mr. Harkess himself were not parties against whom claims had been made in any of the pending litigation, there would be no consideration for their performance of the proposed settlement agreement, other than obtaining control over the Sanitec patents by assignment from Sanitec Group LLC. In short, none of the investors would obtain any assurance that Mr. Harkess and his company would perform as promised in the proposed settlement. For that reason, Plaintiffs' counsel declined to sign a memorandum of understanding with respect to the proposed settlement.

At that time, this Court's original certification of a class in this action was still pending, and the Court will recall that Mr. Climaco came to this Court's chambers in February 2003 to explain the proposed settlement, and to attempt to make Plaintiffs' counsel appear unreasonable and uncooperative in his stance with regard to the settlement. Mr. Climaco then proceeded to contact attorneys for investors in some 13 other actions which had been filed in state or federal court in Cincinnati and Northern Kentucky on behalf of Fiorini and Guardian Investors. In May 2003, Plaintiffs' counsel reluctantly agreed with Messrs Hanley, Fischer, and Haman to go along with the Harkess settlement since it was apparently the only vehicle by which the Sanitec technology had an extant possibility of being converted to the purpose of providing money for the investors. Nothing further was heard, however, from Mr. Climaco regarding this settlement; and in November 2003 at a meeting with this Court, Mr. Climaco indicated that he would resign as counsel for Sanitec Ltd in this cause, and other attorneys, . Messrs. Makee and Oparil, appeared and represented that they were successor counsel to Mr. Climaco, and that they had been negotiating with Messrs Fischer and Haman as representatives of the attorneys in the 13 other cases in order to achieve a settlement.

4

Since this Court had precipitously decertified this case as a class action, stating as one of the reasons for doing so that this Plaintiffs' counsel had not shown an inclination to participate in settlement negotiations which would benefit all Fiorini investors, it became clear that this Court was somewhat enamored with the Harkess settlement proposal. After that meeting, Plaintiffs' counsel inquired of Mr. Oparil why he had not been contacted with respect to the proposed settlement. Mr. Oparil then said he had been given "marching orders" not to attempt to settle the "Finch case". From and after that time Plaintiffs' counsel became convinced that the proposed settlement was a vehicle inspired by Mr. Harkess, and was not to be trusted.

Plaintiffs' counsel is not sure whether or not the copy of the proposed settlement provided to the Court by Mr. Oparil is identical in all respects to that circulated by the "settlement administrator" in August 2004. The discussion which follows will concern the latter document, since that is what has been circulated to apparently all of the Fiorini investors, many of whom are clients of Plaintiffs' counsel and have contacted him for advice with respect to this settlement proposal.

The most suspicious thing about this settlement proposal is the fact that it is styled as a "private settlement" without any connection to any court. The following statements stand out in that regard:

> This settlement fund is not being overseen by any of the courts in which the cases above were filed. It is a private settlement between some of the parties to those cases and with parties who are not defendants in some of the cases.
>
> \*\*\*
>
> Do not contact any court for advice or information about this settlement.
>
> \*\*\*
>
> The agreement has neither been reviewed, approved, nor will it be overseen by any court.
>
> \*\*\*

5

> If you have questions, do not call any court or any counsel for the parties involved in the cases containing claims being settled. Instead, please write to the Settlement Fund Administrator.

In view of these statements by those promoting this settlement, it is evident once again that the decision to decertify this case as a class action was harmful to the investors. A class action would have included the claims of all investors, but would have been subject by law to review and approval by this Court. Instead, this proposed settlement obviously seeks to avoid court review or approval for fairness or viability. Indeed, it appears that the net effect of this proposed settlement will be to enable Mr. Harkess to obtain control of the Sanitec technology on an installment plan with no assurance of performance given to the investors. (Note that the signature on the assignment attached as Exhibit A to the proposed amended complaint on behalf of the assignee is "James R. Harkess, President.")

### III.   **This Court can assert personal jurisdiction over SII.**

Notwithstanding SII's "special and limited appearance" herein, that company has sufficient contacts with this jurisdiction to enable the court to assert personal jurisdiction over it. These contacts include, if nothing else, the fact that it has, through counsel, negotiated with attorneys and parties located in this jurisdiction with respect to the proposed settlement. Moreover, it has, through the "Settlement Administrator," caused mailings of the notice of settlement, claim forms, and copies of the proposed settlement agreement, to be mailed within the Southern District of Ohio. Such contacts are more than adequate for a Court in Ohio to assert personal jurisdiction over SII. Nationwide Mutual Ins. Co. v. Tryg Intl. Ins Co., 91 F3d 790 (6th Cir., 1996)

### IV   **The New Jersey foreclosure proceeding was invalid as to these Plaintiffs.**

These Plaintiffs were given no notice of the asserted foreclosure proceeding in the New Jersey state court. It is fundamental due process in any proceeding involving the title to property that all those having claims against the property be given notice and an opportunity to appear and defend in such proceeding <u>Hembree v. Mid-America Fed. S.& L. Assn.</u>, 64 Oh.App3d 144, 580 N.E. 2d 1103 ( 1989). Had these Plaintiffs been notified of that proceeding, they would have appeared therein to defend their interest in the Sanitec technology. That they would have done so is confirmed by the fact that they sought intervention in proceedings in the Delaware Chancery Court and the US District Court for the Northern District of Ohio which concerned a determination of the owership of Santec Ltd. Plaintiffs (especially if this Court had continued class certification) would have been able to diligently protect their interest in the Sanitec technology, and would have had compelling status in such proceedings. As it was, the New Jersey foreclosure suit proceeded to judgment without any perceptible opposition.

## V    Conclusion

It thus appears that the objections of the defendants and proposed defendants of the Third Amended Complaint are without substance and should be disregarded by this Court. Leave should be freely given to amend the complaint a third time herein, because justice so requires.

William B. Singer (0019323)
Trial Attorney for Plaintiff
621 E. Mehring Way, #1609
Cincinnati, Ohio 45202
(513) 721-0778

CERTIFICATE OF SERVICE

      I certify that copies of the foregoing Reply Memorandum served by ordinary mail upon George Fiorini, 7641 Wesselman Road, Cleves, Ohio 45001, Patrick J. Hanley, Esq., 214 E. 4th Street, Covington, KY 41011 attorney for Steven R. Ventre, and Guardian Investments LLC, on Richard Oparil, Esq., attorney of record for Sanitec Ltd., Patton Boggs LLP, 2250 M. Street, NW, Suite 500, Washington DC, 20037-1350 and Steven J. Miller, Esq., Goodman Weiss Miller, LLP, 100 Erieview Plaza, 27th floor, Cleveland, Ohio 44114-1824 attorney for defedandant Sanitec Ltd. on the 21st day of September, 2004.

[signature]