IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mildred W. Finch, *et al.*,        )
                                   )
               Plaintiffs,    )    Case No. 1:02-CV-132
                                   )
   vs.                             )
                                   )
George Fiorini, *et al.*,          )
                                   )
               Defendants.    )

O r d e r

This matter is scheduled for trial on December 6, 2004. Presently before the Court are two motions: Plaintiffs' motion for leave to file a third amended complaint (Doc. 105) and Sanitec Industries, Inc.'s motion to intervene for a limited purpose (Doc 108).

Plaintiffs do not oppose the motion to intervene by Sanitec Industries, Inc., and the Court is persuaded that Sanitec Industries, Inc. is entitled to intervene as a matter of right, pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, for the limited purpose of opposing Plaintiffs' motion for leave to file a third amended complaint. Accordingly, the motion of Sanitec Industries, Inc. to intervene for a limited purpose (Doc. 108) is hereby **GRANTED**.

In opposition to Plaintiffs' motion for leave to file a third amended complaint, the Intervenor observes that Plaintiff has not alleged in the proposed third amended complaint a basis

for this Court's exercise of jurisdiction over the person of Sanitec Industries, Inc. A careful review of the proposed third amended complaint confirms the Intervenor's observation. Plaintiffs have not addressed the Court's jurisdiction as it pertains to the Intervenor. The proposed amended complaint does not, therefore, comply with the requirement of Rule 8(a)(1) of the Federal Rules of Civil Procedure that a complaint include "a short and plain statement of the grounds upon which the court's jurisdiction depends."

In response to the Intervenor's memorandum in which it sets forth its opposition to Plaintiffs' motion for leave to file the third amended complaint, Plaintiffs argue that this Court may properly exercise jurisdiction over the person of the Intervenor. They also address the Intervenor's contention that the proposed amendments to the complaint would not be futile. Intervenor has not had an opportunity to address either the asserted basis for the exercise of personal jurisdiction or the arguments against futility.

Before this Court will rule upon Plaintiffs' motion for leave to file a third amended complaint, it will afford the Intervenor, Sanitec Industries, Inc., an opportunity to respond

to Plaintiffs' September 21 memorandum. The Intervenor may file a reply memorandum on or before November 4, 2004.

**IT IS SO ORDERED.**

```
                      _____/s/_____
                      Sandra S. Beckwith, Chief Judge
                      United States District Court
```