**FINANCING STATEMENT — FOLLOW INSTRUCTIONS CAREFULLY**
This Financing Statement is presented for filing pursuant to the Uniform Commercial Code and will remain effective, with certain exceptions, for 5 years from date of filing.

A. NAME & TEL. # OF CONTACT AT FILER (optional)
B. FILING OFFICE ACCT. # (optional)
C. RETURN COPY TO: (Name and Mailing Address)

30620

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 12:02 PM 06/07/2001
1051172 0 - 0000000
SRV: 010273293

D. OPTIONAL DESIGNATION (if applicable): [ ] LESSOR/LESSEE [ ] CONSIGNOR/CONSIGNEE [ ] NON-UCC FILING

1. DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (1a or 1b)
1a. ENTITY'S NAME: SANITEC, LTD., d/b/a SANITEC
1c. MAILING ADDRESS: 23 FAIRFIELD PLACE    CITY: WEST CALDWELL    STATE: NJ    POSTAL CODE: 07006

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b)

3. SECURED PARTY'S (ORIGINAL S/P or ITS TOTAL ASSIGNEE) EXACT FULL LEGAL NAME - Insert only one secured party name (3a or 3b)
3a. ENTITY'S NAME: PLATINUM FUNDING CORP.
3c. MAILING ADDRESS: TWO UNIVERSITY PLAZA    CITY: HACKENSACK    STATE: NJ    POSTAL CODE: 07601

4. This FINANCING STATEMENT covers the following types or items of property:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

6. REQUIRED SIGNATURE(S): SANITEC, LTD., d/b/a SANITEC. JOSEPH DELLOIACOVO, PRES.

(1) FILING OFFICER COPY — NATIONAL FINANCING STATEMENT (FORM UCC1) (TRANS) (REV. 12/18/95)

EXHIBIT A TO SECURITY AGREEMENT
AND UCC-1 FINANCING STATEMENT

SANITEC, LTD. ("Debtor") hereby grants to Platinum a security interest in the following:

1. All "Accounts" (as such term is defined in Section 9-106 of the Uniform Commercial Code ("UCC")) now owned or hereafter acquired by Debtor, whether or not now or hereafter purchased by Platinum, and including, without limitation, all accounts receivable, book debts, and other forms of obligations (to the extent not constituting obligations evidenced by Chattel Paper, Documents, or Instruments) now owned or hereafter received or acquired by or belonging or owing to Debtor, whether or not now or hereafter purchased by Platinum (including without limitation, under any trade name, style, or division thereof) whether arising out of goods sold or services rendered by Debtor or from any other transaction, whether or not the same involves the sale of goods or services by Debtor and all of Debtor's rights in, to, and under all purchase orders or receipts now owned or hereafter acquired by it for goods or services, and all of Debtor's rights to any goods represented by any of the foregoing (including without limitation unpaid seller's rights of rescission, replevin, reclamation, and stoppage in transit and rights to returned, reclaimed, or repossessed goods) and all monies due or to become due to Debtor under all purchase orders and contracts for the sale of goods or the performance of services or both by Debtor (whether or not yet earned by performance on the part of Debtor or in connection with any other transaction) now in existence or hereafter occurring, including, without limitation, the right to receive the proceeds of said purchase orders and contracts, and all collateral security and guarantees of any kind given by any person with respect to any of the foregoing, whether or not any of the foregoing is included within the definition of "accounts" in the UCC and whether or not any of the foregoing is now or hereafter purchased by Platinum.

2. All "Chattel Paper" (as such term is defined in Section 9-105(1)(b) of the UCC) now owned or hereafter acquired by Debtor.

3. All contract undertakings, franchise agreements, or other agreements (to the extent not constituting Chattel Paper, Documents, or Instruments) in or under which Debtor may now or hereafter have any right, title or interest, including without limitation with respect to an Account, any agreement relating to the terms of payment, or the terms of performance thereof (collectively "Contracts").

4. All "Documents" (as such term is defined in Section 9-105(1)(f) of the UCC) now owned or hereafter acquired by Debtor.

