UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MILDRED W. FINCH, *et al.*, | ) | CASE NO. 1:02 CV 132 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | JUDGE SANDRA S. BECKWITH |
| | ) | |
| GEORGE FIORINI, DBA FIORINI AGENCY, *et al.*, | ) | SUPPLEMENTAL DECLARATION OF |
| Defendants. | ) | RICHARD J. OPARIL |

Richard J. Oparil deposes and says:

1. I am counsel for the intervenor, Sanitec Industries, Inc. ("SII"), and a member of the District of Columbia and New York Bars. I make this declaration in connection with SII's response to this Court's show cause order to oppose the motion of plaintiffs, Mildred W. Finch, *et al.* (collectively "Finch"), for leave to file a third amended complaint (Docket No. 105). This declaration supplements the declaration previously filed with the Court. (Docket No. 109 Ex. 1). I make this declaration based on my personal knowledge.

2. Officers of SII had no direct contact or discussions with any of the other parties to the Settlement Agreement. I was responsible for negotiating that agreement on SII's behalf. At no time did I travel to Ohio to meet with any of the parties in connection with the Settlement Agreement. Instead, such negotiations took place by telephone, usually from my office in Washington, DC. The Settlement Agreement was signed on SII's behalf by James Harkess in the State of California.

3. Finch's reply also states that SII "caused" the Settlement Administrator, appointed under the Settlement Agreement, to mail information and documents regarding that

- 2 -

Agreement from the Southern District of Ohio. SII did not draft, review or even have advance knowledge that the Administrator had sent the notice. I only learned that the mailing had been made after it was completed. I requested and received a copy from counsel for the represented investors on September 7, 2004. I then provided a copy to SII. I also sent a copy of the information to Finch's counsel.

    4.    In connection with the Settlement Agreement, I have repeatedly asked Finch's counsel, Mr. Singer, to invite his clients to join the settlement. To date, he has not responded to any of my invitations. The statement in Finch's reply (at 5) suggesting that I had been told not to attempt to settle this case is simply wrong. SII would again invite the Finch plaintiffs to join the settlement.

    5.    SII has made all of the payments that it has been obligated to make as part of the settlement.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: November 1, 2004

Richard J. Oparil

#3816955