IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mildred W. Finch, *et al.*,         )
                                    )
                  Plaintiffs,       )  Case No. 1:02-CV-132
                                    )
     vs.                            )
                                    )
George Fiorini, *et al.*,           )
                                    )
                  Defendants.       )

Memorandum and Order

This matter is scheduled for trial on December 6, 2004. On July 27, 2004, Plaintiffs filed a motion for leave to file a third amended complaint. Plaintiffs proposed to add Sanitec Industries, Inc. ("SII") as a defendant and to assert one claim against SII.

On October 25, 2004, this Court granted SII's motion for leave to intervene for the limited purpose of opposing Plaintiffs' motion for leave to file the third amended complaint. In its memorandum in opposition to that motion, SII argued, correctly, that Plaintiffs had not asserted a basis for this Court's exercise of jurisdiction over the person of SII, as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure.

Plaintiffs filed a memorandum in response to SII's memorandum in opposition to their motion for leave to file a

third amended complaint.  In that memorandum, Plaintiffs argued that the Court could properly exercise jurisdiction over SII on the following bases:

> [SII] has sufficient contacts with this jurisdiction to enable the court to assert personal jurisdiction over it.  These contacts include, if nothing else, the fact that it has, through counsel, negotiated with attorneys and parties located in this jurisdiction with respect to [a] proposed settlement.  Moreover, it has, through the "Settlement Administrator," caused mailings of the notice of settlement, claim forms, and copies of the proposed settlement agreement, to be mailed within the Southern District of Ohio.

Plaintiffs' Sept. 21, 2004 Memorandum, p.6.  The settlement to which Plaintiffs refer is the agreement between SII and various parties to separate lawsuits to settle certain claims.

     SII is a California corporation with its principal places of business in California and the District of Columbia.  Some of the other parties to the settlement agreement in question were Ohio residents, and the agreement purported to resolve certain lawsuits pending in the courts of Ohio, including this Court.  Plaintiffs were not parties to those lawsuits.

     Plaintiffs' assertion that SII has caused certain actions to be taken in this jurisdiction through the administrator of the settlement agreement in question is factually inaccurate.  A review of the settlement agreement, which is attached to SII's memorandum in opposition to Plaintiffs' motion for leave to file a third amended complaint,

confirms that the settlement administrator, as that person is identified in the agreement, is not an agent of and does not act on behalf of SII.  As a matter of law, therefore, the settlement administrator's actions cannot be the basis for the exercise of jurisdiction by this Court over SII.

Plaintiffs also argue that this Court may exercise jurisdiction over SII on the basis that its execution of, and obligations under, the settlement agreement.  The Court is unpersuaded by that argument for different reasons.

"When determining whether there is personal jurisdiction over a defendant, a federal court must apply the law of the state in which it sits, subject to constitutional limitations."  Reynolds v. International Amateur Athletic Federation, 23 F.3d 1110, 1115 (6th Cir.), cert. denied, 513 U.S. 962 (1994).  When determining whether it may properly exercise personal jurisdiction under Ohio law, a court "is obligated to (1) determine whether the state's 'long-arm' statute . . . confer[s] personal jurisdiction, and if so, (2) whether granting personal jurisdiction . . . would deprive the defendant of the right to due process pursuant to the Fourteenth Amendment to the United States Constitution."  Goldstein v. Christiansen, 70 Ohio St.3d 232, 235 (1994).  Ohio's long-arm statute, Ohio Revised Code ("O.R.C.") §2307.382 and Rule 4.3(A)(3) of the Ohio Rules of Civil Procedure, may not reach the limits of the Due Process Clause.  Id. at 238 n.1.  Accordingly, the Court ordinarily first

determines whether its exercise of jurisdiction over a defendant with respect to the plaintiff's claims comports with Ohio's long-arm statute and, if so, the Court then examines its exercise of jurisdiction in light of the Due Process Clause.

In this case, Plaintiffs have not addressed the requirements of Ohio's long-arm statute in the context of their argument that the Court may properly exercise jurisdiction over SII. They argue, albeit indirectly, that this Court's exercise of jurisdiction over SII would comport with the requirements of due process.

The United States Court of Appeals for the Sixth Circuit has enunciated a three-part test to determine whether a court's exercise of jurisdiction over a party comports with the Due Process Clause of the Fourteenth Amendment. See Southern Machine Co. v. Mohasco Industries, Inc., 401 F.2d 374 (1968). See also Theunissen v. Matthews, 935 F.2d 1454, 1460 (6th Cir. 1991). That test requires that each of the following elements be satisfied with respect to a court's exercise of jurisdiction over a party:

> (1)   that the party must purposefully have availed himself of the privilege of acting or causing consequences in the forum state;
>
> (2)   that the cause of action must arise from the party's activities there; and
>
> (3)   that the acts of the party or the consequences of those acts must have sufficient connection with the forum state to make the exercise of jurisdiction over the party reasonable.

See Southern Machine, 401 F.2d at 381.  See also LAK, Inc. v. Deer Creek Enterprises, 885 F.2d 1293, 1300 (6th Cir. 1989), cert. denied, 494 U.S. 1056 (1990).

"Th[e] 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)(quoting Keeton v. Hustler Magazine, 465 U.S. 770, 774 (1984) and World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 299 (1980)).  The key to this inquiry is whether the defendant has reached out beyond the borders of his state to create an ongoing relationship with a citizen of the forum state.  See Burger King, 471 U.S. at 473.  A contract with a citizen of the forum state, standing alone, will not suffice to confer personal jurisdiction over a foreign defendant.  Burger King, 471 U.S. at 478.  Rather, "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing . . . must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum."  Id. at 479.

In this case, SII entered into a contract with a number of Ohio residents.  Its actions cannot satisfy the "purposeful availment" requirement, however.  SII did not initiate the contacts.  Rather, the plaintiffs in the lawsuits that resulted in the settlement agreement initiated any contact SII has had or will have with this forum.  Plaintiffs have not asserted that SII

acted with the purpose of establishing minimum contacts with Ohio.  The apparent purpose of any contacts SII has had or will have with this forum is the resolution of lawsuits with a potential impact upon its property.  SII did not initiate those lawsuits.  The purpose underlying its contacts with this forum is materially different from the purpose to generate income or business through a contractual relationship, as was at issue in Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc., 53 Ohio St.3d 73, 75-76 (1990), cert. denied, 499 U.S. 975 (1991), in which the court concluded that the "purposeful availment" requirement was satisfied.  See also  Cole v. Mileti, 133 F.3d 433 (6th Cir.), cert. denied, 525 U.S. 810 (1998).

     The Court concludes, on that basis, that Plaintiffs have not identified a basis upon which this Court may properly exercise jurisdiction over SII in conformity with the requirements of due process.  Accordingly, the Court is persuaded that Plaintiffs' proposed claim against SII would not survive a motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction.  Under those circumstances, the amendment would be futile, and Plaintiffs' motion for leave to amend is not well-taken.  See Foman v. Davis, 371 U.S. 178, 182 (1962); Thiokol

Corp. v. Department of the Treasury, 987 F.2d 376, 382 (6th Cir. 1993). That motion (Doc. 105) is, therefore, **DENIED**.

    **IT IS SO ORDERED.**

                                     /s/
                        Sandra S. Beckwith, Chief Judge
                        United States District Court