

2550 M Street, NW
Washington, DC 20037-1350
202-457-6000

Facsimile 202-457-6315
www.pattonboggs.com

November 30, 2005

Richard J. Oparil
(202) 457-6496
roparil@pattonboggs.com

*By Electronic Filing*

Hon. Sandra S. Beckwith
U.S. District Judge
U.S. District Court for the Southern District of Ohio
Potter Stewart U.S. Courthouse, Room 810
100 East Fifth Street
Cincinnati, OH 45202

Re:    *Finch, et al. v. Fiorini, et al.*, Case No. 1:02-cv-00132-SSB-TSH

Dear Judge Beckwith:

The undersigned represents defendant Sanitec, Ltd. in this action (as well as non-party Sanitec Industries, Inc.).    During the course of this action, non-parties have made allegations regarding the true ownership of defendant Sanitec, Ltd. and the authority of Patton Boggs LLP and McDonald Hopkins Co., LPA to represent Sanitec, Ltd. (*See, e.g.*, Docket Nos. 80, 95, 97, 103 and Affidavit of Jeffrey J. Weinsten filed Nov. 15, 2004). The purpose of this letter is to inform the Court regarding events subsequent to the November 29, 2004 stipulation of voluntary dismissal.

It was undisputed that Windsor Holdings, LLC ("Windsor") owned 51% of Sanitec Worldwide, Ltd., which in turn owned all of the shares of Sanitec, Ltd. Thus, whoever owned and controlled Windsor indirectly owned and controlled Sanitec, Ltd. Patton Boggs and McDonald Hopkins were taking their direction from James Harkess ("Harkess"), who asserted that he owned Windsor. (Docket No. 99). Jeffrey Weinsten ("Weinsten"), a convicted felon, and James Smith ("Smith"), asserted that they, as trustees of a purported Windsor Trust, owned Windsor. Taking direction from Weinsten, *et al.*, Goodman Weiss Miller LLP attended two status conferences asserting that it represented Sanitec, Ltd. but never entered a formal appearance in this case.

On January 16, 2004, the Court issued an Order to Show Cause why Sanitec, Ltd.'s motion to dismiss the second amended complaint filed by Patton Boggs and McDonald Hopkins should not be stricken. (Docket No. 96). On April 5, 2004, the Court entered an Order staying all



Hon. Sandra S. Beckwith
November 30, 2005
Page 2

proceedings in this case with respect to Sanitec, Ltd. until such time as issues related to its representation were resolved, either independently or by virtue of a decision "by a court with jurisdiction to consider" the true ownership of Windsor. (Docket No. 104).

On November 29, 2004, the plaintiffs and the remaining defendants, Guardian Investments LLC, and Stephen R Ventre, filed a stipulation of voluntary dismissal without prejudice. The stipulation provided that its purpose was to

> hold this action in abeyance until the outcome of certain litigation in California state courts concerning ownership and control of Sanitec, Ltd., a defendant in this cause: the outcome of which litigation will affect the viability of a settlement offer which has been made by persons who claim ownership and control of Sanitec, Ltd.

(Docket No. 118). The alleged settlement offer to plaintiffs had been made by Smith and Weinsten based on their claim of ownership of Sanitec, Ltd. (Docket No. 86 at 6-7).

Mr. Harkess filed an action in the Superior Court of Los Angeles County, California, captioned *Harkess v. Quinn, et al.*, No. 311681, seeking a declaration that he owned and controlled Windsor, and thus Worldwide and Sanitec, Ltd. On October 18, 2005, that Court entered final judgment declaring that Mr. Harkess – and not Messrs. Weinsten, Smith, Quinn, or the purported Windsor Trust – owns and controls Windsor. The Court also enjoined Weinsten, Smith, Quinn, and persons acting in concert with them from representing or claiming that they have any ownership interest in Windsor or its assets, specifically Worldwide and Sanitec, Ltd. (Copies of the Superior Court's notice of entry of final judgment, judgment, statement of decision, and are attached as Ex. 1). Moreover, as a result of a settlement agreement (Ex. 2), the judgment is truly final and will not be the subject of any appeal.

Thus, the dispute about who owns Sanitec, Ltd. is over. Patton Boggs and McDonald Hopkins have the authority to act as counsel in this action, which is confirmed by a written consent of Sanitec, Ltd.'s Board of Directors. (Ex. 3).

Because this case has been dismissed, there is no action that the Court needs to take based on this information. However, because of the Court's stay order and the allegations of misrepresentation surrounding the ownership of Sanitec, Ltd. by Mr. Harkess and its



Hon. Sandra S. Beckwith
November 30, 2005
Page 3

representation by Patton Boggs and McDonald Hopkins, Sanitec, Ltd. thought it prudent to inform the Court of the subsequent events.

Thank you for your attention.

Very truly yours,

Richard J. Oparil

RJO:apr

Enclosures
cc:      Counsel of record (by electronic filing)
         William B. Singer, Esq. (*by Federal Express*)

#3904387