5. All "Equipment" (as such term is defined in Section 9-109(2) of the UCC) now or hereafter owned or acquired by Debtor, and including, without limitation, all machinery,

11

equipment, furnishings, vehicles, and computers and other electronic data-processing and other office equipment, any and all additions, substitutions, and replacements of any of the foregoing, wherever located, together with all attachments, components, parts, equipment, and accessories installed thereon or affixed thereto.

6. All "Fixtures" (as such term is defined in Section 9-313 (1) (a) of the UCC) now or hereafter owned or acquired by Debtor, and including, without limitation, (regardless of where located) all of the fixtures, systems, machinery, apparatus, equipment, and fittings of every kind and nature whatsoever and all appurtenances and additions thereto and substitutions or replacements thereof, now or hereafter attached or affixed to or constituting a part of, or located in or upon, real property wherever located, including without limitation all heating, electrical, mechanical, lighting, lifting, plumbing, ventilating, air-conditioning, air cooling, refrigerating, food preparation, loading and unloading, incinerating, communication and power systems, machinery, apparatus, and equipment, signs, escalators, elevators, boilers, switchboards, sprinkler and other fire prevention and extinguishing fixtures, and all engines, motors, dynamos, machinery, pipes, pumps, tanks, conduits, and ducts constituting a part of any of the foregoing, together with all right, title and interest of Debtor in and to all extensions, improvements, betterments, renewals, substitutes and replacements of, and all additions and appurtenances to, any of the foregoing property and all conversions of the security constituted thereby immediately upon any acquisition or release thereof or any such conversion, as the case may be.

7. All "General Intangibles" (as such term is defined in Section 9-106 of the UCC) now owned or hereafter acquired by Debtor, and including without limitation all right, title and interest that Debtor may now or hereafter have in or under any Contract, all customer lists, trademarks, patents, rights in intellectual property, interests in partnerships, joint ventures and other business associations, licenses, permits, copyrights, trade secrets, proprietary or confidential information, inventions (whether or not patented or patentable) technical information, procedures, designs, knowledge, know-how, software, databases, data, skill, expertise, recipes, experience, processes, models, drawings, materials and records, goodwill (including without limitation the goodwill associated with any trademark, trademark registration or trademark licensed under any trademark license), claims in or under insurance policies (including without limitation any unearned premiums), uncertificated securities, deposit accounts, rights to receive tax refunds and other payments, and rights of indemnification.

8. All "Instruments" (as such term is defined in Section 9-105 (1) (i) of the UCC) now owned or hereafter acquired by Debtor, including, without limitation, all notes, certificated securities, and other evidences of indebtedness, to the extent not constituting Chattel Paper.

12

9. All "Inventory" (as such term is defined in Section 9-109 (4) of the UCC) now or hereafter owned or acquired by Debtor, and including without limitation all inventory, merchandise, goods, and other personal property that are held by or on behalf of Debtor for sale or lease or are furnished or are to be furnished under a contract of service or which constitute raw materials, work in process, or materials used or consumed or to be used or consumed in Debtor's business or the processing, packaging, promotion, delivery or shipping of the same, and all finished goods.

10. All other goods and personal property of Debtor whether tangible or intangible and whether now or hereafter owned or existing, leased, consigned by or to, or acquired by, Debtor and wherever located, including without limitation all deposit accounts, cash, and any beneficial interest of Debtor under any trust.

11. To the extent not otherwise included, all proceeds and products of the foregoing (and proceeds and products of proceeds and products) in whatever form and whether such proceeds and products arise before or after the commencement of any case under the United States Bankruptcy Code by or against Debtor, including, without limitation, all payments under insurance whether or not Platinum is the loss payee thereof, all proceeds of any governmental taking, and any indemnity, warranty, letter of credit (including the right to draw on such letter of credit), or guaranty payable by reason of any default under, loss of, or damage to or otherwise with respect to any of the foregoing.

SANITEC, LTD.

By: *(signature)*
Name: Joseph Delloiacovo
Title: President

13